*10 -1990*
*(3832859)*

PROPERTY OF ARKANSAS SUPREME COURT/COURT OF APPEALS

# CR 94 00030

RAY DANSBY                                    Appellant(s)

v. Union Circuit
   HON. BOB SHEPHERD JUDGE
   CR92-360

STATE OF ARKANSAS                             Appellee(s)

006 Volume(s)

Transcript Filed
12th day of January, 1994
Leslie W. Steen, Clerk
By Greta Houston

Volume ___1___

01/12/1995

CASE FILED - 01/11/1994

CASE NUMBER - CR  94 00030

PRIMARY LITIGANT NOT ON FILE


01/11/1994 Lower Court Information
           Lower Court - 701131    Union Circuit
           Case Number - CR92-360
           Judge Name - BOB SHEPHERD

        Print Case Card

        Transcript Filed
           Nbr of Volumes    - 006
           Exhibits Filed    - N

        Criminal Notice of Transcript Filed

02/10/1994 Motion for Extension to File Brief
           RAY DANSBY - Primary Appellant
           JANET LAWRENCE THORNTON
           Action Date       - 02/11/1994
           Action            - Granted
           Extension Date    - 04/21/1994

04/18/1994 Motion for Extension to File Brief
           RAY DANSBY - Primary Appellant
           JANET LAWRENCE THORNTON
           Action Date       - 04/18/1994
           Action            - Granted
           Extension Date    - 05/21/1994

05/20/1994 Motion for Extension to File Brief
           RAY DANSBY - Primary Appellant
           JANET LAWRENCE THORNTON
           Action Date       - 05/24/1994
           Action            - Granted
           Extension Date    - 06/04/1994

        Supplemental Record Filed
           One page supplemented. Placed in Record.  Order
           from trial court in file.
           Exhibits Filed   - N

05/25/1994 Supplemental Record Filed
           One volume transcript supplemented by order of
           lower court.
           Nbr of Volumes    - 001
           Exhibits Filed    - N

06/06/1994 Appellant's Brief Tendered
           RAY DANSBY - Primary Appellant
           JANET LAWRENCE THORNTON

CASE NUMBER -  CR    94 00030                    CASE FILED - 01/11/1994

. .IMARY LITIGANT NOT ON FILE


            Enlarged.

06/14/1994 Motion to File Enlarged Brief
            RAY DANSBY - Primary Appellant
            JANET LAWRENCE THORNTON
            Submit Date      - 06/27/1994
            Action Date      - 07/05/1994
            Action           - Granted

06/17/1994 Motion to Supplement the Record
            RAY DANSBY - Primary Appellant
            JANET LAWRENCE THORNTON
                (Attorney will bring supplemental record
                (exhibits) by July 15, 1994)
            Submit Date      - 06/27/1994
            Action Date      - 07/05/1994
            Action           - Granted

07/05/1994 Appellant's Brief (Typed) Filed
            RAY DANSBY - Primary Appellant
            JANET LAWRENCE THORNTON

            Letter Orders - Supreme Court

07/06/1994 Transcript Checkout by Atty. of Record
            STATE OF ARKANSAS - Primary Appellee
            MR. J. WINSTON BRYANT
                7 vols.
            Submit Date      - 06/27/1994
            Action Date      - 07/05/1994
            Action           - Granted

07/19/1994 Appellant's Brief (Printed) Filed
            RAY DANSBY - Primary Appellant
            JANET LAWRENCE THORNTON

07/22/1994 Motion for Extension to File Brief
            STATE OF ARKANSAS - Primary Appellee
            MR. J. WINSTON BRYANT
            Action Date      - 07/22/1994
            Action           - Granted
            Extension Date   - 10/08/1994

10/06/1994 Motion for Extension to File Brief
            STATE OF ARKANSAS - Primary Appellee
            MR. J. WINSTON BRYANT
            Action Date      - 10/07/1994

Case 1:03-cv-01146-RTD Document 15 Filed 01/23/04 Page 4 of 209 PageID #: 2192

CASE NUMBER -  CR   94 00030                        CASE FILED - 01/11/1994

PRIMARY LITIGANT NOT ON FILE


               Action          - Granted
               Extension Date  - 11/07/1994

11/07/1994 Appellant's Brief Tendered
               RAY DANSBY - Primary Appellant
               JANET LAWRENCE THORNTON
                  Typed, Enlarged.

           Motion to File Enlarged Brief
               STATE OF ARKANSAS - Primary Appellee
               MR. J. WINSTON BRYANT
               Submit Date      - 11/28/1994
               Action Date      - 12/05/1994
               Action           - Granted

12/05/1994 Appellant's Brief (Typed) Filed
               RAY DANSBY - Primary Appellant
               JANET LAWRENCE THORNTON

           Letter Orders - Supreme Court

12/12/1994 Appellee's Brief Filed
               STATE OF ARKANSAS - Primary Appellee
               MR. J. WINSTON BRYANT


**** END OF DOCKET LISTING ****

VOLUME # I

I N D E X

|                                                                                                                          | PAGE |
|--------------------------------------------------------------------------------------------------------------------------|------|
| CAPTION                                                                                                                   | 1    |
| INFORMATION                                                                                                               | 2-4  |
| PROBABLE CAUSE AFFIDAVIT                                                                                                  | 5-7  |
| FINDING OF PROBABLE CAUSE FOR DETENTION                                                                                  | 8    |
| FIRST APPEARANCE                                                                                                          | 9    |
| PETITION FOR APPOINTMENT OF COUNSEL FOR INDIGENT                                                                         | 10   |
| RELEASE DECISION                                                                                                          | 11   |
| MOTION FOR PSYCHIATRIC EXAMINATION                                                                                       | 12-13 |
| MARCH TRIAL CALENDAR                                                                                                      | 14   |
| MOTION FOR DESCOVERY                                                                                                      | 15-17 |
| ORDER FOR DISCOVERY                                                                                                       | 18   |
| ORDER FOR COMMITMENT FOR EXAMINATION                                                                                     | 19-20 |
| ORDER SETTING TRIAL, OMNIBUS HEARING, PRE-TRIAL CONFERENCE AND PRE-TRIAL ORDER                                           | 21-22 |
| LETTER FORM PROSECUTING ATTORNEY TO PUBLIC DEFENDER                                                                      | 23   |
| MOTION FOR CONTINUANCE                                                                                                    | 24-25 |
| MOTION TO COMPEL DISCLOSURE OF AGGRAVATION FACTORS AND INFORMATION RELATING TO MITIGATING FACTORS                        | 26-27 |
| MOTION FOR DEFENDANT TO APPEAR AT ALL COURT APPEARANCES IN CIVILIAN CLOTHING AND WITHOUT RESTRAINT                       | 28-29 |
| MOTION TO ASSURE CROSS SECTION OF COMMUNITY FOR JURY                                                                     | 30-31 |
| MOTION TO PROHIBIT EMOTION, DISPLAYS OF APPROVAL OR DISAPPROVAL AND OTHER PREJUDICAIL BEHAVIOR IN THE COURTROOM          | 32-34 |
| MOTION FOR ADDITIONAL TIME TO FILE DEFENSE MOTIONS                                                                       | 35-36 |
| MOTION FOR FULL RECORDATION                                                                                               | 37-38 |
| MOTION TO PREVENT "VICTIM IMPACT" EVIDENCE OR IN THE ALTERNATIVE, FOR DISCOVERY OF "VICTIM IMPACT" EVIDENCE              | 39-41 |
| MOTION FOR DISCOVERY OF PSYCHIATRIC REPORTS                                                                              | 42-43 |
| MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY                                                                       | 44-45 |
| MOTION TO FUNDS FOR EXPERT WITNESSES                                                                                     | 46-47 |
| MOTION TO PROHIBIT SUBMISSION TO THE JURY THE AGGRAVATING CIRCUMSTANCES CONTAINED IN ARK. CODE ANN. S 5-4-604 (3) AND (4) (1987) AT THE PENALTY PHASE OF THE TRAIL | 48-50 |

I N D E X  # 2

PAGE

MOTION TO PROHIBIT THE STATE FROM SEEKING THE
DEATH PENALTY ON THE GROUNDS THAT HISTORICALLY
THE DEATH SENTENCE HAS BEEN ARBITRARILY AND
CAPRICIOUSLY IMPOSED IN A RACIALLY DISCRIMINATORY
MANNER, IN VIOLATION OF THE EIGHT AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION          51-52

MOTION TO HOLD THE SENTENCING PROVISIONS OF THE
DEATH PENALTY STATUTE, ARK. CODE ANN. S 5-4-603
(1987) UNCONSTITUTIONAL                               53-56

MOTION TO QUASH IMFORMATION ON GROUND THAT DEATH
PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT
VIOLATIVE OF THE EIGHTH AMENDMENT TO THE
CONSTITUTION OF THE UNITED STATES                    57-59

MOTION TO ALLOW DEFENDANT TO VIEW THE SCENE OF THE
CRIME WITH HIS ATTORNEYS                             60-61

MOTION TO REQUIRE INVESTIGATIVE OFFICERS TO RETAIN
ROUGH NOTES                                          62-63

MOTION FOR DISCOVERY, INSPECTION, EXAMINATION, AND
TESTING OF PHYSICAL EVIDENCE                         64-66

MOTION IN LIMINE                                     67-69

MOTION TO HOLD THE PROVISIONS OF THE DEATH PENALTY
STATUTE, ARK. CODE ANN. S 5-4-406, ET SEQ., UNCON-
STITUTIONAL                                          70-72

MOTION TO OMIT FROM SUBMISSION TO THE JURY ANY
AGGRAVATING CIRCUMSTANCE COMPLETELY UNSUPPORTED
BY THE EVIDENCE                                      73-74

MOTION TO QUASH IMFORMATION ON THE GROUND THAT ARK.
CODE ANN. S 5-10-101 (a) (4) (SUPP. 1989), THE
CAPITAL MURDER STATUTE, IS UNCONSTITUTIONAL DUE
TO ITS OVERLAP WITH ARK. CODE ANN. S 5-10-102 (a)
(2) (SUPP. 1989), THE FIRST DECREE MURDER STATUTE   75-78

MOTION FOR DISCLOSURE OF IMPEACHING IMFORMATION     79-80

MOTION TO ALLOW INDIVIDUAL SEQUESTERED VOIR DIRE    81-82

MOTION TO QUASH IMFORMATION ON THE GROUND THAT THE
STATUTORY AGGRAVATING CIRCUMSTANCES ARE VAGUE
AND OVERBROAD AND HAVE NOT BEEN NARROWLY CONSTRUED
BY THE APPELLATE COURT                              83-86

MOTION TO PRECLUDE THE PROSECUTION FROM USING ITS
PEREMPTORY CHALLENGES TO EXCLUDE BLACK PERSONS
AND OTHER GROUPS                                    87-90

MOTION TO HOLD THE PROVISION OF THE DEATH PENALTY
STATUTE, ARK. CODE ANN. S 5-10-101 (SUPP. 1989)
UNCONSTITUTIONAL                                    91-95

I N D E X  # 3

|  | PAGE |
|---|---|
| MOTION FOR DICOVERY | 96-101 |
| MOTION TO ALLOW OPENING STATEMENT AT PENALTY PHASE | 102-103 |
| MOTION TO DISCLOSE THE PAST AND PRESENT RELATIONSHIPS, ASSOCIATIONS AND TIES BETWEEN THE PROSECUTING ATTORNEY AND PROSPECTIVE JURORS | 104-105 |
| MOTION TO HOLD THE SENTENCING PROVISIONS OF THE DEATH PENALTY STATUTE, ARK. CODE ANN, S 5-4-603 (1987) UNCONSTITUTIONAL | 106-109 |
| RESPONSE TO MOTION FOR DEFENDANT TO APPEAR AT ALL COURT APPEARANCES IN CIVILIAN CLOTHING AND WITH-OUT RESTRAINT | 110-111 |
| RESPONSE TO MOTION TO PREVENT "VICTIM IMPACT" EVIDENCE OR, IN THE ALTERNATIVE, FOR DISCOVERY OF "VICTIM IMPACT" EVIDENCE | 112-113 |
| RESPONSE TO MOTION FOR ADDITIONAL TIME TO FILE DEFENSE MOTIONS | 114-115 |
| RESPONSE TO MOTION TO COMPEL DISCLOSURE OF AGGRAVATING FACTORS AND INFORMATION RELATING TO MITIGATING FACTORS | 116-117 |
| RESPONSE TO THE MOTION FOR DISCOVERY FOR PSYCHIATRIC REPORTS | 118-119 |
| RESPONSE TO MOTION FOR FULL RECORDATION | 120 |
| RESPONSE TO MOTION FOR CONTINUANCE | 121-123 |
| RESPONSE TO MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY | 124-125 |
| RESPONSE TO MOTION TO REQURE INVESTIGATIVE OFFICERS TO RETAIN ROUGH NOTES | 126-127 |
| RESPONSE TO MOTION TO ALLOW OPENING STATEMENT AT PENALTY PHASE | 128 |
| RESPONSE TO MOTION TO OMIT FROM SUBMISSION TO THE JURY ANY AGGRAVATING CIRCUMSTANCE COMPLETELY UNSUPPORTED BY THE EVIDENCE | 129-130 |
| RESPONSE TO MOTION TO PROHIBIT THE STATE FROM SEEKING THE DEATH PENALTY ON THE GROUNDS THAT HISTORICALLY THE DEATH SENTENCE HAS BEEN ARBITRATILY RACHIALLY DISCRIMINATORY MANNER FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION | 131-133 |
| RESPONSE TO MOTION TO ASSURE CROSS SECTION OF COMMUNITY FOR JURY | 134-135 |

I N D E X # 4

PAGE

RESPONSE TO MOTION TO PROHIBIT SUBMISSION
   TO THE JURY THE AGGRAVATING CIRCUMSTANCES
   CONTAINES IN A.C. A. S 5-4-604 (3) & (4)
   (1987) AT THE PENALTY PHASE OF THE TRIAL      136-137

RESPONSE TO MOTION TO PRECLUDE THE PROSECUTION
   FROM USING ITS PEREMPTORY CHALLENGES TO
   EXCLUDE BLACKPERSONS AND OTHER GROUPS         138-139

RESPONSE TO MOTION TO HOLD THE SENTENCING
   OF THE DEATH PENALTY STATUTE, A.C. A.
   S 5-4-603 (1987), UNCONSTITUTIONAL            140-142

RESPONSE TO MOTION TO ALLOW DEFENDANT TO VIEW
   THE SCENE OF THE CRIME WITH HIS ATTORNEYS     143-144

RESPONSE TO MOTION TO QUASH INFORMATION ON
   GROUND THAT DEATH PENALTY IS A CRUEL AND
   UNUSUAL PUNISHMENT, VIOLATIVE OF THE EIGHTH
   AMENDMENT TO THE CONSTITUTION OF THE UNITED
   STATES                                        145-147

RESPONSE TO MOTION FOR FUNDS FOR EXPERT
   WITNESSES                                     148-150

RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT
   EMOTION, DISPLAYS OF APPROVAL OR DISAPPROVAL
   OTHER PREJUDICIAL BEHAVIOR IN THE COURTHOUSE  151-152

RESPONSE TO MOTION FOR DISCLOSURE FOR IMPEACH-
   ING INFORMATION                              153-154

RESPONSE TO MOTION TO DISCLOSE THE PAST AND
   PRESENT RELATIONSHIPS, ASSOCIATIONS AND
   TIES BETWEEN THE PROSECUTING ATTORNEY AND
   PROSECUTING ATTORNEY AND PROSPECTIVE JURORS   155-156

RESPONSE TO DEFENDANT'S SECOND MOTION FOR
   DISCOVERY                                     157-158

RESPONSE TO THE MOTION TO QUASH IMFORMATION
   ON THE GORUND THAT A. C. A. S 5-10-101
   (A) (4) (SUPP. 1989), STATUTE, IS UNCONSTITUT-
   IONAL  DUE TO ITS OVERLAP WITH A. C. A. S -
   102 (A) (2) (SUPP. 1989), THE FIRST DEGREE
   MURDER STATUTE                                159-160

RESPONSE TO MOTIONTO ALLOW INDIVIDUAL SEQUEST-
   ERED BOIR DIRE                                161

RESPONSE TO MOTION IN LIMINE                     162-163

RESPONSE TO MOTION FOR DISCOVERY, INSPECTION,
   EXAMINATION, AND TESTIMG OF PHYSICAL
   EVIDENCE                                      164-165

I N D E X # 5

PAGE

RESPONSE TO MOTION TO QUASH INFORMATION ON THE
GROUND THAT THE STATUTORY AGGRAVATING
CIRCUMSTANCES ARE VAGUE AND OVERBROAD AND HAVE
NOT BEEN NARROWLY CONSTRUED BY THE APPELLATE
COURT                                              166-168

RESPONSE TO MOTION TO HOLD THE SENTENCING
PROVISIONS OF THE DEATH PENALTY STATUTE
A. C. A. S 5-4-603 (1987) UNCONSTITUTIONAL         169-170

RESPONSE TO MOTION TO HOLD PROVISIONS OF THE DEATH
PENALTY STSTUTE, A. C. A., S 5-4-604, ET. SEQ.,
UNCONSTITUTIONAL                                   171-172

RESPONSE TO MOTION TO HOLD THE PROVISIONS OF THE
DEATH PENALTY STATUTE, A. C. C. S  5-10-101
(SUPP. 1989) UNCONSTITUTIONAL                      173-176

AMENDED INFORMATION                                177-78

MAY TRIAL CALENDAR                                 179

ORDER TO INVESTIGATE THE CRIME SCENE               180

MOTION IN LIMINE AND MOTION TO SUPPRESS ALLEDGED
CONFESSION OF THE DEFENDANT                         181-182

BRIEF IN SUPPORT OF MOTION                         183-185

LETTER FROM JUDGE SHEPHERD TO COUNSEL              186

ORDER RETURNED SERVED                              187-188

MOTION FOR IN-CAMERA DETERMINATION OF COMPETENCE
OF WITNESS                                          189-190

RESPONSE TO MOTION IN LIMINE AND MOTION TO SUPPRESS
ALLEGED CONFESSION OF THE DEFENDANT                191-192

AMENDED MOTION FOR CONTINUANCE                     193-196

ORDER TO RELEASE ALL RECORDS REGARDING  MR. DANSBY
TO COUNSEL                                          197

ORDER FOR RELEASE OF CRIME LAB RECORDS             198

ORDER FOR ACCESS TO ALL RECORDS PERTAINING TO
JUSTIN DANSBY                                       199

ORDER FOR ACCESS TO ALL RECORDS PERTAINING TO
BRENDA DANSBY                                       200

ORDER FOR ACCESS TO ALL MEDICAL RECORDS PERTAINING
TO BRENDA DANSBY                                   201

ORDER TO RELEASE  ALL FILES RELATING TO LARRY MCDUFFIE  202

MOTION TO PROBIDE THE DEFENSE WITH BARIOUS DISCOVERY
MATERIAL                                            203-204

I N D E X  # 6

|  | PAGE |
|---|---|
| MOTION TO COMPEL COMPLIANCE WITH COURT ORDER | 205-208 |
| ORDER TO CONTINUE TRIAL UNTIL JUNE 9., 1993 | 209 |
| BRIEG IN SUPPORT OF MOTION | 210-212 |
| ORDER TO DETERMAIN  RELEVANCY OR LARRY MCDUFFIE | 213-214 |
| LETTER FROM JUDGE SHEPHERD TO COUNSEL | 215 |
| RESPONSE TO MOTION | 216-222 |
| ORDER FOR FUNDS FOR EXPERT WITNESS | 223 |
| MAY TRIAL CALENDAR | 224 |
| LETTER FROM JUDGE SHEPHERD TO COUNSEL | 225 |
| LETTER FROM DEPUTY PROSECUTING ATTORNEY TO COUNSEL | 226 |
| SECOND MOTION TO COMPEL AND MOTION TO HOLD IN CONTEMPT THE STATE AND OFFICERS OF THE EL DORADO POLICE DEPARTMENT | 227-229 |
| ORDER FOR RAY DANSBY TO RELEASE TELEPHONE RECORDS | 230 |
| ORDER FOR RAY DANSBY TO RELEASE TELEPHONE RECORDS | 231 |
| MOTION FOR PRODUCTION OF PHSYCHOLOGIST'S REPORT | 232-233 |
| ORDER FOR RAY DANSBY TO RELEASE TELEPHONE RECORDS REGARDING MARI DANSBY | 234 |
| RESPONSE TO SECOND MOTION TO COMPEL AND MOTION TO TO HOLD IN CONTEMPT THE STATE AND OFFICERS OF THE EL DORADO POLICE DEPARTMENT | 235-244 |
| AFFIDAVIT OF SERVICE OF PROCESS | 245-246 |
| ORDER FOR SEARCH OF POLICE RECORDS | 247-249 |
| MOTION FOR DISCOVERY | 250-251 |
| MOTION FOR DISCOVERY | 252-253 |
| ORDER FOR DISCOVERY | 254 |
| AFFIDAVIT OF SERVICE OF PROCESS | 255-256 |
| AFFIDAVIT OF SERVICE OF PROCESS | 257-258 |
| RESPONSE TO THIRD MOTION FOR DISCOVERY | 259-260 |
| MOTION FOR THE PSYCHOLOGICAL RECORD OF JUSTIN DANSBY | 261-268 |
| ORDER TO DELIVER THE CUSTODY OF JEFFREY TALLEY TO THE SHERIFF | 269 |
| RESPONSE TO THE MOTION FOR THE PSYCHOLOGICAL RECORDS FOR JUSTINE DANSBY | 270-271 |

# I N D E X  # 7

|  | PAGE |
|---|---|
| ORDER PERTAINING TO PRE-TRIAL EVIDENTIARY ISSUES | 272 |
| ORDER TO DICUSS "DR. MORGOLIS' FINDINGS" | 273-274 |
| MOTION IN LIMINE | 275-276 |
| ORDER | 277 |
| AFFIDAVIT OF SERVICE OF PROCESS | 278-279 |
| AFFIDAVIT OF SERVICE OF PROCESS | 280-281 |
| AFFIDAVIT OF SERVICE OF PROCESS | 282-823 |
| AFFIDAVIT OF SERVICE OF PROCESS | 284-285 |
| MOTION IN LIMINE | 286-287 |
| BRIEF IN SUPPORT OF MOTION IN LIMINE | 288-291 |
| RESPONSE TO MOTION FOR IN-CAMERA DETERMINATION OF COMPETENCE OF WITNESS | 292-293 |
| RESPONSE TO MOTION LIMINE | 294-295 |
| MEMORANDUM BRIEF | 296-300 |
| AMENDED IMFORMATION | 301-302 |
| VERDICT FORM | 303-304 |
| AGGRAVATING CIRCUMSTANCE  FORM # 1 | 305-306 |
| MITIGATING CIRCUMSTANCES  FORM # 2 | 307-309 |
| CONCLUSIONS  FORM # 3 | 310-311 |
| VERDICT  FORM # 4 | 311-319 |
| PROSECUTOR'S REPORT | 320 |
| JUDGMENT AND COMMITMENT ORDER AND RETURN | 321-322 |
| NOTICE OF APPEAL AND DESIGNATION OF RECORD | 323-324 |
| PETITION TO OBTAIN RECORD AS A PAUPER | 325-326 |
| ORDER DECLARING RAY DANSBY INDIGENT REPORTER ORDERED TO PREPARE TRANSCRIPT | 327 |
| MOTION FOR EXTENSION OF TIME | 328-329 |
| AMENDED JUDGMENT AND COMMITMENT ORDER | 330 |
| ORDER GRANTING MOTION FOR EXTENSION OF TIME | 331 |
| JUDGMENT AND COMMITMENT ORDER RETURN | 332 |
| MOTION FOR STAY OF EXECUTION | 333-334 |
| ORDER AUTHORIZING PAYMENT OF EXPERT FEES AND EXPENSES | 335-338 |
| ORDER AUTHORIZING PAYMENT OF EXPERT FEES AND EXPENSES | 339-341 |

I N D E X  # 8

|  | PAGE |
|---|---|
| LAW OR CHANCERY MANDATE | 342-343 |
| COURT REPORTER'S CAPTION | 344 |
| COURT REPORTER'S INDEX | 345-358 |
| COURT REPORTER'S TRANSCRIPT OF EVIDENCE | 359-1184 |
| COURT REPORTER'S CERTIFICATE | 1185 |
| CLERK'S FEE BILL AND CERTIFICATE | 1186 |
| CLERK'S CERTIFICATE | 1187 |

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS
FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                        NO. CR-92-360-1

RAY DANSBY                                           DEFENDANT

T R A N S C R I P T

PLEAS HAD BEFORE THE HONORABLE
BOB SHEPPARD, JUDGE OF THE
UNION COUNTY CIRCUIT COURT
FIRST DIVISION, IN THE
THIRTEENTH JUDICIAL
CIRCUIT OF THE
STATE OF
ARKANSAS
ON THE
9TH, DAY
OF JUNE,
1992.
A.D.

# I N F O R M A T I O N

## IN THE UNION COUNTY CIRCUIT COURT

### NO. CR-92-360-1

THE STATE OF ARKANSAS                 INFORMATION FOR

VS                                    CAPITAL MURDER
                                      (2 COUNTS)

RAY DANSBY
DOB - 02/02/60 (B/M)
DOA - 08/24/92

I, Tom Wynne, Prosecuting Attorney within and for the Thirteenth

Judicial Circuit of the State of Arkansas, of which Union County

is a part, in the name and by the authority of the State of

Arkansas, on oath, accuse the defendant, **RAY DANSBY** of the crime

of **CAPITAL MURDER (2 COUNTS)** committed as follows, to wit:  The

said defendant on the **24TH DAY OF AUGUST, 1992** in Union County,

Arkansas, did unlawfully, feloniously,

### COUNT ONE

Commit the offense of **CAPITAL MURDER** by having the premeditated
and deliberated purpose of causing the death of another person, he
causes the death of any person;
**TO WIT:**  On Monday August 24, 1992 at approximately 8:28 A.M. the
defendant went to Brenda Dansby's residence located at 1402 North
Roselawn armed with a .32 caliber handgun, overpowered Ms. Dansby
knocking her to the ground in her front yard, and shot her several
times at close range, resulting in her death.
5-10-101 Class Y Felony

### COUNT TWO /

Commit the offense of **CAPITAL MURDER** by having the premeditated
and deliberated purpose of causing the death of another person, he
causes the death of any person;
**TO WIT:**  On Monday August 24, 1992 at approximately 8:28 A.M. the
defendant went to the residence of his ex-wife located at 1402
North Roselawn and after killing her, shot Ronny Kimble once as
Kimble stood at or near the front door of the residence and then
followed him through the house into a back bedroom where he shot
Kimble several more times, resulting in Kimble's death.
5-10-101 Class Y Felony

against the peace and dignity of the State of Arkansas.

CHERYL COCHRAN CLERK

'9_ EP 4 AM 9 58

FILED FOR RECORD
BY D Conner DC

2

against the peace and dignity of the State of Arkansas.

                                  TOM WYNNE,
                                  Prosecuting Attorney


                                  By: Pat Jackson Compton
                                  Deputy Prosecuting Attorney
                                  Union County Courthouse
                                  El Dorado, AR 71730

Subscribed   and   sworn   to   before   me   this ____4____ day of
__September__, 1992.


                                  Cheryl Cochran
                                  Circuit Clerk


Admit to bond in the sum of $_____


                                  Pat Conner
                                  By:  Deputy Circuit Clerk

3

990-025 (4-91) ST-90-5011 General Business Forms, Inc. - Bentonville, AR 72712 501-273-2486    75518

## PRESS HARD, MAKE FOUR COPIES - OFFICER COMPLETES SHADED AREAS ONLY

### TYPE OR PRINT WITH BLACK BALL POINT PEN

| | |
|---|---|
| **FINAL DISPOSITION OF CHARGE REPORT** | **LAST NAME** DANSBY  **FIRST NAME** RAY  **MIDDLE I.**  **ARREST TRACKING NO.** 132092 |

**NO. 1 CHARGE AT ARREST**
MURDER 1ST DEGREE 5-10-102

**PLACE ALIASES ON BACK OF FINGERPRINT CARD** | **DATE OF BIRTH** 03 /03 /60 | **PLACE OF BIRTH (CITY, STATE)** NO JUNCTION CITY, AR

**FILED CHARGE** | **DOCKET NO.**

**ARRESTING AGENCY ORI NO.** AR0700100 | **SEX** M | **RACE** B | **HGT** 604 | **WGT** 225 | **EYES** Brn | **HAIR** Blk

**AMENDED CHARGE**

**DATE ARRESTED** 08 24 92 | **AGENCY CASE NO.** 19910 | **ARRESTING OFFICER** Stegall

**SID NO.** 550707 | **FBI NO.** 518497DA4 | **ARRESTING AGENCY** EL DORADO PD

| ☐ GUILTY | ☐ DISMISSED | ☐ NOT GUILTY | ☐ NOLLE PROS. | ☐ OTHER |
|---|---|---|---|---|

**EXPLAIN NOLLE OR OTHER**

**SENTENCING COURT**

| **FINE** | **SUSPENDED** | **COST** | **SUSPENDED** |
|---|---|---|---|

| **TIME** | **SUSPENDED** | **PROBATION** |
|---|---|---|

**FORM COMPLETED BY** | **DATE** / /

**DATE** / / | **INSTITUTION CONFINED**

Municipal Court complete white part of form upon final disposition of case in Municipal Court. Return to: Arkansas Crime Information Center;  No. 1 Capitol Mall; Little Rock, AR 72201. If case transferred to Circuit Court Forward form to Prosecuting Attorney.

4

## PROBABLE CAUSE AFFIDAVIT

Accused Party or Parties:  <u>RAY DANSBY</u>

The undersigned affiant gives the statement of facts recited herein as being true to the best of his or her knowledge and belief and submits such statement of facts in support of probable cause for detention to be considered by the judicial officer conducting the pre-trial release inquiry.

<u>*On Monday, August 24, 1992, at approximately 8:28AM, officers of the El Dorado Police Department were dispatched to 1402 North Roselawn regarding a reported disturbance involving weapons. It was also reported that shots had been fired and someone had been injured. Upon his arrival, Officer WEAVER, first officer on the scene, found a black female, identified as BRENDA DANSBY, age 34, of that address, laying on the ground next to the front porch, dead from apparent gunshot wound(s). In further checking the residence, Officer WEAVER and other officers who had arrived, found a male subject, later identified as RONNIE KIMBLE, age 34, of Shreveport, Louisiana, inside the residence, in a back bedroom, suffering from multiple gunshot wounds. KIMBLE, who was able to tell police that he had been shot by RAY DANSBY (BRENDA DANSBY'S ex-husband) was transported by ambulance to UNION MEDICAL CENTER and later transferred by helicopter to LSU MEDICAL CENTER in Shreveport, Louisiana where he remains in critical condition as a result of his injuries. *While enroute to 1402 North Roselawn, officers were advised by dispatch that RAY DANSBY was the suspect in the shootings of BRENDA DANSBY and KIMBLE and had been seen running from the residence. A clothing and physical description of DANSBY was given and approximately fifteen minutes later (around 8:42AM), RAY DANSBY, after being</u>

9-4 _____ 1992

CHERYL COCHRAN, CLERK

P Conner _____ D.C.

spotted by Officer H. STEGALL, surrendered and was taken into custody. *During further investigation, investigators identified and interviewed witnesses to the shooting incident, including GREG RIGGINS of 1405 North Roselawn and CHESTER BANSKEY of 1331 North Roselawn. According to RIGGINS, he was awakened by the sound of a gunshot and upon looking out his front window, which faces 1402 North Roselawn, he saw RAY and BRENDA DANSBY (both of whom he is familiar with) struggling over a gun in BRENDA'S hand. RIGGINS said that DANSBY had BRENDA in a bear hug and was controlling the gun; that DANSBY overpowered BRENDA, knocked her to the ground next to the porch and shot BRENDA three (3) times at close range and then after hesitating a moment [DANSBY] preceded inside the residence, shooting once as he (DANSBY) entered. RIGGINS said that he heard at least two additional shots ring out after DANSBY went inside the house. RIGGINS said that at that point, he, having already phoned "911", went back to the phone and again called the police. *CHESTER BANSKEY stated that he was in his yard when he heard a gunshot coming from 1402 North Roselawn; that he looked that direction and saw two people on or near the front porch struggling. BANSKEY said that he heard another volley of gunshots ring out and then saw a man leave the residence (1402 North Roselawn), accompanied by a young boy (later identified as JUSTIN DANSBY, age 8, RAY and BRENDA DANSBY'S son). *In an interview, JUSTIN told police that his mother (BRENDA) had gone to the store for juice and eggs and upon returning, encountered his father (RAY DANSBY), who was on the front porch. JUSTIN said that RAY told BRENDA to get out of the car, that he wasn't going to do anything but then pulled a gun, shot RONNIE KIMBLE, who was standing in the living room near a couch, shot his mother and then came inside the house and chased RONNIE (who had gotten a gun) through the house, shot RONNIE again and kicked RONNIE in the ribs once RONNIE had fallen to the floor. JUSTIN said that RAY then instructed him to come with him and they both ran down the street a ways before RAY told him (JUSTIN) to go the opposite way and to tell his (JUSTIN'S) grandmother that BRENDA and RONNIE had been shot. *RAY DANSBY, once in custody and having been advised of his Rights, told police that he had gone to 1402 North Roselawn, armed with a .32 caliber handgun, to discuss a pending court case; that once he arrived at the residence, he was confronted at the front door of the residence by RONNIE KIMBLE, who was holding a handgun in his hand, down beside him; that BRENDA had stepped out into the yard and that after an exchange of words between the three (3) of them, he (DANSBY) pulled his gun and began shooting. DANSBY stated that after shooting BRENDA, he went inside the house and using the handgun he (DANSBY) took from BRENDA, he shot KIMBLE. *A crime scene investigation revealed only one (1) handgun (a COLT .380 automatic with one live round jammed in the cylinder), the handgun that KIMBLE

-2-

CASE NO. A-311-92       PROBABLE CAUSE   CON'T          RAY DANSBY

apparently had.    Blood  in the residence indicated that KIMBLE
was  shot  once  as  he  stood near the living room couch and was
then  shot  multiple  times  in  the back bedroom.  Following the
path  taken by DANSBY when he left the scene of the crime, police
recovered  a  second  handgun,  a INTERARMS .38 caliber revolver,
serial #AA109034,  with  five (5) expended rounds.  *RAY DANSBY,
having  had  a  lenghty history of abusing BRENDA DANSBY, was due
in  court  at  9:00AM  (8/24/92)  to answer to charges of Assault
(2nd  Degree)  and  Comtempt  of Court, stemming from an incident
that occurred on 8/3/92.

Date:    08-25-92          Lt. Michael G. Hill
                                    Affiant

Subscribed  and  sworn  to  before  me,  an  officer empowered to
administer oaths, this 25th day of August, 19 92 .

                                    Judicial Officer

-3-

## FINDING OF PROBABLE CAUSE FOR DETENTION

The undersigned Judicial Officer having conducted an informal, non-adversary hearing pursuant to Rule 8.3 (c) and Rule 2.1 of the Arkansas Rules of Criminal Procedure, finds that probable cause exists for the detention of _____

RAY DANSBY

pending further proceedings on the allegations by the State of Arkansas that such person or persons committed the criminal offense of ___ MURDER – 1ST DEGREE; CRIMINAL ATTEMPT MURDER – 1ST DEGREE. ___.

☑ Bail Bond is fixed in the amount of _$500,000. N_____.

_____
Judicial Officer

Date___ 8/25/92 _____

FILED
9 - 4 ___ 19 92
CHERYL COCHRAN, CLERK
BY ___ P Conner ___ D.C.

## IN THE MUNICIPAL COURT OF EL DORADO - UNION COUNTY, ARKANSAS

### FIRST APPEARANCE OF

RAY DANSBY
_____
(Name of Defendant)

A-311-92
_____
(Case No.)

"You are informed that you are charged with the following crimes:

| NAME OF CRIME | STATUTORY CITATION | PENALTY AND FINE |
|---|---|---|
| MURDER - 1ST DEGREE | 5-10-102 | NOT LESS THAN 10 NOR MORE THAN 40 YEARS, OR LIFE; FINE N/A; |
| CRIMINAL ATTEMPT MURDER - 1ST DEGREE | 5-10-102 | NOT LESS THAN 5 NOR MORE THAN 20 YEARS; NOT EXCEEDING $15,000.00. |

In addition, you are informed that you are not required to say anything and that anything you say can be used against you; you have the right to have an attorney and to have one appointed free of charge if you can not afford one; you have the right to communicate with your attorney, your family or your friends and reasonable means will be provided for you to do so."

The Judicial Officer read the above statement to me and I understand it.

X _____
Defendant

_____
Date   8/35/92

FILED
9-4   1992
CHERYL COCHRAN, CLERK

BY _____ D.C.

Form FA1/1.887/Rule 8.3
EL DO PRTG 18770

PD56

## IN THE MUNICIPAL COURT OF EL DORADO - UNION COUNTY, ARKANSAS

STATE OF ARKANSAS
VS.
RAY DANSEY                         No. A-311-92
_____                          **DEFENDANT**

OFFENSE: _____ MURDER - 1ST DEGREE; CRIMINAL ATTEMPT MURDER - 1ST (Felony) (MISXX

### PETITION FOR APPOINTMENT OF COUNSEL FOR INDIGENT

The above named Defendant, being first duly sworn states: I am the petitioner in the above entitled case. In support of my Petition for Appointment of Counsel for Indigent and understanding that a false statement or answer to any question will subject me to penalties for perjury, I state that because of my poverty I am unable to hire an attorney.

I further swear that the responses which I have made to questions and instructions below are true.

1. Are you presently employed? Yes_____ No ✓
   If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. If the answer is no, state the date of last employment and the amount of salary and wages per month which you received.
   *last worked  Jan '92  Harold Ives Trucking  Little Rock*

2. List each source of any money you have received within the past twelve months and amounts received from each source.
   *$3000 - 4,000.00*

3. Do you have any cash or any money in a checking or savings account? Yes_____ No ✓
   (a) If yes, list: _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or any other valuable property (other than ordinary household furnishings and clothing)? Yes_____ No ✓ . If yes, list and give approximate value. _____

5. Do you have any dependents that you support? Yes_____ No ✓ . If so, give their names, your relationship to them, and how much you contribute toward their support. _____
   *has child  does not  pay support*

I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury. I am unable to hire or make arrangements to hire an attorney and request that the Court appoint one to represent me. I will make every effort to pay said attorney from my own funds and property and to try to earn money to be paid toward the attorney's fee.

Signature of Petitioner: *Ray Dansey*
Address: *P.O. Box 401, Junction City, Ar.*
Phone Number: *924-4655*

The above named Defendant after being duly sworn under oath stated that he has read and signed the above Petition and that the information therein is true and correct.

~~Notary Public~~/Judicial Officer: *Dan Woods, Jr.*

My Commission expires: _____

### ORDER

✓ IT IS ORDERED that *Jack Durbar* is hereby appointed to represent Defendant.
_____ PETITION DENIED. Defendant is instructed to hire his own attorey. Defendant is advised that if he is unsuccessful in securing services of an attorney he is ordered to report to the Circuit Court Judge at the Union County Courthouse on _____ (date) _____ (time).

FILED  JUDICIAL OFFICER: *Dan Woods, Jr.*
9-4- 1992  DATE: *8/25/92*
CHERYL COCHRAN, CLERK

PD57   EL DORADO PRTG 16771 _____ Connor _____ D.C.                    Form FA2/1.887/Rule 8.2

IN THE MUNICIPAL COURT OF EL DORADO - UNION COUNTY, ARKANSAS

RAY DANSBY

Defendant

A-311-92

Case No.

## RELEASE DECISION

A pretrial release inquiry was conducted in accordance with Rule 8.5 and the Court has inquired about and taken into consideration the factors set forth in said Rule. In addition to the verbal inquiry the following was presented:

    X    Petition for Appointment of Counsel for Indigent
    X    NCIC or other criminal records reports
        Other information: _____

The Prosecuting Attorney or his Deputy made the following recommendations:

1. Advisability and appropriateness of pretrail release: ___ Yes ___ No

2. Amount and type of bail bond: _$150,000 o/s SM_

3. Conditions, if any, which should be imposed on Defendant's release: _____

The Judicial Officer finds and orders as follows:

_____ Defendant is released on his personal recognizance;

_____ The following conditions of release are found necessary: _____

and the Defendant is advised that if he does not comply with the conditions he may be arrested and brought before a Judicial Officer who may impose additional conditions of release or revoke his release.

___ It is determined that no other conditions will reasonably ensure the appearance of Defendant in Court and money bail should be set as follows:

_____ Execution of unsecured bond of $_____ signed by Defendant and _____

_____ Execution of unsecured bond of $_____ accompanied by a deposit of cash or securities equal to 10% of the face amount of the bond.

___ Execution of a bond of $_500,000._ secured by the deposit of the full amount in cash or by other property, _____ ; or by obligation of qualified sureties.

IT IS SO ORDERED, this _25th_ day of _August_, 19_92_

FILED _____, Judicial Officer

9-4 _19_92_

CHERYL COCHRAN, CLERK

BY _P Conner_ D.C.

Form FA3/1.887 Rule 8.5 and 9
EL DO PRTG 16772

PD58

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS
FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          NO. CR-92-360-1

RAY DANSBY                                           DEFENDANT

## MOTION FOR PSYCHIATRIC EXAMINATION

Defendant, Ray Dansby, for his Motion for Psychiatric Examination states:

1.  Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2.  That a psychiatric or psychological report should be filed with the Court.

3.  In the interest of the efficiency in the administration of justice and the avoidance of unnecessary pretrial delay, defendant should be committed for placement in a suitable facility for a period not to exceed 45 days, and that such psychiatric or psychological examination and report address the issue of whether or not the defendant was insane at the time of the offense charged.

4.  Any delay in commencing the trial of this case occasioned by the examination requested herein shall be excluded under the speedy trial statute.

Respectfully Submitted,

RAY DANSBY, Defendant

FILED

10-22      19 92

CHERYL COCHRAN, CLERK

U. Berry       D.C.

12

BY: _Jan Thornton_

Jan Thornton
Attorney at Law
101 West Main, Suite 503
El Dorado, Arkansas  71730


### CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for the Defendant, hereby certify that a copy of the foregoing has been served upon Pat Compton, Deputy Prosecuting Attorney and the Honorable Bob Shepherd, Circuit Judge, Union County Courthouse, El Dorado, Arkansas on this ___ day of October, 1992.

_Jan Thornton_

Jan Thornton

13

| | | |
|---|---|---|
| Richard D. Parker<br>92-327 | Att. Fraud & Drug<br>Paraphernalia | J. Thornton |
| Coy M. Fuller<br>92-329 | POCS(C), DWI 2nd | J. Barker |
| Larry Christopher<br>92-330 | Forgery 2nd | J. Barker |
| Kenneth W. Arnold<br>92-331 | Theft of Services | J. Thornton |
| Laticia Gatson<br>92-332 | Forgery 2nd | J. Barker |
| Danny R. Kirby<br>92-333 | False Imprisonment 1st | M. Landers |
| Elton Walker<br>92-335 | DOCS(C) | |
| Michael Freeman<br>92-336 | DOCS(C) 3cts | J. Barker |
| Donald D. Williams<br>92-338 | POCS(M) W/I | M. Landers |
| Ray Dansby<br>92-360 | Capital Murder (2cts) | J. Thornton |
| Frederick L. Davis<br>92-369 | Agg. Robbery 3cts, | J. Thornton |
| Chris Griffin<br>92-370 | POCS(C) W/I | J. Barker |
| Joe W. Moore<br>92-341 | Crim. use of Weapon<br>Theft by Rec, FIPOF | J. Barker |
| Jeffrey O'Guinn<br>92-427 | Sexual Abuse 1st | J. Thornton |
| *Jeff Talley<br>92-396 | POCS(Counterfeit),<br>Agg. Robbery (2cts)<br>FIPOF | J. Thornton |
| *Robert E. Henry<br>92-395 | POCS(Counterfeit)<br>Agg. Robbery (2cts) | J. Bennett |
| James Parker<br>92-90 (6 person jury) | P.I., Dis Cond (App) | D. Gillaspie |

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                              PLAINTIFF

VS.                        NO. CR-92-360-1

RAY DANSBY                                     DEFENDANT

### MOTION FOR DISCOVERY

The Defendant, Ray Dansby, moves the court to require the State to provide the following, in accordance with Arkansas Rules of Criminal Procedure 17.1, 17.3 and 17.4:

1.   The Defendant requests the following material and information that is or may come within the possession, control or knowledge of the prosecuting attorney:

(a)  The names and addresses of persons the prosecuting attorney intends to call as witnesses at any hearing or at trial;

(b)  Any written or recorded statements and the substance of all oral statements made by the Defendant  or a co-defendant;

(c)  Any reports or statements of experts made in connection with this case, including results of scientific tests, experiments or comparisons;

(d)  Any books, papers, documents, photographs or tangible objects the prosecuting attorney intends to use in any hearing or at trial or that were obtained from or belong to the defendant or co-defendant;

(e)  Any record of prior criminal convictions of persons the prosecuting attorney intends to call as witnesses at any hearing or at trial, if the prosecuting attorney has such information or it can be readily obtained by him;



10-22    19 92

COYLE COCHRAN, CLERK

D.C.

(f) Whether there has been any electronic surveillance of the defendant's premises or of conversations to which the defendant was a party;

(g) The transcript of any relevant prior testimony, whether before a grand jury or in any other proceedings that may have been held in this case, including, but not limited to, municipal court testimony;

2. The prosecuting attorney should disclose and permit inspection and copying of any relevant material regarding:

(a) Any search and seizure of defendant or a co-defendant;

(b) The acquisition of any statements from the defendant;

(c) Any police reports made in connection with this case that relate to potential testimony of any police officers or other witnesses;

(d) Any physical, documentary, scientific, demonstrative or photographic evidence the State intends to introduce or use at any hearing or at trial.

3. The prosecuting attorney shall disclose to defense counsel any material or information within his knowledge, possession or control, or in the hands of any law enforcement agency, that could negate the guilt of the defendant of the offense charged or could reduce the punishment therefor.

4. The prosecuting attorney should disclose the name and address of any informant that led to or assisted in making the arrest in this case.

5.   The prosecuting attorney should disclose whether any requests for or offers of immunity, leniency, sentence or charge concessions, or other inducements have been made by or to any co-defendant, potential witness or informant.

The defendant requests this information as soon as possible before trial.  The State should consider this a continuing motion, with all information received by the State to the date of trial to be furnished to the defendant in compliance with Arkansas Rules of Criminal Procedure, Rule 19.2

RESPECTFULLY SUBMITTED,
Ray Dansby

BY: _Jan Thornton_

Jan Thornton
Attorney for Defendant
101 West Main, Suite 503
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, do hereby certify that a copy of the foregoing has been mailed, postage prepaid to Pat Compton, Deputy Prosecuting Attorney, Union County Courthouse, El Dorado and the Honorable Bob Shepherd, Union County Circuit Judge, Union County Courthouse, El Dorado, on this 22nd day of October, 1992.

_Jan Thornton_

Case 1:03-cv-01146-RTD   Document 15   Filed 01/23/04   Page 31 of 209 PageID #: 2219

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

THIRTEENTH JUDICIAL DISTRICT, FIRST DIVISION

STATE OF ARKANSAS                                              PLAINTIFF

VS.                          NO. CR- 92-360-1

RAY DANSBY                                                     DEFENDANT

O R D E R

The ___DEFENDANT_____ Motion For Discovery filed
     (Plaintiff or Defendant)
herein is granted as to all matters discoverable under the
applicable rules and statutes pertaining to discovery.

All disputes regarding discovery under this order shall be
submitted to the Court in writing, at least thirty (30) days prior
to trial.

In accordance with Standing Order.

/JOHN M. GRAVES
CIRCUIT JUDGE

F I L E D

___10-22_____ 19 92
CHERYL COCHRAN, CLERK

BY ___U. Berry_____ D.C.

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                      PLAINTIFF

VS.                          NO. CR-92-360

RAY DANSBY                                             DEFENDANT

### ORDER FOR COMMITMENT FOR EXAMINATION

WHEREAS, the Defendant is charged with the offense of Capital Murder said to have been committed on August 24, 1992; and

WHEREAS, it appears to the Court that the defense of mental disease or defect has been or may be raised on behalf of the Defendant and has or may become an issue in this cause; and

IT IS THEREFORE, BY THE COURT, CONSIDERED, ORDERED AND ADJUDGED that the Defendant be and is hereby committed to the South Arkansas Regional Health Center for examination and observation to determine whether or not the Defendant is suffering from mental disease or defect at the present time and/or at the time of the commission of the alleged offense(s) charged.

IT IS FURTHER ORDERED that the South Arkansas Regional Health Center shall conduct or cause to be conducted such examinations and observations as are now required by Ark. Code Ann. 5-2-305 (1987) to determine the mental condition of the Defendant and to prepare and submit to this Court a written report of the findings, properly certified, as provided by law, within thirty (30) days of the date of this Order.



FILED

10-26 19 92

CHERYL COCHRAN, CLERK

BY Rose White, D.C.

19

THIS ORDER MADE AND ENTERED THIS _26_ DAY OF _Oct_ ,
1992.

_____
BOB SHEPHERD, CIRCUIT JUDGE

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                      PLAINTIFF

VS.                          NO. CR-92-360

RAY DANSBY                                            DEFENDANT

### ORDER SETTING TRIAL, OMNIBUS HEARING, PRE-TRIAL CONFERENCE AND PRE-TRIAL ORDER

It is ordered by the Court that jury trial shall be held in this case on April 14-16, 1993, in the Circuit Courtroom, Union County Criminal Justice Facility. Omnibus Hearing, pursuant to Arkansas Rule of Criminal Procedure 20.2 & 3, and Pre-trial Conference, pursuant to Arkansas Rule of Criminal Procedure 20.4, shall be conducted at 1:30 p.m., Tuesday, April 6, 1993, in the Circuit Courtroom, Union County Criminal Justice Facility.

At this hearing, all motions will be heard and Counsel are ordered to file all pre-trial motions no later than April 11, 1993 and to respond no later than the date of hearing, so that they may be considered at hearing.

That State and the Defendant are ordered to prepare and submit to the Court at said hearing complete proposed jury instructions and verdict forms. The State is responsible for preparing a complete set of instructions and verdict forms as to the offenses charged in the Information in this case. The Defendant is responsible for the preparation of necessary instructions for all asserted lesser offenses, including transitional instructions and

FILED

2 - 5    19 93

CHERYL COCHRAN, CLERK

BY _____ D.C.

21

ST. VS. RAY DANSBY
ORDER
PAGE TWO


verdict forms for the asserted lesser included offenses, as well as

instructions with respect to affirmative defenses or other special

requested instructions.

    IT IS SO ORDERED.

BOB SHEPHERD
CIRCUIT JUDGE

DATED: 2/4/93



*Tom Wynne*
**PROSECUTING ATTORNEY**
**THIRTEENTH JUDICIAL DISTRICT**
**P.O. BOX 748**
*Fordyce, Arkansas 71742*

**REPLY TO**
*Pat Jackson Compton*
**CHIEF DEPUTY PROSECUTING ATTORNEY**
**UNION COUNTY**
**UNION COUNTY COURTHOUSE**
**EL DORADO, ARKANSAS 71730**
**501-864-1960**
**FAX: 501-864-1964**

February 8, 1993

Jan Thornton
101 West Main, Suite 503
El Dorado, AR 71730

RE:  State of Arkansas vs Ray Dansby, CR-92-360

Dear Jan,

Pursuant to Arkansas Rule of Criminal Procedure 18.3, please
consider this letter my formal request for the names and addresses
of the witnesses you intend to call in the above referenced case,
as well as, the nature of the defense you intend to use at trial.
Please provide this information as soon as possible but no later
than ten (10) days prior to trial.

Also, consider this letter our formal request for any materials
discoverable pursuant to Arkansas Rule of Criminal Procedure 18.2.

Sincerely,

*Pat*

Pat Jackson Compton
Chief Deputy Prosecuting Attorney

PJC/ckj

FILED
2-8 19 93
CHERYL COCHRAN, CLERK
BY _Rose White_ D.C

23

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS
FIRST DIVISION

STATE OF ARKANSAS                                        PLAINTIFF

VS.                          NO. CR-92-360

RAY DANSBY                                              DEFENDANT

MOTION FOR CONTINUANCE

COMES NOW THE DEFENDANT, Ray Dansby, and for his Motion for
Continuance states:

1.    On September 4, 1992, defendant was charged by felony
information with Capital Murder (2 counts).

2.    On or about August 25, 1993, the Court appointed the
public defender, Jan Thornton to represent Mr. Dansby on his felony
charges.

3.    Because counsel for the Defendant has five cases
scheduled for trial in March, she feels that she can not adequately
prepare for a capital murder trial set for April 14-16, 1993.

WHEREFORE, defendant prays the Court to continue his case to
the next trial term so that his attorney may adequately prepare for
trial.

Respectfully submitted,

Ray Dansby, Defendant

By: _Jan Thornton_
Jan Thornton
Attorney for Defendant
217 South Jefferson, Suite 220
El Dorado, Arkansas   71730
(501) 863-7592

**FILED**
3-1  19 93
CHERYL COCHRAN, CLERK
BY _____ D.C

24

<u>CERTIFICATE OF SERVICE</u>

I, Jan Thornton, attorney for the defendant, do hereby certify that a copy of the foregoing motion was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas, on the 1st day of March, 1993.

Jan Thornton
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                              DEFENDANT

## MOTION TO COMPEL DISCLOSURE OF AGGRAVATING FACTORS AND INFORMATION RELATING TO MITIGATING FACTORS

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his Motion, states:

1.    Pursuant to the Rules of Discovery in Criminal Cases in the State of Arkansas, the defense moves that the Court require the Prosecuting Attorney to provide the defendant with the substance of any aggravating circumstances he intends to introduce evidence on at the sentencing phase of this trial; the names and addresses of all witnesses who will testify regarding the aggravating circumstances, along with copies of any statements, oral or written, that these witnesses may have made; that the Court order the Prosecuting Attorney to provide any reports, books, papers, documents, records of prior convictions, or any other tangible objects to the defense which relate to the aggravating circumstances set forth in the capital murder statutes; provide the defense with any records of prior criminal convictions of witnesses who will be present during the penalty phase of this trial.

2.    Further, the defense requests that the Court require the Prosecuting Attorney to provide the defendant with any material information within his knowledge, possession, or control that would tend to mitigate punishment for any capital murder for

disc.agg

FILED
3-1 19 93
CHERYL COCHRAN, CLERK
BY _____ D.C

2b

which the defendant might be convicted.

3.     It is firmly established that a bifurcated capital trial actually constitutes two separate trials, one on guilt/innocence, and then another as to penalty, Collins v. State, 261 Ark. 195, 548 S.W.2d 106 (1977), and therefore, the defense is entitled to the discovery requested.  Gardner v. Florida, 430 U.S. 349 (1977).

WHEREFORE, the defendant, Ray Dansby, prays that this Court grant his Motion and compel the Prosecuting Attorney to make the aforementioned disclosures.

Respectfully submitted,
RAY DANSBY
DEFENDANT

BY: *Jan Thornton*
Jan Thornton
Attorney at Law
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the _1st_ day of March, 1993.

*Jan Thornton*
Jan Thornton

27

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                             PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                                    DEFENDANT

### MOTION FOR DEFENDANT TO APPEAR AT ALL COURT APPEARANCES IN CIVILIAN CLOTHING AND WITHOUT RESTRAINT

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.   Initially, the defense notes that it recognizes it is the policy of this Court to allow incarcerated Defendants to appear at trial before the jury in civilian clothing and, unless the circumstances clearly require, without restraint of any sort.

2.   Arkansas Rules of Criminal Procedure Rule 33.1 provides in part:

> Defendants and witnesses shall not
> be subjected to physical restraint
> while in court unless the trial
> judge has found such restraint
> reasonably necessary to maintain
> order.

Furthermore, every Defendant is entitled to be brought before the Court with the appearance, dignity, and self respect of a free and innocent man. Eaddy v. People, 488 P.2d 717 (1943).

3.   The defense asserts that great prejudice would result to the Defendant should he be viewed by any juror at any time or in any place without civilian clothing and/or with restraints.

4.   In order for the State to be made aware of and comply with this Court's policy and to ensure a fundamentally fair trial

cloth.civ

FILED

3 1        19 93

CHERYL COCHRAN, CLERK

BY _____ D.C.

28

within the meaning of the Due Process clauses of the United States Constitution, the defense moves for an order allowing the Defendant to appear in civilian clothing and without restraints in the presence of the jury, including all court appearances and movements or transportation of the Defendant to any place where any jurors may view the Defendant.

WHEREFORE, the defendant, Ray Dansby, respectfully request that this Court enter an order directing that the State ensure that he appear at all court appearances in civilian clothing and without restraints and at any place where he may be viewed by any jury member.

Respectfully submitted,
RAY DANSBY
DEFENDANT


BY: _Jan Thornton_
Jan Thornton
Attorney at Law
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592


## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas  71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the _1st_ day of March, 1993.

_Jan Thornton_
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                            CR 92-360

RAY DANSBY                                                 DEFENDANT

### MOTION TO ASSURE CROSS SECTION OF COMMUNITY FOR JURY

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and for his motion states:

1.   Defendant is entitled to a fair and impartial jury selected from a cross section of the community.  This right is vested in the due process and fair trial guarantees of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Art. 2 Secs. 8 and 10 of the Arkansas Constitution.

2.   This right may be thwarted, however, if the officer or officers calling the jury are vested with discretion over whom on the rolls to call, or if circumstances dictate that only persons with telephones are called.  Summoning only by telephone will have the effect of excluding persons without phones or who work during the day and have no access to a phone at that time.

3.   These problems may be cured by procedures such as the following, for which defendant specifically moves:

a.   Require the officer calling the jury to proceed according to the order in which the jurors were selected for jury duty, or some other nondiscriminatory pattern, and to note and explain any deviation therefrom.

b.   Require that in addition to telephone summonses, that the jury be summoned by mail, with enough advance notice so

crossec.jry

FILED
2-1 19 93
CHERYL COCHRAN, CLERK
BY _____ D.C

30

that absence from other duties may be arranged.

c.    Any other steps that may be necessary and appropriate to achieve a fair and impartial jury from a cross section of the community.

WHEREFORE, the defendant, Ray Dansby, prays that this motion be granted.

Respectfully submitted,
RAY DANSBY

BY: _Jan Thornton_

Jan Thornton
Attorney at Law
217 South Jefferson, Suite 503
El Dorado, Arkansas    71730
(501) 863-7592

CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas    71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas    71730 on this the ___ day of March, 1993.

_Jan Thornton_
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                           DEFENDANT

### MOTION TO PROHIBIT EMOTION, DISPLAYS OF APPROVAL OR DISAPPROVAL AND OTHER PREJUDICIAL BEHAVIOR IN THE COURTROOM

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.   Defendant, Ray Dansby, is charged with capital murder in a highly controversial case.  Circumstances surrounding the crime and Mr. Dansby's apprehension are widely known and extensively publicized.

2.   Where the death penalty is sought, every safeguard must be taken to avoid the infection of the trial with any constitutionally irrelevant, arbitrary, unreliable, and prejudicial factors.  See, Gregg v. Georgia, 428 U.S. 153 (1976). To be fundamentally fair, a trial must be "free from prejudice, passion, excitement, and tyrannical power", Sheppard v. Maxwell, 384 U.S. 333, 350 (1966), and, therefore, must not be influenced by extraneous prejudicial happenings in and around the courtroom. Expressions of grief by the friends and family of the victim, no matter how understandable, "create a constitutionally unacceptable risk that the jury may impose the death penalty in an arbitrary and capricious manner." Booth v. Maryland, 422 U.S. 496 (1987).

3.   Because of the circumstances of this case, there exists a threat that spectators may cause outbursts, display approval or

emotion.dis

**FILED**

3-1 19 93

CHERYL COCHRAN, CLERK

BY ROSE CURITON D.C

32

disapproval of witnesses or their testimony or of attorneys or their arguments, or display emotion in front of the jury which may result in prejudice to the Defendant.

4.   Based on the foregoing, it is necessary that this Court take action prior to and during trial to ensure that such prejudical conduct does not occur.

WHEREFORE, the defendant, Ray Dansby, respectfully requests that this Court direct all spectators at the trial of this matter to refrain from emotional outbursts, displays of approval or disapproval, or any other displays of emotion; should such conduct occur, that the Court order the removal of the spectator; and take such other action as is appropriate, just, and necessary to ensure compliance.

Respectfully submitted,

RAY DANSBY
DEFENDANT


BY: _Jan Thornton_____

JAN THORNTON
Arkansas Bar No. 91035
101 West Main, Ste 503
El Dorado, AR  71730
(501) 863-7592

ATTORNEY FOR DEFENDANT

emotion.dis

33

<u>CERTIFICATE OF SERVICE</u>

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas   71730 on this the _____ day of March, 1993.

Jan Thornton
Jan Thornton

34

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                               DEFENDANT

### MOTION FOR ADDITIONAL TIME TO FILE DEFENSE MOTIONS

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, states that:

1.   The defendant has on this date filed numerous motions with the Court in connection with this case.

2.   It may not be possible for the defendant to receive the information to which he is entitled through discovery by the defendant's motion cut-off date.

3.   The discovery to be provided to the defendant may require additional motions to be filed by the defendant.

WHEREFORE, the defendant, Ray Dansby, requests that he be granted additional time to file pretrial motions based on the discovery provided to the defense by the State.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_

JAN THORNTON
Arkansas Bar No. 91035
101 West Main, Ste 503
El Dorado, AR   71730
(501) 863-7592

ATTORNEY FOR DEFENDANT

FILED
3-1  19 93
CHERYL COCHRAN, CLERK
BY _____ D.C.

addtime.mtn

35

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the ___ day of March, 1993.

*Jan Thornton*

Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                               DEFENDANT

## MOTION FOR FULL RECORDATION

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, moves that this Court require all proceedings in this case, including all pretrial motions and proceedings, <u>voir dire</u>, opening statements, sidebar conferences, in chambers proceedings, closing arguments, jury charges and any conferences thereon, sentencing proceedings, and post trial motions, to be taken down by the Court Reporter. This is required by the due process and assistance of counsel guarantees of the Arkansas and United States Constitutions and is necessary to insure meaningful appellate review by the Arkansas Supreme Court of a conviction and sentence. See, <u>Fountain v. State</u>, 269 Ark. 454, 601 S.W.2d 862 (1980).

WHEREFORE, the defendant, Ray Dansby, requests that his Motion be granted.

FILED
3-1 19 93
CHERYL COCHRAN, CLERK
BY Rose White D.C.

fullrec

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*

JAN THORNTON
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas    71730
(501) 863-7592


## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas    71730 on this the _____ day of March, 1993.

*Jan Thornton*
Jan Thornton

38

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                               DEFENDANT

MOTION TO PREVENT "VICTIM IMPACT" EVIDENCE OR,
IN THE ALTERNATIVE, FOR DISCOVERY OF "VICTIM IMPACT" EVIDENCE

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.    Should the defendant be convicted of capital murder, the State may present evidence of aggravating circumstances in seeking the death penalty.  Ark. Code Ann. § 5-4-601, et seq. (1987).

2.    In Booth v. Maryland, 482 U.S. 496 (1987), it was held that evidence of the personal characteristics of the victim or of the impact of the crime on the victim's family diverts the jury's attention from the proper determination of punishment in a capital trial.  Consistent with the Eighth Amendment, the death penalty is not to be imposed based upon the status of the victim, but instead should be based solely on factors relating to the circumstances of the crime and the culpability of the offender. See also, South Carolina v. Gathers, 490 U.S. 805, (1989). (Contra Payne v. Tennessee, 501 U.S. ___, 111, S.Ct. 2597, 115 L.Ed.2d 720 (1991), holding "victim impact" evidence admissible to rebut similar evidence presented in behalf of the Defendant.)

3.    In Arkansas, the evidence presented by the State in the penalty phase of a capital murder trial is explicitly limited to evidence relevant to the eight enumerated aggravating

exclude.vis

FILED

3-1  19 93

CHERYL COCHRAN, CLERK

BY_____D.C

39

circumstances contained in Ark. Code Ann. § 5-4-604 (1987).  See, Ark. Code Ann. § 5-4-602(4), Williams v. State, 274 Ark. 9, 621 S.W.2d 686 (1981).  Evidence of the personal characteristics of the victim or of the impact of the crime on the victim's family is wholly irrelevant to any of the aggravating factors, and should be excluded.  Sermons v. State, 262 Ga. 286, 417 S.E. 2d 144 (1992).

4.   In the event "victim impact" evidence is deemed admissible, the defense should be provided under Arkansas Rules of Criminal Procedure Rule 17.1 with a list of witnesses whom the state intends to call to introduce such evidence, a fair summary of their testimony, and any prior convictions of the witnesses. The defense should further be provided with any material or information within his knowledge, possession, or control which tends to negate the existence or reduce the impact of any "victim impact" evidence.

WHEREFORE, the defendant, Ray Dansby, requests that this Court enter an order excluding the admission of evidence of the personal characteristics of the victim or of the impact of the crime on the victim's family or, in the alternative, to direct the state to disclose to the defense any such evidence it intends to introduce and any evidence which tends to negate it.

exclude.vis

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*

JAN THORNTON
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas   71730
**(501) 863-7592**

## CERTIFICATE OF SERVICE

    I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas   71730 on this the /st   day of March, 1993.

*Jan Thornton*

Jan Thornton

41

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                               DEFENDANT

MOTION FOR DISCOVERY OF PSYCHIATRIC REPORTS

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion states and alleges as follows:

1.    On January 15, 1993, a mental evaluation of the defendant was conducted by Dr. William Peel and his report was filed with this Court on or about January 19, 1993.

2.    The above-mentioned report of psychiatric evaluation is crucial to the presentation of the defendant's defense in this matter, both at the guilt/innocence trial and at any sentencing trial that may be held.

5.    Because these reports are material to the presentation of the defendant's defense in this matter, they are discoverable by the defense.  Gardner v. Florida, 430 U.S. 349 (1977).

WHEREFORE, the defendant, Ray Dansby, requests that this Court grant his motion and enter an order directing the release to the defendant or his attorney any and all psychiatric reports regarding the defendant, including any and all nurses notes, progress notes, test results and supporting raw data, admission summaries, discharge summaries, and any and all other information obtained as a result or as part of this evaluation.

ashreps.dis

FILED

3-1            19 93

CHERYL COCHRAN, CLERK

By _____ D.C

42

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_

JAN THORNTON
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas   71730
(501) 863-7592


CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas   71730 on this the 1st day of March, 1993.

_Jan Thornton_

Jan Thornton

43

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                            PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                                   DEFENDANT

### MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his Motion, states:

1.   The defendant is charged with capital murder and therefore faces the possibility of the imposition of a sentence of death.

2.   The defendant believes that the office of the Prosecuting Attorney will seek to qualify the jury to render the death penalty during voir dire.

3.   The defendant submits that this action on the part of the Prosecuting Attorney to qualify the jury to render the death penalty would be in violation of Article II of the Arkansas Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution in that such "death qualification" denies the defendant his right to an impartial jury drawn from a cross section of the community on the issue of guilt/innocence.

WHEREFORE, the defendant, Ray Dansby, prays that this Court prohibit the Prosecuting Attorney from qualifying the jury to impose the death penalty.

dqual

FILED
3-1   19 93
CHERYL COCHRAN, CLERK
BY_____ B.C

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*

JAN THORNTON
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas  71730
**(501) 863-7592**

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the 1st day of March, 1993.

*Jan Thornton*

Jan Thornton

45

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                           PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                                  DEFENDANT

## MOTION FOR FUNDS FOR EXPERT WITNESSES

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, for his motion, states:

1.    The defendant stands charged with capital murder which potentially carries the death penalty.

2.    Defendant has been declared an indigent and is currently represented by appointed counsel.

3.    The State has used the services of numerous experts, including pathologists, criminologists, criminal investigators, medical experts, fluid analysis experts and others, in the investigation and preparation of this case for trial.  Said experts, many of whom will be subpoenaed by the State to appear as witnesses against the defendant, were paid by the State and have contributed significantly to the State's case against the defendant.

4.    In order to present an effective defense, the defendant requires the assistance of expert witnesses both to assist in the preparation of his case and to assist in the cross-examination of the State's expert witnesses.

5.    It is now well established that an indigent defendant in a capital case is entitled to such appointment when the expert witnesses can provide insight on some significant issues at

expert.fd2

FILED

3-1   19 93

CHERYL COCHRAN, CLERK

BY _____ D.C.

46

trial. <u>Ake v. Oklahoma</u>, 470 U.S. 68 (1985). Failure of this Court to order that funds for expert witnesses be provided the defendant will violate his Sixth and Fourteenth Amendment rights to effective assistance of counsel and due process of law.

6.   Specifically, the defendant has employed the following expert to aid and assist his attorney in the investigation and preparation of his case for trial:

> Douglas A. Stevens, Ph.D.
> Clinical Psychologist
> Southwestern Institute
> 324 W. Pershing Boulevard
> North Little Rock, Arkansas   72114

WHEREFORE, the defendant, Ray Dansby, prays that this Court grant his Motion and authorize the expenditure of funds in order that the defendant may obtain the services of a qualified expert to assist in the preparation and presentation of his defense.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_

Jan Thornton
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas   71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas   71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas   71730 on this the 1st day of March, 1993.

_Jan Thornton_

Jan Thornton

41

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                          DEFENDANT

MOTION TO PROHIBIT SUBMISSION TO THE JURY
THE AGGRAVATING CIRCUMSTANCES CONTAINED
IN ARK. CODE ANN. § 5-4-604(3) AND (4) (1987)
AT THE PENALTY PHASE OF THE TRIAL

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.   Defendant is charged with two counts of capital murder, the information alleging defendant with the premeditated and deliberate purpose of causing the death of another person, he did cause the deaths of Brenda Dansby and Ronnie Kimble in one criminal episode.

2.   If the defendant is found guilty of each count of capital murder, a second trial will be held to determine whether defendant's punishment is life imprisonment without parole or death on each of the charges.

3.   Ark. Code Ann. § 5-4-604(3) (1987) provides as an aggravating circumstance that the person previously committed a felony, an element of which was the use or threat of violence to another person or the creation of a substantial risk of death or serious physical injury to another person. Defendant submits the State should be precluded under § 5-4-604(3) from attempting to use each separate homicide as an aggravating circumstance of the other homicides under this section because subsection 3 only applies to other crimes not connected in time or place to the

exclagg.cox

FILED
3-1 19 93
CHERYL COCHRAN, CLERK
BY U.Snawde D.C.

48

killing for which the defendant has just been convicted. <u>Hill v. State</u>, 289 Ark. 387, 713 S.W.2d 233 (1986).

4.   Ark. Code Ann. § 5-4-604(4) (1987) provides as an aggravating circumstance that the person in the commission of the capital murder knowingly created a great risk of death to a person other than the victim.  Defendant submits the State should similarly be precluded by this Court from attempting to submit the aggravating circumstance contained in § 5-4-604(4) to the jury by using each separate homicide as an aggravating circumstance of the other.  <u>Hill v. State</u>.

5.   Submission of either of the aforementioned aggravating circumstances at the sentencing phase of the trial will deny defendant rights secured to him by the Eighth and Fourteenth Amendments because such improper submission and use of the aggravating circumstances would fail to narrow the class of persons eligible for the death penalty and to reasonably justify the imposition of the more severe sentence on the defendant compared to others found guilty of murder.

WHEREFORE, the defendant, Ray Dansby, prays that this Court grant his motion and prohibit the State from submitting to the jury at any penalty stage that might occur the aggravating circumstances contained in Ark. Code Ann. § 5-4-604(3) and (4).

**exclagg.cox**

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_

JAN THORNTON
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas   71730
(501) 863-7592


CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas   71730 on this the _1st_ day of March, 1993.

_Jan Thornton_

Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                           CR 92-360

RAY DANSBY                                                 DEFENDANT

### MOTION TO PROHIBIT THE STATE FROM SEEKING THE DEATH PENALTY ON THE GROUNDS THAT HISTORICALLY THE DEATH SENTENCE HAS BEEN ARBITRARILY AND CAPRICIOUSLY IMPOSED IN A RACIALLY DISCRIMINATORY MANNER, IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.    The defendant is charged with capital murder, and the State has announced it intends to seek the death penalty should he be convicted.

2.    The Eighth Amendment's prohibition against cruel and unusual punishment protects against the arbitrary and capricious imposition of the death penalty, <u>Furman v. Georgia</u>, 408 U.S. 238 (1972); and the Fourteenth Amendment's equal protection clause prohibits racial discrimination in capital sentencing, <u>Maxwell v. Bishop</u>, 398 F.2d 138 (8th Cir. 1968), (dictum), <u>vacated and remanded on other grounds</u>, 398 U.S. 262 (1970).

3.    Available statistical data establish that, since the death penalty was validated in 1976 in <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976) and companion cases, there has been a clear pattern showing that the death penalty is more likely to be imposed upon a defendant who is poor and black or convicted of killing a white person.

4.    In support of this motion, the defendant submits as

discrim.dp

FILED
3-1 19 93
CHERYL COCHRAN, CLERK
BY _____ D.C

51

evidence the findings reported in Gross and Mauro, "Patterns of Death: An Analysis of Racial Disparities in Capital Sentencing and Homicide Victimization, " 37 Stan. L. Rev. 27 (1984), which sets out the findings of a comprehensive study of the question of discriminatory application of death sentences in eight states, including Arkansas.

5.   In light of the findings of Gross and Mauro, the defendant assets that imposition of the death penalty in this case would violate the Eighth and Fourteenth Amendments to the United States Constitution; and therefore, the State should be precluded from seeking that penalty.

WHEREFORE, the defendant, Ray Dansby, moves this Court to prohibit the State from seeking the death sentence in this case.

Respectfully submitted,
RAY DANSBY
DEFENDANT


By: _Jan Thornton_

Jan Thornton
Attorney at Law
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the _1st_ day of March, 1993.

_Jan Thornton_

Jan Thornton

52

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                                 DEFENDANT

### MOTION TO HOLD THE SENTENCING PROVISIONS OF THE DEATH PENALTY STATUTE, ARK. CODE ANN. § 5-4-603 (1987) UNCONSTITUTIONAL

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his Motion states:

1.   Should the defendant be found guilty of capital murder, a second trial will be required to determine the sentence to be imposed.

2.   With regard to sentencing, Ark. Code Ann. § 5-4-603 (1987) provides:

The jury <u>shall</u> impose a sentence of death if it unanimously returns written findings that:  (a) aggravating circumstances exist beyond a reasonable doubt; (b) aggravating circumstances outweigh beyond a reasonable doubt all mitigating circumstances found to exist; and (c) aggravating circumstances justify a sentence of death beyond a reasonable doubt.

3.   If the jury makes the findings set forth above, the Arkansas capital murder scheme becomes a mandatory death statute and as such, it is unconstitutional because it does not allow a jury to show mercy upon a particular defendant despite whatever findings are made.  <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976); <u>Woodson v. North Carolina</u>, 428 U.S. 280 (1976); and <u>Roberts v. Louisiana</u>, 428 U.S. 325 (1976).

cnstrain.mtn

**FILED**
3-1 19 93
CHERYL COCHRAN, CLERK
BY _____ D.C

53

4.   As the Commentary to § 5-4-603 explains, prior to amendment in 1977 the Arkansas capital sentencing scheme allowed a jury to show mercy and return a lesser sentence even if it made all the required findings for imposition of the death penalty.

5.   Former law thus did not constrain the jury's consideration of all mitigating evidence at all relevant times because it allowed the jury the opportunity to consider the mitigating evidence, even though outweighed by those in aggravation, in making its ultimate sentencing decision. Although aggravating circumstances may outweigh those in mitigation, the totality of the mitigating evidence might convince the jury that death was not the appropriate punishment in the case even if the aggravating factors existed to justify it.

6.   The present statutory procedure prohibits the consideration of all mitigating factors at all relevant times, and thus unconstitutionally constrains the jury's consideration of all mitigating aspects of the crime. Lockett v. Ohio, 438 U.S. 586 (1978) and Mills v. Maryland, 486 U.S. 367 (1988).

7.   Mills v. Maryland, supra, holds that the jury in a capital case cannot be constrained from considering all evidence in mitigation by jury instruction, verdict form or otherwise, in its deliberation on sentence. AMCI 1509 Form 3 constrains the jury's  consideration of all mitigating evidence at the point of ultimate sentencing decision because it restricts the jury, when weighing mitigating and aggravating circumstances, to considering

cnstrain.mtn

54

only those mitigating circumstances it unanimously found to exist and marked on AMCI 1509 Form B.

8.    Further, the Arkansas Supreme Court has indicated that the jury should be told that despite its findings that aggravating circumstances exist and outweigh those in mitigation it could still exercise mercy in answering the third question as to whether the aggravating circumstances justified a sentence of death.  <u>Williams  v. State</u>, 274 Ark. 9, 621 S.W.2nd 686 (1981). The question asked by the jury in the <u>Williams</u> case, "No matter how we've answered the questions on Form A and Form B, will it make a difference on the type of sentence we give?", exemplifies the confusion and constraint that juries are confronted with under the Arkansas sentencing procedure.

9.    The only way to remove the unconstitutional constraint on the jury's consideration of mitigating aspects of the defendant's character and the crime is for the trial court to instruct the jury that regardless of its findings that aggravating circumstances exist and outweigh all mitigating circumstances, it may nevertheless show mercy upon consideration of whether the mitigating circumstances in the case are such that the death penalty is not justified.

WHEREFORE, the defendant, Ray Dansby, asks that this Court declare the sentencing provisions of the capital murder statute unconstitutional and dismiss the charge against the defendant, or, in the alternative, give the remedial instruction requested in the penalty phase of the trial to remove the unconstitutional

constraint imposed by those sentencing provisions.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_

JAN THORNTON
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas   71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the $\cancel{\phantom{DL}}$ day of March, 1993.

_Jan Thornton_

Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                           CR 92-360

RAY DANSBY                                           DEFENDANT

<u>MOTION TO QUASH INFORMATION ON GROUND THAT
DEATH PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT
VIOLATIVE OF THE EIGHTH AMENDMENT
TO THE CONSTITUTION OF THE UNITED STATES</u>

Comes now the defendant, Ray Dansby, by and through, Jan
Thornton, and in support of his Motion to Quash, states:

1.   Defendant is charged by information with capital
murder.  The statute on which the information is based, Ark.
Code. Ann. § 5-10-101 (1987), is violative of the Eighth
Amendment to the United States Constitution in that it seeks to
inflict a cruel and unusual punishment.

2.   The statute upon which the information is based, Ark.
Code Ann. § 5-10-101 is violative of the Eighth Amendment, as
construed in the United States Supreme Court capital punishment
decisions in <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976) and its
progeny in that it neither provides for substantive sentencing
review, review of the fitness of the death sentence on the whole
record, nor comparative proportionality review of death
sentences.

3.   The capital murder statute is violative of the Eighth
Amendment in that the death penalty is not a deterrent to future
homicides; in fact, executions set socially sanctioned examples
of, and provide an inducement to, violence.

4.   The capital murder statute is violative of the Eighth

cruel.unu

FILED

3- 1  19 93

CHERYL COCHRAN, CLERK

By _____ D.C

59

Amendment in that it provides for life imprisonment without parole as an alternative to the death penalty and that alternative is a less drastic means of accomplishing the legislative goals of both deterring the defendant and others from future homicides. The death penalty is unjustified as a means for achieving any legitimate governmental end, and is therefore excessive because there is no penal purpose served by execution which is not more effectively or more efficiently served by life imprisonment.

5. The death penalty statute, as applied to the defendant, is violative of the Eighth Amendment because it is "so totally without penological justification that it results in the gratuitous infliction of suffering." Gregg v. Georgia, at 176.

6. The death penalty statute is violative of the Eighth and Fourteenth Amendments because although the Arkansas Supreme Court has upheld the facial constitutionality of the statute, it has, in fact, as applied since its enactment, resulted in the arbitrary and capricious imposition of the penalty of death upon only a few individuals without any basis for distinguishing those cases in which the death penalty is imposed from the many in which it is not.

WHEREFORE, the defendant, Ray Dansby, requests that this Court grant his Motion and accordingly quash the information.

cruel.unu

58

Respectfully submitted,

RAY DANSBY
DEFENDANT


BY: *Jan Thornton*

JAN THORNTON
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas   71730
**(501) 863-7592**


## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas   71730 on this the _____ day of March, 1993.

*Jan Thornton*

Jan Thornton

59

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                      PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                             DEFENDANT

## MOTION TO ALLOW DEFENDANT TO
## VIEW THE SCENE OF THE CRIME WITH HIS ATTORNEYS

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and moves this Court pursuant to the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and pursuant to the Arkansas Constitution and its laws, for an order requiring him to be taken to view the scene of the crime with his attorneys at least one week prior to trial, and allowing them to discuss the facts of the case in a manner whereby the law enforcement official cannot hear the discussion.  In support of his motion, the defendant would show the following:

That a view of the scene is necessary for the defense attorney to take pictures, take measurements and otherwise properly investigate the scene of the alleged crime with the defendant's assistance, would not prejudice the State's case, and would only serve to promote a fair and impartial trial.

WHEREFORE, the defendant, Ray Dansby, prays that this Court will enter an order granting the relief prayed for.

FILED
3-1 19 92
CHERYL COCHRAN, CLERK
BY Rose White D C

criscene.vue

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*

JAN THORNTON
Attorney at Law
217 South Jefferson
Suite 220
El Dorado, Arkansas  71730
**(501) 863-7592**


CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the ___ day of March, 1993.

*Jan Thornton*

Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                           DEFENDANT

### MOTION TO REQUIRE INVESTIGATIVE
### OFFICERS TO RETAIN ROUGH NOTES

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, moves that the Court order the Prosecuting Attorney to direct the sheriff's deputies, police officers, and detectives involved in the investigation of this case to retain their rough notes of interviews of witnesses, and in support of his motion, states:

1.    This motion is filed pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

2.    The defendant in the instant case is charged with two counts of capital murder.

3.    The alleged crime ignited an extensive investigation by the State, involving the interrogation of many persons and the seizing of numerous items of physical evidence.

4.    Defendant brings this motion and shows that he should be afforded all information and evidence in the possession of the prosecution or the investigating officers, including all rough notes or field notes taken by sheriff's deputies, police officers and detectives, and other investigative officers in their investigation of this case, and this Court should enter an order requiring the Prosecuting Attorney to locate and secure the above-mentioned items because they may lead to evidence

roughfld.nts

FILED

3 - 2 _____ 19 93

CHERYL COCHRAN, CLERK

BY _P. Conner_____ D.C.

materially favorable to the defendant either of a direct or impeaching nature, or as relevant to punishment. This requested disclosure is normally not included in the prosecutor's file and thus is not readily obtainable without specific court order, although clearly discoverable under Brady v. Maryland.

WHEREFORE, the defendant, Ray Dansby, asks that the Court order the Prosecuting Attorney to secure the rough notes of all investigative agents in order to ensure that the Court will have an opportunity to make an independent determination concerning the discoverability of these notes.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*
Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas 71730
(501) 863-7592

CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the 2nd day of March, 1993.

*Jan Thornton*
Jan Thornton

63

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                                    PLAINTIFF

VS.                                CR 92-360

RAY DANSBY                                                          DEFENDANT

MOTION FOR DISCOVERY, INSPECTION,
EXAMINATION, AND TESTING OF PHYSICAL EVIDENCE

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and for his motion, states:

1.   As part of its investigation of this case, the State has collected and has in its possession and control certain items of physical evidence for inspection, examination, and testing by its experts at the State Crime Lab.

2.   These items of evidence and the test results are material and relevant to the issues of guilt, innocence, degree of culpability, and effective cross-examination of State witnesses against the defendant.

3.   The items of physical evidence that defendant desires to obtain test results of and to inspect, examine, and test, by and through his designated experts, are all evidence in the possession of the El Dorado Police Department; the Union County Sheriff's Department; the Arkansas State Crime Lab; or any and all governmental, investigative, or law enforcement agencies which possess any evidence pertaining to this case.

4.   Further, the defendant requests production of all other physical evidence taken by the State from the scene of the alleged crime or from either the victim or defendant as part of its investigation in this case, including but not limited to,

inspevid

FILED
3-2        1993
CHERYL COCHRAN, CLERK
BY P Conner        D.C.

64

weapons, bullet casings, blood tests, fingerprints, etc.

5.   This request for discovery, inspection, examination, and testing of the items set out above is essential to ensure the defendant his right to a fair trial, his right to confrontation, his right to prepare a defense in his own behalf, his right to effective counsel and due process of law guaranteed by the Arkansas Constitution and the United States Constitution.

WHEREFORE, the defendant, Ray Dansby, prays:

(a)   that the Prosecuting Attorney be ordered to produce the results of all testing done on the items of physical evidence described herein, and to produce those items to allow the defendant's expert the right to examine, inspect, conduct scientific tests and to photograph said items at a specific time and place to be fixed by the Court;

(b)   that the time set for inspection, testing, and photographing of the items requested by the defendant's experts be at a reasonable time in advance of trial;

(c)   that the Court enter an Order requiring the Prosecuting Attorney's Office to make continuing disclosure of all additional items of physical evidence obtained by the State concerning the charge against the defendant.

inspevid

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_
Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592


CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas  71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the 2nd day of March, 1993.

_Jan Thornton_
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                                    PLAINTIFF

VS.                            CR 92-360

RAY DANSBY                                                          DEFENDANT

### MOTION IN LIMINE

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and requests that this Court enter an order prohibiting the Prosecuting Attorney's Office, or any of the State's witnesses in this case, from alluding to, referring to, or in any way bringing before the jury, any evidence concerning photographs of the deceased or pictures taken at the scene of the crime which depict blood or the wounds which the deceased received, as such would only serve to inflame the jury and can resolve no disputed factual issue in this cause.

That the defendant hereby stipulates to the cause and manner of death and also to the location of the bodies of the deceased at the scene, which can be demonstrated by a simple diagram. Therefore, the photographs can resolve no disputed factual issue in this cause and should be excluded under Rule 402 of the Uniform Rules of Evidence.

Further, in light of the defendant's stipulation and the fact that the photographs of the deceased are extremely grotesque, the photographs should not be admitted pursuant to Rule 403 of the Uniform Rules of Evidence due to the fact that they would have little probative value which would be substantially outweighed by the danger of unfair prejudice to the

photos.exc

FILED

3-2        19 93

CHERYL COCHRAN, CLERK

BY _P Conner_ D.C.

69

defendant.

Additionally, introduction of the photographs have no bearing on any element of the crime with which the defendant is charged in that the statute under which the defendant is charged, Ark. Code Ann. § 5-10-101 (1987), does not require that the State prove the element that the death of any person was caused under circumstances manifesting extreme indifference to the value of human life.

If the Prosecuting Attorney's Office intends to introduce any such photographs, the defendant requests that the Court instruct the Office of the Prosecuting Attorney to not allude to any such photographs without first approaching the Bench and making known to the Court and the attorneys for the defendant outside the presence and hearing of the jury that which the Prosecuting Attorney's Office intends to offer as such proof, thus permitting the jury to be retired and the evidence and objections heard outside the presence of the jury. The Court could then make its ruling on the admissibility of such evidence before it is placed before the jury.

In the alternative, the defendant, Ray Dansby, requests that a hearing be set on any such evidence to be received or offered by the Office of the Prosecuting Attorney prior to trial at the presently scheduled pretrial hearing.

photos.exc

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*

Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592


## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify
that a copy of the foregoing was forwarded to Pat Jackson Compton,
Chief Deputy Prosecuting Attorney, Union County Courthouse, El
Dorado, Arkansas  71730 and the Hon. Bob E. Shepherd,
Circuit/Chancery Judge, Union County Courthouse, El Dorado,
Arkansas  71730 on this the 2nd day of March, 1993.

*Jan Thornton*

Jan Thornton

69

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                           DEFENDANT

MOTION TO HOLD THE PROVISIONS OF THE DEATH PENALTY
STATUTE, ARK. CODE ANN. § 5-4-604, ET SEQ., UNCONSTITUTIONAL

Comes now the defendant, Ray Dansby, by and through counsel,
Jan Thornton, for his motion, states:

1.    In Franz v. State, 296 Ark. 181, 754 S.W.2d 839 (1988),
the Arkansas Supreme Court held that there is no mandatory appeal
of a death sentence pursuant to the provisions of Ark. Code Ann.
§ 16-91-113(a)(1987); Ark. Rules Crim. Pro., Rule 36.24; and
Rules of the Arkansas Supreme Court, Rule 11(f).

2.    Mandatory appellate review was an essential aspect in
upholding Florida's, Georgia's, and Texas' capital sentencing
statutory schemes in Proffitt v. Florida, 428 U.S. 242 (1976);
Gregg v. Georgia, 428 U.S. 153 (1976), and Jurek v. Texas, 428
U.S. 262 (1976), respectively.

3.    Absence of a mandatory appeal violates the defendant's
Eighth and Fourteenth Amendment rights in that it:   (1) renders
the sentencing scheme arbitrary and capricious; (2) shocks the
conscience of the community; and (3) deprives the sentencing
scheme of adequate safeguards to assure that each death sentence
is an individualized decision by the sentencer.   Furman v.
Georgia, 408 U.S. 241 (1972), and Woodson v. North Carolina, 428
U.S. 280 (1980).   As the Court noted in Franz v. Lockhart, 700 F.
Supp. 1005, 1022 (E.D. Ark. 1988):

nomand.app

FILED

3 - 2      19 93
CHERYL COCHRAN, CLERK
BY P Conner           D.C.

7⁶

Each of the three enunciated tests, freedom
from arbitrary and capricious application,
consonance with accepted standards of
decency, and adequacy of individualized
consideration, taken separately, points
inescapably toward mandatory appellate
review.  First, an automatic and mandatory
review is essential to bring to bear in every
case an independent and collective legal
judgment that the death penalty is warranted
under the standards the legislature has
established to guide sentencing discretion.
Second, the collective judgment of the state
legislatures is that mandatory review is an
essential precondition which must be met
before the society can be decently satisfied
that death is the appropriate response to a
particular defendant's actions.  Third and
finally, appellate review is a crucial final
check between the courtroom and the execution
chamber, a last opportunity to examine the
judgment that this particular defendant
merits this particular, most extreme,
irreversible, form of punishment.  When the
three are considered collectively, the
mandate is indeed powerful.

4.   Because the Arkansas capital sentencing procedure does

not provide for mandatory appellate review, the entire scheme

violates the Eighth and Fourteenth Amendments to the United

States Constitution, and any proceeding undertaken pursuant to

Arkansas' capital sentencing statutes is unconstitutional.

WHEREFORE, the defendant, Ray Dansby, respectfully requests

that this Court hold the provisions of the death penalty statute,

Ark. Code Ann. § 5-4-601, et seq., unconstitutional.

nomand.app

Respectfully submitted,

RAY DANSBY
DEFENDANT


BY: *Jan Thornton*
Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592


## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify
that a copy of the foregoing was forwarded to Pat Jackson Compton,
Chief Deputy Prosecuting Attorney, Union County Courthouse, El
Dorado, Arkansas  71730 and the Hon. Bob E. Shepherd,
Circuit/Chancery Judge, Union County Courthouse, El Dorado,
Arkansas  71730 on this the 2nd day of March, 1993.

*Jan Thornton*
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                              PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                                     DEFENDANT

### MOTION TO OMIT FROM SUBMISSION TO THE JURY ANY AGGRAVATING CIRCUMSTANCE COMPLETELY UNSUPPORTED BY THE EVIDENCE

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.   The Arkansas Supreme Court, in Miller v. State, 269 Ark. 341, 605 S.W.2d 430 (1980) (Substitute Opinion on Rehearing), stated at p. 354:

> (W)e think it a better practice, and less confusing to the jury, for the circuit judge to omit from submission any aggravating or mitigating circumstances that are completely unsupported by any evidence, and we take this opportunity to direct the circuit judges of Arkansas to hereafter allow this alternate procedure.

2.   The defendant requests that any aggravating circumstances unsupported by the evidence, when that circumstance is properly and narrowly construed, be omitted from submission to the jury.

WHEREFORE, the defendant, Ray Dansby, asks this Court to comply with the directive of the Arkansas Supreme Court in Miller v. State.

omit.agg

**FILED**

3-2 ____ 19 93

CHERYL COCHRAN, CLERK

BY _____ D.C.

23

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*
Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592


## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas  71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the 2nd day of March, 1993.

*Jan Thornton*
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                              DEFENDANT

<u>MOTION TO QUASH INFORMATION ON THE GROUND THAT
ARK. CODE ANN. § 5-10-101(a)(4)(SUPP. 1989),
THE CAPITAL MURDER STATUTE, IS UNCONSTITUTIONAL
DUE TO ITS OVERLAP WITH ARK. CODE ANN. § 5-10-102(a)(2)
(SUPP. 1989), THE FIRST DEGREE MURDER STATUTE</u>

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.    The defendant is charged by felony information with two counts of capital murder pursuant to Ark. Code Ann. § 5-10-101(a)(4).  The State has alleged that Ray Dansby unlawfully and feloniously with the premeditated and deliberated purpose of causing death, did cause the death of Brenda Dansby and Ronnie Kimble.

2.    The capital murder charge includes the lesser offense of first degree murder set out in Ark. Code Ann. § 5-10-102(a)(2), which is identical in all respects to capital murder as alleged in the information.

3.    At trial the defendant will have a right to have the jury instructed on all lesser included offenses, including the identical lesser offense of first degree murder.  <u>Brewer v. State</u>, 271 Ark. 254, 608 S.W.2d 363 (1980) and <u>Robinson v. State</u>, 269 Ark. 90, 598 S.W.2d 421 (1980).

4.    It is firmly established that the due process clause protects a defendant's right to statutory procedures which insure

overlap.1

FILED
3-2-1993
CHERYL COCHRAN, CLERK
BY _Rose White_ D.C.

that the jury may reliably consider and convict on any lesser offense, <u>Beck v. Alabama</u>, 447 U.S. 625 (1980), and where lesser offenses are provided by law, there must be standards to guide the jury in selecting among the degrees of murder; otherwise jurors are plainly invited to choose a verdict for a higher offense whenever they feel the lesser punishment is inappropriate, or a verdict for a lesser offense whenever they feel the more severe punishment is inappropriate. <u>Roberts v. Louisiana</u>, 428 U.S. 325 (1976). The failure of a statutory procedure to provide such standards renders that procedure unconstitutional because it creates "an element of capriciousness" in the jury's guilt and <u>de</u> <u>facto</u> sentencing discretion. <u>Roberts v. Louisiana</u>.

5. The Arkansas statutory scheme is unconstitutional because it fails to provide the jury with any standard by which it can differentiate between capital murder under § 5-10-101(a)(4) and first degree murder under § 5-10-102(a)(2), and thus the jury is denied any real opportunity to reliably consider the lesser included offense of first degree murder. Due to the lack of any distinguishing factor between the two degrees of murder, the jury has absolutely no basis for a conviction of capital murder rather than first degree murder. Only through constitutionally impermissible action on the jury's part could the jury consider the lesser degree of murder rather than the greater offense. <u>Woodson v. North Carolina</u>, 428 U.S. 280 (1976). Any jury could capriciously disregard the capital murder

<u>overlap.1</u>                    2

instruction and return a verdict finding the defendant guilty of first degree murder in order to avoid imposition of the death penalty.

6.   The statutory scheme is also violative of equal protection because the overlapping statutes subject persons similarly situated to vastly different punishments without any basis for the dissimilar treatment.  Where the legislature has made a classification in crimes involving the imposition of different punishments, the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced are treated alike. Davis v. Cox, 268 Ark. 78, 593 S.W.2d 180 (1980).  Under the Arkansas statutory scheme, there is no reasonable basis resting upon some ground of difference for imposing a more severe sentence upon one murderer while not on another, and such different treatment violates the equal protection clause. Reed v. Reed, 404 U.S. 71 (1971).

7.   Ark. Code Ann. § 5-10-101 (1987), the capital murder statute, when interpreted with Ark. Code Ann. § 5-10-102 (1987), the first degree murder statute, becomes void for vagueness. Section 5-10-101(a)(4) declares that killing a person with premeditation and deliberation is capital murder.  Section 5-10-102(a)(2) declares that murder in the first degree occurs when a defendant purposefully kills another.  Because purposeful conduct invariably suffices to prove premeditation and

overlap.1                              3

deliberation, conduct supporting a conviction under § 5-10-101(a)(4) will also support a conviction under § 5-10-102(a)(2). The defendant herein is charged with the premeditated and deliberate killing of another person and therefore could be charged under either the capital murder statute, § 5-10-101(a)(4) or under the first degree murder statute, § 5-10-102(a)(2). Since there is no guidance in the two provisions as to which should apply in a particular homicide, the due process clause of the United States and Arkansas Constitution is violated and the capital murder statute should also be held void for vagueness.

WHEREFORE, the defendant, Ray Dansby, asks that the Court grant the relief requested above and that a hearing be set on the motion to quash the information.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_
Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the 2nd day of March, 1993.

_Jan Thornton_
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                         CR 92-360

RAY DANSBY                                           DEFENDANT

## MOTION FOR DISCLOSURE OF IMPEACHING INFORMATION

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and moves this Court for entry of an order directing the State to investigate and disclose all of the following within the possession, custody, control, or the existence of which is known or by the exercise of due diligence could become known to the State:

1.   Any and all consideration or promises of consideration given to or made on behalf of state witnesses.  By "consideration" defendant refers to absolutely anything of value or use, including but not limited to immunity grants, witness fees, special witness fees, transportation assistance, assistance to members of witness' family or associates of witness, assistance or favorable treatment with respect to any criminal, civil, or administrative dispute with the State or United States, and anything else which could arguably create an interest or bias in the witness in favor of the State or against the defendant or acts as an inducement to testify or to color testimony;

2.   Any and all prosecutions, investigations or possible prosecutions pending or which could be brought against the witness and any probationary, parole or deferred prosecution status of witness;

impech.inf

FILED
3-2 19 93
CHERYL COCHRAN, CLERK
BY Rose White D.C

19

3.   Any and all records and information revealing felony convictions attributed to this witness;

4.   Any and all records and information showing prior misconduct or bad acts committed by witness;

5.   Any and all personnel files for the witness.

WHEREFORE, the defendant, Ray Dansby, prays that this Court grant his motion and order the above disclosures.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_

Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the 2nd day of March, 1993.

_Jan Thornton_
Jan Thornton

86

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                        PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                               DEFENDANT

### MOTION TO ALLOW INDIVIDUAL SEQUESTERED VOIR DIRE

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.    The defendant is charged with capital murder and is therefore exposed to the penalty of death.

2.    Without waiving any objections properly raised, the defendant requests that he be allowed to question the prospective jurors individually during a sequestered voir dire, and that the Court allow the defendant wide latitude during voir dire on all issues relevant to the trial of this case.

3.    The substance of this motion is a matter totally within the discretion of the Court, and since the defendant faces the possibility of a death sentence, the Court should exercise its discretion and allow the defense a sequestered voir dire.

WHEREFORE, the defendant, Ray Dansby, requests that the Court grant the defense individual sequestered voir dire and jury selection at the trial of this case.

Respectfully submitted,

RAY DANSBY
DEFENDANT

FILED
3-2 1993
CHERYL COCHRAN, CLERK
BY KDelWhite D.C

seq.vd

81

BY: _Jan Thornton_

Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas   71730
(501) 863-7592


## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify
that a copy of the foregoing was forwarded to Pat Jackson Compton,
Chief Deputy Prosecuting Attorney, Union County Courthouse, El
Dorado,   Arkansas   71730   and   the   Hon.   Bob   E.   Shepherd,
Circuit/Chancery   Judge,   Union   County   Courthouse,   El   Dorado,
Arkansas   71730 on this the 2nd day of March, 1993.

_Jan Thornton_

Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                          DEFENDANT

### MOTION TO QUASH INFORMATION ON THE GROUND THAT THE STATUTORY AGGRAVATING CIRCUMSTANCES ARE VAGUE AND OVERBROAD AND HAVE NOT BEEN NARROWLY CONSTRUED BY THE APPELLATE COURT

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his Motion to Quash, states:

1.    The defendant is charged with capital murder and if found guilty by a jury, that same jury will then determine sentence in a separate proceeding.  During the punishment phase, the same jury will hear evidence regarding certain aggravating and mitigating circumstances to weigh in determining the appropriate punishment.

2.    Ark. Code. Ann. § 5-4-604 (1987) lists nine aggravating circumstances which the jury may consider in its sentence determination.  These aggravating circumstances are vague and overbroad on their face, a fact which does not necessarily render the statute unconstitutional, provided those aggravating circumstances are given clear and narrow construction.  Gregg v. Georgia, 428 U.S. 153 (1976).

3.    Aggravating circumstances must be clearly and narrowly construed by appellate courts to avoid overly broad or differing interpretations of their application, which could lead to dissimilar results and preclude any meaningful basis for distinguishing the few cases in which the penalty of death is overagg

FILED
3-2 19 93
CHERYL COCHRAN, CLERK
BY Rose White DC

83

imposed from the many in which it is not.  Maynard v. Cartwright, 486 U.S. 356 (1988) and Godfrey v. Georgia, 446 U.S. 420 (1980).

4.    Where an overly broad or vague interpretation is given the aggravating circumstances, they cannot constitutionally under the Eighth and Fourteenth Amendments be the basis for imposition of the penalty of death.  Maynard v. Cartwright and Godfrey v. Georgia.

5.    The Arkansas Supreme Court, in Miller v. State, 269 Ark. 341, 605 S.W.2d 430 (1980)(Substitute Opinion on Rehearing), refused to narrowly or otherwise construe the meaning of the statutory aggravating circumstances and, instead, stated it would defer to the jury's uninformed and undisclosed interpretation of the aggravating circumstances and affirm its findings on less than substantial evidence, as long as the jury "could sincerely and honestly [make] the finding as they understood the question." Id., at 355.  [Emphasis Court's].  By failing to give a narrow meaning to the aggravating circumstances and, instead, deferring to an uninformed jury, the Court effectively adopted such a broad, vague, and varying construction of the statutory aggravating circumstances as to render Ark. Code Ann. § 5-4-604 violative of the Eighth and Fourteen Amendments.

6.    It is only when the necessarily somewhat vague and overbroad language used to delineate the statutory aggravating circumstances is given a clear and narrow construction that a sentencing statute passes constitutional muster, Gregg v. Georgia; otherwise the statute invites the arbitrary and

overagg

84

capricious imposition of the death penalty and is violative of the Eighth and Fourteenth Amendments.  Maynard v. Cartwright and Godfrey v. Georgia.

7.  Although the aggravating circumstances involved in Miller v. State, were not overly broad or vague on their face, the Arkansas Supreme Court's affirmance of their application to the facts involved in the Miller case represents an overbroad application of those circumstances as applied.  Since the Arkansas Supreme Court in Miller refused to give meaning to those aggravating circumstances, instead deferring to the jury's uninformed and unexplained findings, the Court has upheld findings of various aggravating circumstances on virtually almost any factual situation.  Accordingly, through its failure to perform its appellate review responsibilities, the statutory aggravating circumstances can be applied to nearly any factual situation.  Thus, they unconstitutionally fail to perform the narrowing function necessary for constitutional application of the statute.  The review function performed by the Arkansas Supreme Court in Miller v. State, and in cases subsequent thereto, was specifically rejected as an unconstitutional failure to perform appellate review responsibilities in Maynard v. Cartwright.

8.  Because the Arkansas Supreme Court has failed to give any construction to the meaning of statutory aggravating circumstances they can be argued by the state to apply to any given fact situation, and thus, are unconstitutionally vague as

overagg                              3

actually applied.

WHEREFORE, the defendant, Ray Dansby, prays that this Court quash the information and declare the sentencing provisions of the Arkansas death penalty statute unconstitutional as overbroad and vague.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*

Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas  71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the 2nd day of March, 1993.

*Jan Thornton*

Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                          PLAINTIFF

VS.                        CR 92-360

RAY DANSBY                                                 DEFENDANT

### MOTION TO PRECLUDE THE PROSECUTION
### FROM USING ITS PEREMPTORY CHALLENGES
### TO EXCLUDE BLACK PERSONS AND OTHER GROUPS

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and moves this Court pursuant to the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the laws and constitution of the State of Arkansas for an order preventing the State from utilizing its peremptory challenges and the jury summoning process in a biased manner to exclude black persons and other specific groups from serving on the jury.  In support of his motion, defendant states:

1.   He is an indigent black person accused of a capital crime, and the State is seeking the death penalty.  All the prosecuting attorneys are white, the trial court is white, and some witnesses for the prosecution are white.  In contrast, most of the witnesses that the defense expects to call are black, and the defense at both phases of the trial will be one to which black persons are peculiarly sensitive.

2.   This practice by the prosecuting attorney and his staff follows two centuries of discrimination against black people in every aspect of life in this country and in the criminal justice system here.  This practice violates the equal protection clause of the Fourteenth Amendment to the United

perempt.blk

FILED
3-2 19 93
CHERYL COCHRAN, CLERK
BY Rose White D.C.

97

States Constitution, <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), as well as the due process clause of the Fourteenth Amendment and the fair cross-section requirement of  the Sixth Amendment. <u>McCray v. Abrams</u>, 750 F.2d 1113, 1118 (2d Cir. 1984) ("the Sixth Amendment prohibits the prosecution's  use of challenges to discriminate on the basis of race..."). <u>See</u> <u>also</u>, <u>State v. Gilmore</u>, 511 A.2d 1150 (1986); <u>Commonwealth v. Soares</u>, 377 Mass. 461, 387 N.E.2d 499 (1979); <u>People v. Wheeler</u>, 583 P.2d 748 (Cal. 1978); <u>Ward v. State</u>, 293 Ark. 88, 733 S.W.2d 728 (1989).

3.   It is anticipated that the prosecuting attorney will continue this pattern of racial discrimination in the exercise of his peremptory strikes and that the jury summoning process will result in an underrepresentation of blacks on the summoned panel.

4.   The exclusion of members of a specific group from the jury, whether or not a defendant is a member of that group, tried is done in order that the defendant will receive excessive punishment if found guilty.  Such discrimination also injects racial prejudice into the fact-finding process and the jury's sentencing determination.

5.   There is no nondiscriminatory basis for the prosecution's use of its peremptory challenges to exclude all blacks from the jury, nor unbiased reason for use of peremptory challenges to exclude other groups.

6.   There is an even more compelling need for an impartial jury in a capital case in order that there be enhanced reliability in both the guilt-innocence as well as sentencing

<u>perempt.blk</u>

88

phase of trial pursuant to the Eighth Amendment.  <u>Adams v. Texas</u>,
448 U.S. 38 (1980).

      WHEREFORE, the defendant, Ray Dansby, requests that the
prosecuting attorney be restricted from using peremptory
challenges in a racially biased manner, and, if he strikes
members of discrete minority ethnic groups, that the prosecuting
attorney be required to give adequate explanations for each
challenge made.

      Respectfully submitted,

      RAY DANSBY
      DEFENDANT


BY: _Jan Thornton_____
      JAN THORNTON
      Arkansas Bar No. 91035
      101 West Main, Ste 503
      El Dorado, AR  71730
      (501) 863-7592

      ATTORNEY FOR DEFENDANT

89

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the 2nd day of March, 1993.

_Jan Thornton_

Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                       PLAINTIFF

VS.                        CR 92-360

RAY DANSBY                                              DEFENDANT

<u>MOTION TO HOLD THE PROVISIONS OF THE
DEATH PENALTY STATUTE, ARK. CODE ANN. §5-10-101 (SUPP. 1989)
UNCONSTITUTIONAL</u>

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and for his motion states:

1.    The defendant is charged with capital murder pursuant to Ark. Code Ann. §5-10-101(a)(4) (Supp. 1989).

2.    In 1989, the Arkansas Legislature rewrote the Capital Murder statutory provision of §5-10-101(a)(4), which now provides:  "with the premeditated and deliberate purpose of causing the death of another person, he causes the death of any person."

3.    This revision of §5-10-101(a)(4) makes the entire capital murder statutory scheme unconstitutional in that it violates the defendant's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

<u>BRIEF</u>

The United States Supreme Court has held that the death penalty may not be imposed under sentencing procedures that create a substantial risk that the punishment will be inflicted in an arbitrary and capricious manner.  <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976).  There must be a meaningful basis for distinguishing the few cases where the death penalty is imposed

<u>premedunc</u>

FILED
3 - 2 19 93
CHERYL COCHRAN, CLERK
BY U Snowden D.C

91

from the many which it is not.  Furman v. Georgia, 408 U.S. 241
(1972).  This is because "The Eighth and Fourteenth Amendments
cannot tolerate the infliction of a sentence of death under legal
systems that permit this unique penalty to be so wantonly and so
freakishly imposed."  Furman v. Georgia, at 310 (Stuart, J.,
concurring).

     In Godfrey v. Georgia, 446 U.S. 420 (1980), the Supreme
Court found that the "state has a constitutional responsibility
to tailor and apply its law in a manner that avoids the arbitrary
and capricious infliction of the death penalty.  Part of the
state's responsibility is this regard is to define the crimes for
which death may be the sentence in a way that obviates
standardless discretion."  The Court reiterated that the statute
must channel the sentencer's discretion by clear and objective
standards that provide specific and detailed guidance and make
rationally reviewable the process for imposing the death penalty.
The Court upheld Texas' death penalty statutory scheme noting
that their legislature had strictly narrowed the categories of
murder for which the death penalty may be imposed.  Jurek v.
Texas, 428 U.S. 262 (1976).

     Under the Arkansas death penalty statute, as now amended,
there is no narrowing or limiting whatsoever.  Prior to the
revision a "premeditated and deliberated" murder was a First
Degree Murder.  Now, since the revision, a premeditated and
deliberated murder is a capital murder and, pursuant to Ark. Code
Ann. §5-10-102(a)(2), First Degree Murder is "with the purpose of

premedunc

causing death of another person, he causes the death of another person."

Clearly the only determining factor as to whether a homicide is categorized as a capital murder or murder in the first degree now is the prosecuting attorney's decision on how to file the charge.  Currently, almost any homicide could fall under the capital murder statute, thus failing to adequately narrow the death cases from the non-death cases.  The entire procedure now is unconstitutional in that it fails to truly narrow the class of person (1) eligible for the death penalty and (2) deserving of the death penalty.  In Woodson v. North Carolina, 428 U.S. 289 (1976), the Supreme Court noted, "the amorphous nature of the controlling concepts of willfulness, deliberation and premeditation."  The Court apparently was recognizing that more was needed to justify the ultimate and irreversible penalty of death.  It should also be noted that the Arkansas Supreme Court has held repeatedly that premeditation and deliberation can be instantaneous and the intent to kill need not to have existed for an appreciable length of time and may also be conceived in an instant.  Garza v. State, 293 Ark. 175, 735 S.W.2d 702 (1987); Harris v. State, 291 Ark. 504, 726 S.W.2d 267 (1987); Fields v. State, 280 Ark. 153, 655 S.W.2d 419 (1983); Ford v. State, 276 Ark. 98, 633 S.W.2d 213 (1982); Stout v. State, 263 Ark. 355, 565 S.W.2d 23 (1978).

Furthermore, the Arkansas Supreme Court held that the narrowing function of Arkansas' death penalty statute was

premedunc                                  3

performed at the guilt phase in <u>O'Rourke v. State</u>, 295 Ark. 57, 746 S.W.2d 52 (1988). Consequently, the Arkansas Capital Murder Statute, §5-10-101(a)(4), has absolutely no narrowing mechanism. If the "narrowing" is done at the guilt phase and almost all homicides can fall within the category of capital murder, then logically, there is no narrowing. In Arkansas under present law any murder could be a capital murder. The only determinative factor is the prosecuting attorney who can wield his unbridled discretion however he sees fit or however is politically expedient.

What essentially is being said by the legislative revision of 1989 to Ark. Code Ann. §5-10-101(a)(4) is that all murders that previously were found in Ark. Code Ann. §5-10-102(a)(2) have now been promoted to a capital murder status. Where is the narrowing? This simply does not meet the narrowing function requirement for a regime of capital punishment as stated in <u>Lowenfield v. Phelps</u>, 484 U.S. 231 (1988).

If, as our Supreme Court has stated in <u>O'Rourke v. State</u>, 295 Ark. 57, 746 S.W.2d 52 (1988), the constitutionally mandated narrowing function is to be performed at the guilt phase, the revision of Ark. Code Ann. §5-10-101(a)(4) displays no narrowing function whatsoever. It is void for vagueness and does not set clear and reasonable guidelines to prevent an arbitrary and discriminatory application of the death penalty under Ark. Code Ann. §5-10-101(a)(4) and thus is unconstitutional.

WHEREFORE, for the foregoing reasons, the defendant, Ray

Dansby, prays that this Court dismiss the capital charge herein, or in the alternative, order the same reduced to murder in the first degree, and for all other relief to which he may be entitled.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_
Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas  71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the 2nd day of March, 1993.

_Jan Thornton_
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                            PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                                  DEFENDANT

## MOTION FOR DISCOVERY

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and for his motion for discovery, requests the following materials pursuant to A.R.Cr.P. 17.1, Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97 (1976); United States v. Bagley, 473 U.S. 667 (1985); Pennsylvania v. Ritchie, 480 U.S. 39 (1987):

1.   The names, residence addresses, telephone numbers and employment of all persons that the Prosecuting Attorney intends to call as witnesses at the trial of this cause, and nature, substance and source of their information and testimony.

2.   All written or recorded statements and the substance of all oral statements made by all persons named in Number 1 above, together with all written or recorded statements and the substance of any oral statements made by defendants or any co-defendants.

3.   A photocopy of the police investigative file in the case.

4.   All reports or statements of experts made in connection with this cause, including the results of scientific tests, physical or mental examinations, experiments, or comparisons.

5.   Any books, papers, documents, photographs or tangible

std.dis

FILED

3-2 19 93

CHERYL COCHRAN, CLERK

BY _____ D.C

94

objects which the Prosecuting Attorney intends to use in any hearing or at the trial, or which were obtained from or belong to defendant or any co-defendant.

6.   Any record of prior criminal convictions of the defendant or any persons whom the Prosecuting Attorney intends to call as witnesses at any hearing or at the trial of this cause.

7.   Any and all records and information showing prior misconduct or bad acts committed by any state witness.

8.   The exact nature and substance of any and all considerations or promises of leniency, immunity, or any other consideration given to or made on behalf of any State witness or person providing information to the authorities herein.

9.   Any and all prosecutions, investigations, or possible prosecutions pending, which could be brought against any State witness or person providing information to the authorities herein, and any probation, parole, or deferred prosecution status of any such witness or person.

10.   Any psychological, psychiatric or mental evaluation of any State witness or any evidence of any psychological, psychiatrist or mental treatment of any such witness.

11.   Any hypnosis given to any State's witness to assist that witness' memory or recollection of the facts to which same will testify.

12.   Any relationship to the prosecuting authorities or police officers involved in this cause, of persons whom the Prosecuting Attorney intends to call as witnesses or who provided

information to the authorities herein.

13.  Any information that any of the State's witnesses had consumed alcohol and/or drugs prior to witnessing the events that gave rise to their respective testimony.

14.  The names and addresses of any individuals who were at any time considered suspects in this matter, and the basis of such suspicion, together with the nature of any resultant charges derived therefrom.

15.  All transcripts, summaries or other information concerning electronic surveillance of the defendant, the defendant's premises or automobile, or conversations to which the defendant was a party.

16.  The names, addresses, telephone numbers and employment of all persons who have any knowledge of any material facts in connection with this cause, including any informants, who have supplied any information to the police or Prosecuting Attorney. (This request is made in addition to the individuals named in Number 1 hereinabove.)

17.  Any polygraph tests taken by or offered to the accused or any witness herein relating in any manner to the facts alleged in the crime charged.

18.  The exact nature, method and manner of the defendant's alleged participation in this crime.

19.  The transcripts of all preliminary hearings, probable cause hearings, hearings on affidavits or applications for search and seizure warrants or arrest warrants, and any other hearings

std.dis                              -3-

in connection with this case.

20.   The transcripts of any Grand Jury testimony by defendant, co-defendants, or witnesses in this or any connected case(s).

21.   All informations, testimony, statements, reports, books, papers, documents or tangible objects which may be material in nature with respect to the defendant.

22.   All affidavits and transcripts of any recorded oral testimony given in support of application for search and seizure warrants or arrest warrants in this case.

23.   All search and seizure or arrest warrants issued in this cause, together with the returns thereof.

24.   All tape recordings, tapes, still photographs, motion picture and video tape recordings made in connection with this cause.

25.   Any information tending to show that other persons excluding the accused were involved in the crime alleged.

26.   Any material or information within the knowledge, possession or control of the Prosecuting Attorney or authorities, which would tend to negate the guilt of the defendant, or mitigate any punishment therefor, or which could reasonably be expected to help the defendant in the preparation of his defense.

27.   Any information that tends to show that the accused had consumed alcohol and/or drugs prior to the commission of the allege offense.

28.   Any internal documents or other evidence of any law

std.dis                            -4-

enforcement official's misfeasance, malfeasance or negligence, whether by acts of omission or commission, in the performance of his or her duties concerning this specific case, specifically including whether the arrests herein were made in hopes of furthering of any other criminal prosecutions.

29. Any training guides, manuals or other similar materials utilized by each law enforcement agency involved herein, which provide information relative to any investigation or arrest in this type of crime.

30. Any evidence of periodic destruction of any evidence by any law enforcement agency involved herein, such as the periodic destruction of documents, officer's case notes and the like, and whether any such evidence, documents or officer's case notes were destroyed in this case.

31. Any statement of any individual which presents or indicates a doubt as to the identity of the accused, the location of the crime, or the description of any tangible item relevant to the charge.

32. The complete, unabridged and unexpurgated investigation case file on the police and law enforcement agencies involved in this matter.

Defendants further requests that the Court order the Prosecuting Attorney to file a formal and timely response to this motion, in order that the record of discovery be preserved in this case, and to insure the orderly progress of this matter and the administration of justice.

std.dis                               -5-

WHEREFORE, the defendant, Ray Dansby, prays that this Court issue its order upon the Prosecuting Attorney for the discovery and inspection hereinabove requested, and the Court order the Prosecuting Attorney to file a formal response to this motion, each item herein separately so that a denial or any particular item can specifically be noted for the record for appeal purposes.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*
Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

<u>CERTIFICATE OF SERVICE</u>

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the 2nd day of March, 1993.

*Jan Thornton*
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                              CR 92-360

RAY DANSBY                                           DEFENDANT

## MOTION TO ALLOW OPENING STATEMENT
## AT PENALTY PHASE

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion, states:

1.   Capital murder trial procedure is governed in Arkansas by Ark. Code Ann. § 5-4-602 (1987), which provides, in part, that should the jury find the Defendant guilty of capital murder, the same jury shall hear additional evidence relating to the statutory aggravating factors and any mitigating factors in its determination of sentence.

2.   Ark. Code Ann. § 5-4-602(4) further provides that the state and the defense shall be permitted to present argument respecting sentencing.  A fortiori, the state and the defense should be allowed to make opening statements in the penalty phase.  The death penalty shall not be imposed in an arbitrary and capricious manner and, accordingly, the jury should be given specific and detailed guidance in reaching its decision.  See, Godfrey v. Georgia, 446 U.S. 420 (1980); Gregg v. Georgia, 428 U.S. 153 (1976); Furman v. Georgia, 408 U.S. 238 (1972).  Opening statements serve as a guideline to the jury for the evidence they are about to hear and, necessarily, comport with the Eighth Amendment and Due Process requirements afforded a capital Defendant.

opening.pph

FILED

3-2 19 93

CHERYL COCHRAN, CLERK

BY U Snowden D.C

FILED

108

WHEREFORE, the defendant, Ray Dansby, requests that this Court enter an order allowing opening statements in the penalty phase.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY *Jan Thornton*

Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas   71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the ___ day of March, 1993.

*Jan Thornton*
Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                           DEFENDANT

<u>MOTION TO DISCLOSE THE PAST AND PRESENT
RELATIONSHIPS, ASSOCIATIONS AND TIES BETWEEN THE
PROSECUTING ATTORNEY AND PROSPECTIVE JURORS</u>

Comes now the defendant, Ray Dansby, by and through counsel, Jan Thornton, and in support of his motion states and alleges as follows:

1.   This case involves sensitive, emotional issures of violence which will make selection of impartial jurors difficult.

2.   This difficulty is compounded by the size of the community and the fact that the Prosecuting Attorney has personal ties with many of the prospective jurors which will impede their ability to make a fair and impartial determination of the issues.

3.   Discovery of religious, social, business, professional, recreational, and political associations, and previous employment by or dealings with any prospective juror or juror's family as to the criminal justice system, is essential to a thorough voir dire of the jurors and selection of an impartial jury.

4.   Prospective jurors are often hesitant to reveal such relationships.

WHEREFORE, the defendant, Ray Dansby, prays that the motion for disclosure be granted along with any further relief the Court may deem appropriate.

<u>pros.rlt</u>                    -1-

FILED

3-2 19 93

CHERYL COCHRAN, CLERK

BY U Snowder D.C

102

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: *Jan Thornton*

Jan Thornton
Attorney at Law
Arkansas Bar No. 91035
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
**(501)** 863-7592


## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the 2nd day of March, 1993.

*Jan Thornton*

Jan Thornton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR 92-360

RAY DANSBY                                           DEFENDANT

<u>MOTION TO HOLD THE SENTENCING PROVISIONS OF THE
DEATH PENALTY STATUTE, ARK. CODE ANN. § 5-4-603 (1987)
UNCONSTITUTIONAL</u>

Comes now the defendant, Ray Dansby, by and through counsel,
Jan Thornton, and in support of his Motion, states:

1.    Should the defendant be found guilty of capital murder,
a second trial will be required to determine the sentence to be
imposed.

2.    With regard to sentencing, Ark. Code Ann. § 5-4-603
provides:  The jury <u>shall</u> impose a sentence of death if it
unanimously returns written findings that:  (a) aggravating
circumstances exist beyond a reasonable doubt; (b) aggravating
circumstances outweigh beyond a reasonable doubt all mitigating
circumstances found to exist; and (c) aggravating circumstances
justify a sentence of death beyond a reasonable doubt.

3.    If the jury makes the findings set forth above, the
Arkansas capital murder scheme becomes a mandatory death statute
and as such, it is unconstitutional because it does not allow a
jury to show mercy upon a particular defendant despite whatever
findings are made.  <u>Gregg v. Georgia</u>, 428 U.S. 153 (1976);
<u>Woodson v. North Carolina</u>, 428 U.S. 280 (1976); and <u>Roberts v.
Louisiana</u>, 428 U.S. 325 (1976).

4.    As the Commentary to § 5-4-603 explains, prior to

mand.sen

FILED

3-2  19 93

CHERYL COCHRAN, CLERK

BY _____ D.C.

10 b

amendment in 1977 the Arkansas capital sentencing scheme allowed a jury to show mercy and return a lesser sentence even if it made all the required findings for imposition of the death penalty.

5.    Former law thus did not constrain the jury's consideration of all mitigating circumstances at all relevant times because it allowed the jury the opportunity to consider the mitigating circumstances, even though outweighed by those in aggravation, in making its ultimate sentencing decision. Although aggravating circumstances may outweigh those in mitigation, the totality of the mitigating circumstances might convince the jury that death was not the appropriate punishment in the case even if the aggravating factors existed to justify it.

6.    The present statutory procedure prohibits the consideration of all mitigating factors at all relevant times, and thus unconstitutionally constrains the jury's consideration of all mitigating aspects of the crime.  Lockett v. Ohio, 438 U.S. 586 (1978).

7.    The Arkansas Supreme Court has indicated that a jury should be told that despite its findings that aggravating circumstances exist and outweigh those in mitigation it could still exercise mercy in answering the third question as to whether the aggravating circumstances justified a sentence of death.  Williams v. State, 274 Ark. 9, 621 S.W.2d 686 (1981). The question asked by the jury in the Williams case, "No matter how we've answered the questions on Form A and Form B, will it make a

107

difference on the type of sentence we give?", exemplifies the confusion and constraint that juries are confronted with under the Arkansas sentencing procedure.

8.   The only way to remove the unconstitutional constraint on the jury's consideration of mitigating aspects of the defendant's character and the crime is for the trial court to instruct the jury that regardless of its findings that aggravating circumstances exist and outweigh all mitigating circumstances, it may nevertheless show mercy upon consideration of whether the mitigating circumstances in the case are such that the death penalty is not justified.

WHEREFORE, the defendant, Ray Dansby, asks that this Court declare the sentencing provisions of the capital murder statute unconstitutional and dismiss the charge against the defendant, or, in the alternative, give the remedial instruction requested in the penalty phase of the trial to remove the unconstitutional constraint imposed by those sentencing provisions.

Respectfully submitted,

RAY DANSBY
DEFENDANT

BY: _Jan Thornton_____

JAN THORNTON
Arkansas Bar No. 91035
101 West Main, Ste 503
El Dorado, AR  71730
(501) 863-7592

ATTORNEY FOR DEFENDANT

mand.sen                    3

<u>CERTIFICATE OF SERVICE</u>

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas 71730 on this the _2nd_ day of March, 1993.

*Jan Thornton*

Jan Thornton

109

IN THE CIRCUIT COURT OF UNION COUNTY ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION FOR DEFENDANT TO APPEAR AT ALL COURT APPEARANCES IN CIVILIAN CLOTHING AND WITHOUT RESTRAINT

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The security of the courtroom is the responsibility of the Union County Sheriff's Office and the extent of security precautions taken during trial is within the discretion of the Court.

2.

The State has no objection to the Defendant appearing in whatever attire he chooses provided that it does not interfere with the security or operation of the Court.

WHEREFORE, the State of Arkansas requests that the Defendant's Motion, insofar as it may interfere with Court or with the Sheriff's discretion in securing the courtroom, be denied.

FILED

3-4        19 93

CHERYL COCHRAN, CLERK

BY _____ D.C.

110

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney


## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 4th day of March, 1993.

*Pat Jackson Compton*

IN THE CIRCUIT COURT OF UNION COUNTY ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                          DEFENDANT

## RESPONSE TO MOTION TO PREVENT "VICTIM IMPACT" EVIDENCE OR, IN THE ALTERNATIVE, FOR DISCOVERY OF "VICTIM IMPACT" EVIDENCE

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

Pursuant to Arkansas Code Annotated § 5-4-601 et. seq., the State of Arkansas intends to present evidence of three (3) aggravating circumstances.

2.

For proof of aggravating circumstances the State will rely on evidence presented at trial, as well as evidence presented by witnesses and prior convictions offered during the sentencing phase.

3.

The names of such witnesses and prior convictions are available or have already been provided to the Defendant.

FILED

3-4      19 93

CHERYL COCHRAN, CLERK

BY _____ D.C.

112

4.

The State will make use of, in argument, any evidence that is presented during the guiltor penalty phase that the State determines to be helpful to its case.

WHEREFORE, the State of Arkansas asks that the Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 4th day of March, 1993.

*Pat Jackson Compton*

113

IN THE CIRCUIT COURT OF UNION COUNTY ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                          DEFENDANT

## RESPONSE TO MOTION FOR ADDITIONAL TIME TO FILE DEFENSE MOTIONS

Comes now the State of Arkansas by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State has complied with all discovery as provided by the Arkansas Rules of Criminal Procedure.

2.

Barring any unusual or extenuating circumstances, the State submits that the Defendant could and should comply with the Court's pre-trial Order.

WHEREFORE, the State of Arkansas asks that the Motion for additional time to file defense motions be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

**FILED**
3-4 1993
CHERYL COCHRAN, CLERK
BY _P Connar_ D.C

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this _4th_ day of March, 1993.

*Pat Jackson Compton*

IN THE CIRCUIT COURT OF UNION COUNTY ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO COMPEL DISCLOSURE OF AGGRAVATING FACTORS AND INFORMATION RELATING TO MITIGATING FACTORS

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State will present the aggravating circumstances upon which it intends to rely when it presents its jury instructions to the Court at the Omnibus hearing.

2.

The State's burden for providing information which is exculpatory or mitigating is covered under Arkansas Rule of Criminal Procedure 17.1.  The State has complied with the rules of discovery.

WHEREFORE, the State asks that the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

FILED
3-4 1993
CHERYL COCHRAN, CLERK
BY P Comer D.C

CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 4th day of March, 1993.

*Pat Jackson Compton*

IN THE CIRCUIT COURT OF UNION COUNTY ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO THE MOTION FOR DISCOVERY FOR PSYCHIATRIC REPORTS

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Defendant filed a Motion requesting a psychiatric evaluation on October 22, 1992. That motion was granted.

2.

The Defendant was evaluated by Dr. William Peel on January 15, 1993 and a report was submitted on January 19, 1993. The Defendant's counsel has had that report since on or about January 27, 1993.

WHEREFORE, the State of Arkansas respectfully submits that the Motion is moot in that the Defendant already has the report requested.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

FILED
3-4 1993
CHERYL COCHRAN, CLERK
BY _P Conner_ D.C

118

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 4th day of March, 1993.

Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                        PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                               DEFENDANT

## RESPONSE TO MOTION
## FOR FULL RECORDATION

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State of Arkansas has no objection to full recordation of all proceedings in this case. The State, however, defers to the Court to limit recordation as and if he sees fit.

WHEREFORE, the State of Arkansas concurs in the motion.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

### CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 4th day of March, 1993.

*Pat Jackson Compton*

FILED
3-4 19 93
CHERYL COCHRAN, CLERK
BY *Rose White* D C

IN THE CIRCUIT COURT OF UNION COUNTY ARKANSAS
FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION FOR CONTINUANCE

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Defendant was arrested on August 24, 1992 and subsequently charged in CR-92-360 with 2 counts of Capital Murder. The Public Defender's Office was appointed to represent this Defendant the day after his arrest or August 25, 1992.

2.

This Defendant has been evaluated by both the South Arkansas Regional Health Center and by defense counsel's own clinical psychologist and reports have been prepared.

3.

On November 18, 1992, the State requested a trial setting for this Defendant from the Honorable Judge Bob Shepherd. On January 6, 1993 the State again requested a trial setting from Judge Bob Shepherd and Judge John M. Graves. On February 5, 1993 Judge Shepherd entered an Order setting the trial, an omnibus hearing, and a pre-trial conference in this matter. Ray Dansby is to proceed to trial April 14, 15, & 16 of 1993.



FILED
3-4- 19 93
CHERYL COCHRAN, CLERK
BY _____ D.C.

121

4.

Ray Dansby has been continuously incarcerated since August 24, 1992. The State cannot hold him any longer than May 24, 1993 before bringing him to trial pursuant to Arkansas Rule of Criminal Procedure 28.1.

5.

When the Judge's Order came down on February 5, 1993 the State immediately issued subpoenas for its State Crime lab witnesses and other professionals. All of the professionals subpoenaed have been served and are available for trial on a first out basis on this case.

6.

Defendant's counsel states that she feels that she cannot adequately prepare for a Capital Murder trial because she has five (5) cases scheduled for trial during the March trial term here in Union County. However, as recently as today, counsel for Defendant has filed a Motion for Continuance in one of those cases (State v. James Robinson), and another one of the cases is apparently about to plead out (State v. Jimmy L. Harris). Additionally, counsel for the State currently has pending for jury trial during this term 9 trials for which she will be lead counsel and 8 trials in which she will assist.

7.

The March trial docket has been out since January 1993, and defense counsel should have known which of her cases were actually going to proceed to trial. Her preparation for those cases could have begun as early as January, 1993. Further,

preparation for the Ray Dansby case could have and did begin as early as October, 1992 when Defense filed her first motions.

8.

By the very nature of her contract as public defender for Union County, defendant's counsel is going to have more than one (1) case during each trial term in Union County.   The Defendant, through his counsel's motion, has not shown good cause as a basis for the continuance as required by Arkansas Rule of Criminal Procedure 27.3.

9.

Further the State respectfully submits that the March trial term ends no later than March 19th, and the Dansby case is not scheduled to begin until April 14th.   This is certainly adequate time to prepare for trial.

WHEREFORE, the State asks that the Motion for Continuance be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 4th day of March, 1993.

*Pat Jackson Compton*

123

IN THE CIRCUIT COURT OF UNION COUNTY ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                        PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                               DEFENDANT

## RESPONSE TO MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The "death qualification" of a jury is permissible under the United States Constitution. Lockhart v. McCree, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 27 (1986).

2.

The "death qualification" of the jury does not violate the Arkansas Constitution. See Hatley v. State, 289 Ark. 130, 138-139, 709 S.W. 2d 812 (1986); Baker v. State, 289 Ark. 430, 433, 711 S.W. 2d 816 (1986); Hill v. State, 289 Ark. 387, 298, 713 S.W. 2d 233 (1986); Fretwell v. State, 289 Ark. 91, 97-98, 708 S.W. 2d 630 (1986); Harman v. State, 286 Ark, 184, 185, 690 S.W. 2d 125 (1985); Rector v. State, 180 Ark. 385, 659 S.W. 2d 168 (1983).

3.

The Defendant has cited no authority to support his argument.

FILED
3-5    1993
CHERYL COCHRAN, CLERK
BY _____ D C

WHEREFORE, for the reasons stated above, the State of Arkansas respectfully request that the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Deputy Prosecuting Attorney


## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this ___5th___ day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO REQUIRE INVESTIGATIVE OFFICERS TO RETAIN ROUGH NOTES

Comes now the State of Arkansas by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

That the State of Arkansas will comply with the rules of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed 2d 215 (1963) as well as the discovery rules as set forth in the Arkansas Rules of Criminal Procedure, specifically Rule 17.1 (a).

2.

The Defendant has not alleged any facts to indicate that any specific reports or rough notes contain anything which would tend to exculpate the Defendant resulting in a reduction of his punishment, or affect the outcome of the trial.

FILED

3-5 ___ 19 93

CHERYL COCHRAN, CLERK

BY _____ P Conna D.C

126

3.

That the prosecuting attorney is not obligated by constitutional mandate to make a complete and detailed accounting to the defense of all police investigatory work on the case. Goodwin v. State, 263 Ark. 856, 568 S.W.2d 3 (1978); U.S. v. Agurs, 427 U.S. 97, 96 S.Ct 2392, 49 L.Ed 2d 342 (1976).

WHEREFORE, for the reasons stated above the State respectfully requests that the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this 5th day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                            CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO ALLOW OPENING STATEMENT AT PENALTY PHASE

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State has no objection to this Court entering an Order allowing both the prosecuting and defense opening statements during the penalty phase.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

### CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this 5th day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

FILED
3-5 19 93
CHERYL COCHRAN, CLERK
BY V Snowder D.C

128

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                        PLAINTIFF

VS                               CR-92-360

RAY DANSBY                                              DEFENDANT

## RESPONSE TO MOTION TO OMIT FROM SUBMISSION TO THE JURY ANY AGGRAVATING CIRCUMSTANCE COMPLETELY UNSUPPORTED BY THE EVIDENCE

Comes now the State of Arkansas by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Arkansas Supreme Court in <u>Miller v. State,</u> 269 Ark. 341, 605 S.W.2d 430 (1980), also suggested that mitigating circumstances completely unsupported by any evidence should not be submitted to the jury as well.

WHEREFORE, for the reasons stated above, the State respectfully requests that the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

FILED
3-5 19 93
CHERYL COCHRAN, CLERK
BY Snowder D

129

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _5th_ day of March, 1993.

Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO PROHIBIT THE STATE FROM SEEKING THE DEATH PENALTY ON THE GROUNDS THAT HISTORICALLY THE DEATH SENTENCE HAS BEEN ARBITRARILY AND CAPRICIOUSLY IMPOSED IN A RACIALLY DISCRIMINATORY MANNER IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Arkansas Supreme Court has repeatedly rejected the argument that Arkansas capital murder statutes are unconstitutional, as violative of the Eighth and Fourteenth Amendments to the United States Constitution. Miller v. State, 269 Ark. 341, 605 S.W. 2d 430 (1980); Swindler v. State, 267 Ark. 418, 592 S.W. 2d 91 (1979); Pickens v. State, 261 Ark. 756, 551 S.W. 2d 212 (1977); Collins v. State, 261 Ark. 195, 548 S.W. 2d 106 (1977).

2.

That the cruel and unusual punishment argument of the Defendant's was rejected in Gregg v. Georgia, 428 U.S. 153 (1976), and by the Arkansas Supreme Court in Fairchild v. State, 284 Ark. 289, 681 S.W.2d 380 (1980).

FILED

3-5 19 93

CHERYL COCHRAN, CLERK

BY _____ D.C

131

3.

That the Arkansas Capital murder statutes provide adequate guidelines, so limiting and directing the exercise of the jury's discretion that an arbitrary, capricious, wanton or freakish exercise of that discretion is improbable.  Hill v. State, 289 Ark. 387, 713 S.W. 2d 233 (1986).

4.

That the argument that prosecutorial discretion in seeking the death penalty is arbitrary and capricious has been dealt with and rejected in Bordenkircher v. Hayes, 434 U.S. 359 (1978), and in Miller v. State, 269 Ark. 341, 605 S.W. 2d 430 (1980).

5.

That the safeguards in our law whereby capital Defendants are tried and sentenced are intended to prevent the arbitrary and capricious imposition of the death penalty.  Clines v. State, 282 Ark. 541, 669 S.W. 2d 883 (1984).

6.

That the constitutional guarantees afforded Defendant is a guarantee against the arbitrary and capricious isolation of one group of offenders from more severe punishment than the punishment given some other group for the same offense.  Wilson v. State, 271 Ark. 682, 611 S.W. 2d 739 (1981);   Gregg v. Georgia, 428 U.S. 153 (1976).

WHEREFORE, for the reasons stated above, the State respectfully requests that the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this 5th day of March, 1993.

*Pat Jackson Compton*
Pat   Jackson   Compton

133

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                               CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO ASSURE CROSS SECTION OF COMMUNITY FOR JURY

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

Arkansas Code Annotated § 16-32-106 sets out the procedure by which the sheriff will summons persons for a petit jury.

2.

The Defendant has not alleged that the Union County Sheriff's Office is not following the law as set out in A.C.A. § 16-32-106 and the State is anaware of any noncompliance.

3.

The Defendant has offered no authority for requiring the procedures laid out in its motion. The State respectfully submits that these additional procedures are not necessary to assure a cross section of the community for the jury panel.

WHEREFORE, the State of Arkansas requests that the Motion, insofar as it requires additional procedures not set out in the law, be denied.

FILED

3 - 8 1993
CHERYL COCHRAN, CLERK
BY

1334

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 8th day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

135

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO PROHIBIT SUBMISSION TO THE JURY THE AGGRAVATING CIRCUMSTANCES CONTAINED IN A.C.A. § 5-4-604(3) & (4) (1987) AT THE PENALTY PHASE OF THE TRIAL

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State has absolutely no intention of attempting to use each separate homicide as an aggravating circumstance of the other homicide.  The State is fully aware that that would not be proper.

2.

However, the State does intend to submit evidence as to 5-4-604 (3) & (4) as the facts of this case warrant.

WHEREFORE, the State of Arkansas asks that, insofar as it pertains to evidence not addressed in Defendant's Motion, the Defendant's Motion be denied.



FILED

3-8 19 9 3

CHERYL COCHRAN, CLERK

BY L. _____ D.C.

13 b

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 8th day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

137

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

                                                     DEFENDANT
RAY DANSBY

## RESPONSE TO MOTION TO PRECLUDE THE PROSECUTION FROM USING ITS PEREMPTORY CHALLENGES TO EXCLUDE BLACK PERSONS AND OTHER GROUPS

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

Pursuant to A.C.A. § 16-33-305(a), "[t]he state shall be entitled to ten (10) peremptory challenges in prosecutions for capital murder . . ."

2.

The State, as always, will comply with the procedures set forth in relevant Arkansas case law in regard to jury selection and will comply with the requirements of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in the exercise of the allotted peremptory challenges.

3.

That in addition, the Fourteenth Amendment prohibits criminal defendants from exercising peremptory challenges based upon race and the procedure set out in Batson applies to

FILED

3 - 8 19 93

CHERYL COCHRAN, CLERK

BY _L. Patterson_ D.C

138

Defendants as well.  Georgia v. McCollum, 505 U.S. _____ , 112

S.Ct. 2348, 120 L.Ed 2d 33 (1992).

                              RESPECTFULLY SUBMITTED,
                              Tom Wynne,


                         BY: Pat Jackson Compton
                             Pat Jackson Compton
                             Chief Deputy Prosecuting Attorney


### CERTIFICATE OF SERVICE

    I, Pat Jackson Compton, do hereby certify that the above
Response has been served on the Defendant by mailing a copy of
the same to Jan Thornton, Attorney for Defendant, at 217 South
Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the
Honorable Judge Bob Shepherd, at the Union County Courthouse,
El Dorado, Arkansas 71730 on this 5th day of March, 1993.

                         Pat Jackson Compton
                         Pat Jackson Compton

139

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                        PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                              DEFENDANT

## RESPONSE TO MOTION TO HOLD THE SENTENCING PROVISIONS OF THE DEATH PENALTY STATUTE, A.C.A. § 5-4-603 (1987), UNCONSTITUTIONAL

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Defendant's Motion is meritless, as the sentencing scheme has been upheld by the United States Supreme Court and the Arkansas Supreme Court. See McClesky v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed 2d 262 (1987); Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct 2909, 49 L.Ed.2d 859 (1976).

2.

The Arkansas Supreme Court held in Hill v. State, 289 Ark. 387, 713 S.W.2d 233 (1986), that because the sentencing statute does not require a mandatory death sentence but rather establishes criteria which must be strictly met before a death sentence shall be imposed, it is not unconstitutional. In

FILED

3 - 8 1993

CHERYL COCHRAN, CLERK

BY L. Patterson D.C.

14D

addition, even if the jury determines that aggravating circumstances outweigh mitigating circumstances, they are not bound under the Arkansas statutory scheme, A.C.A. § 5-4-603, to return a verdict of death. Johnson v. State, 308 Ark. 7, 823 S.W.2d 800 (1992); Clines v. State, 280 Ark. 77, 656 S.W. 2d 684 (1983); Pickens v. State, 292 Ark. 362, 730 S.W. 2d 230; Williams v. State, 274 Ark. 9, 621 S.W.2d 681 (1981).

Accordingly, the State submits that the sentencing procedure utilized in Arkansas does not suffer from the constitutional infirmities complained of by the Defendant.

3.

Additionally, the Defendant argues that the only way to remove what he perceives as an unconstitutional constraint on the jury's consideration of mitigating aspects of Defendant's character and the crime is to specially instruct the jury. The Arkansas Supreme Court in Whitmore v. State, 299 Ark. 55, 771 S.W. 2d 266 (1989), held that A.C.A. § 5-4-603 (a) through (c) is proper when the jury is instructed in accordance with AMCI 1509 that it may, by finding that the circumstances will not warrant the imposition of the death penalty, return a verdict of life without parole.

4.

The Defendant raises no new arguments for overturning the cases on this issue.

WHEREFORE, the State of Arkansas requests that both the Defendant's Motion and his request to instruct the jury be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,


BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney


## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

142

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO ALLOW DEFENDANT TO VIEW THE SCENE OF THE CRIME WITH HIS ATTORNEYS

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State has no objection to this Motion with the proviso that, not only will a law enforcement officer be present, but also the Defendant will be restrained at all times to deter escape.

WHEREFORE, the State requests that the Court order that the Defendant be restrained securely while viewing the scene of the crime.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

FILED

3-8 19 93

CHERYL COCHRAN, CLERK

BY *P Conner* D.C

143

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this _8th_ day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                           CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO QUASH INFORMATION ON GROUND THAT DEATH PENALTY IS A CRUEL AND UNUSUAL PUNISHMENT, VIOLATIVE OF THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The death penalty does not, per se, violate the Eighth Amendment to the United States Constitution. Gregg v. Georgia, 428 U.S. 153, 96 S.Ct 2909, 49 L.Ed 2d 859 (1976).

2.

The Defendant's assertion that seeking the death penalty constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution is fundamentally flawed, in that seeking a punishment provided by statute does not constitute punishment of any kind.

3.

The cruel and unusual punishment argument of Defendant's was rejected in Gregg v. Georgia, 428 U.S. 153, 96 S.Ct 2909, 49 L.Ed 2d 859 (1976), and by the Arkansas Supreme Court in

FILED

3-8    19 93

CHERYL COCHRAN, CLERK

BY _____ D.C

145

Fairchild v. State, 284 Ark. 289, 681 S.W.2d 380 (1980).

4.

The prohibition of the Eighth Amendment regarding cruel and unusual punishment applies to the imposition of punishment, not the right of the State to seek a particular punishment statutorily provided.

5.

The Arkansas Supreme Court has repeatedly rejected the argument that Arkansas capital murder statutes are unconstitutional, as violative of the Eighth and Fourteenth Amendments to the United States Constitution. Miller v. State, 269 Ark. 341, 605 S.W.2d 430 (1980); Swindler v. State, 267 Ark. 418, 592 S.W.2d 91 (1979); Pickens v. State, 261 Ark. 756, 551 S.W.2d 212 (1977); Collins v. State, 261 Ark. 195, 548 S.W.2d 106 (1977).

6.

The Arkansas capital murder statutes provide adequate guidelines, so limiting and directing the exercise of the jury's discretion that an arbitrary, capricious, wanton or freakish exercise of that discretion is improbable. Hill v. State, 289 Ark. 387, 713 S.W.2d 233 (1986).

WHEREFORE, the State of Arkansas respectfully request that this Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

146

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this _8th_ day of March, 1993.

Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION
## FOR FUNDS FOR EXPERT WITNESSES

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

As the Defendant has only identified one (1) expert witness by name and profession, the State will address this Motion as it pertains to his testimony only.

2.

The Defendant filed a Motion for Psychiatric Evaluation on October 22, 1992. On or about January 19, 1993, a report was prepared by the personnel at the South Arkansas Regional Health Center indicating that the Defendant was mentally competent at the time he committed the crimes alleged by the State, and was able to aid in his defense.

3.

Defense counsel chose to have Mr. Dansby evaluated by another individual, a clinical psychologist, Doug Stevens. The Defendant cites <u>Ake v. Oklahoma,</u> 470 U.S. 68, 84 L.Ed 2d 53 (1985) for the proposition that she is entitled to additional funds to pay this person.

FILED
3-8 19 93
CHER_____ __ AN CLERK
BY_____ Conner_____ D.C

148

4.

The evaluation the Defendant received at the South Arkansas Regional Health Center can be distinguished from the initial evaluation in Ake v. Oklahoma, which did not include determining the Defendant's mental state at the time of the offense.

5.

In Dunn v. State, 291 Ark 131, 722 S.W.2d 595 (1987), the Arkansas Supreme Court held that the Defendant's right to an examination under Ake v. Oklahoma was adequately protected by an examination at the State Hospital. Also, in White v. State, 290 Ark. 130, 717 S.W.2d 784 (1986), the court denied White's request for a private psychiatrist to assist in his defense and stated that the mental health personnel had taken everything into account when performing their evaluation.

6.

The State is not required to furnish expenses for a Defendant to shop from doctor to doctor until he finds one who considers him mentally incompetent. Andrews v. State, 265 Ark. 390, 578 S.W.2d 585 (1979); White v. State, 290 Ark. 130, 717 S.W.2d 784 (1986); See v. State, 296 Ark. 498, 757 S.W.2d 947 (1988).

7.

The Defendant's rights were adequately protected by the examination of mental health officials, which have no part in the prosecution of criminals. The Defendant is not entitled under Ake v. Oklahoma, to the assistance of a psychiatrist not

affiliated with the State or County.  Dunn v. State, 291 Ark 131, 722 S.W.2d 595 (1987);  Wall v. State, 289 Ark. 570, 715 S.W.2d 208 (1986).

8.

The Oklahoma law which was challenged in Ake falls short of the safeguards assured a Defendant under Arkansas law.  Dunn v. State, 291 Ark. 131, 722 S.W.2d 595 (1987).

WHEREFORE, the State respectfully requests that the Motion for Funds for Expert Witness, specifically for Dr. Doug Stevens be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this 8th day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                                DEFENDANT

## RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT EMOTION, DISPLAYS OF APPROVAL OR DISAPPROVAL AND OTHER PREJUDICIAL BEHAVIOR IN THE COURTROOM

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Courtroom decorum is clearly within the trial judge's discretion, and the State is of the opinion that should the occasion arise where it is necessary to caution spectators, then the State is confident that this honorable Court will do so. However, the State respectfully asks that no specific admonition be given which would add to the family's burden or prejudice the jury's perception of the State's case or of the family.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

FILED
3-8 1993
CHERYL COCHRAN, CLERK
BY _____ D.C.

151

## CERTIFICATE OF SERVICE

    I, Pat Jackson Compton, do hereby certify that a copy of the foregoing Response has been served on the Defendant by forwarding a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730, on this _8th_ day of March, 1993.

                                        _Pat Jackson Compton_
                                        Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                   PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                          DEFENDANT

## RESPONSE TO MOTION FOR DISCLOSURE FOR IMPEACHING INFORMATION

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State of Arkansas, as always, will comply with the rules governing discovery, specifically Arkansas Rule of Criminal Procedure 17.

2.

It is the State's opinion that most of the requests made in Defendant's Motion are not covered under the Arkansas Rules of Criminal Procedure or any relevant Arkansas Case law. However, the State will, as always, provide to the Defendant all prior felony convictions for any and all of its witnesses.

WHEREFORE, insofar as it pertains to the other requests made in the body of the motion, the State respectfully requests that this Motion be denied.

FILED

3-8 19 93

CHERYL COCHRAN, CLERK

BY _____ D.C

153

RESPECTFULLY SUBMITTED,
Tom Wynne,


BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney


## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this ___8th___ day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

154

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                   PLAINTIFF

VS                            CR-92-360

RAY DANSBY                                          DEFENDANT

## RESPONSE TO MOTION TO DISCLOSE THE PAST AND PRESENT RELATIONSHIPS, ASSOCIATIONS AND TIES BETWEEN THE PROSECUTING ATTORNEY AND PROSPECTIVE JURORS

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The procedure in voir dire is totally within the discretion of the trial court. Parker v. State, 265 Ark. 315, 578 S.W.2d 434 (1979).

2.

Voir Dire, as conducted by Circuit Judge Bob Shepherd of the 13th Judicial District, renders this motion moot.

WHEREFORE, the State of Arkansas respectfully asks that this Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

FILED
3-8    19 93
CHERYL COCHRAN, CLERK
BY

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

155

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

Pat Jackson Compton
Pat Jackson Compton

156

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                          PLAINTIFF

VS                                    CR-92-360

RAY DANSBY                                                 DEFENDANT

## RESPONSE TO DEFENDANT'S SECOND MOTION FOR DISCOVERY

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State will comply with the Arkansas Rules of Criminal Procedure; more specifically, Rule 17.

2.

The State will comply with the discovery requirements set forth in relevant case law. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.215 (1963).

WHEREFORE, insofar as the Defendant's requests are not covered by relevant case law and Arkansas Rules of Criminal Procedure, the State requests that the Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

FILED
3-8 1993
CHERYL COCHRAN, CLERK
BY _____ D.C.

157

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

158

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO QUASH INFORMATION ON THE GROUND THAT A.C.A. § 5-10-101 (A)(4)(SUPP. 1989), THE CAPITAL MURDER STATUTE, IS UNCONSTITUTIONAL DUE TO ITS OVERLAP WITH A.C.A. § 5-10-102 (A)(2) (SUPP. 1989), THE FIRST DEGREE MURDER STATUTE

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

Although the Defendant argues that the Arkansas statutory scheme is void for vagueness, the Arkansas Supreme Court on numerous occasions has held to the contrary. See Simpson v. State, 274 Ark. 188, 623 S.W.2d 200 (1981); Ruiz & Van Denton v. State, 273 Ark. 94, 623 S.W.2d 200 (1981); Cromwell v. State, 269 Ark. 104, 598 S.W.2d 733 (1980).

2.

The Arkansas Supreme Court has repeatedly held that any overlap that exists between the Capital Murder and First Degree Murder statutes is not unconstitutional. Weaver v. State, 305 Ark. 180, 806 S.W. 2d 615 (1991); Penn v. State, 284 Ark. 234,

FILED

3-8 1993
CHERYL COCHRAN, CLERK
BY _____ D.C

159

681 S.W. 2d 307 (1984);  Simpson v. State, 274 Ark. 188, 623 S.W. 2d 200 (1981).  The Supreme Court has also relied on the United States Supreme Court holding in United States v. Batchelder, 442 U.S. 114, 124-125 (1979) wherein the Supreme Court held that prosecutorial discretion does not render the statute unconstitutional so long as there is no discrimination against any class of defendants.  The Arkansas Supreme Court has followed that holding in Miller v. State, 273 Ark. 508, 621 S.W. 2d 482 (1981) and in many other cases.  Cannon v. State, 286 Ark. 242, 690 S.W.2d 725 (1985);  Penn v. State, 284 Ark. 234, 681 S.W.3d 307 (1984).

3.

The Defendant has not raised any new arguments for overruling the cases that decide this well settled issue.

WHEREFORE, the State respectfully requests that the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                          DEFENDANT

## RESPONSE TO MOTION TO ALLOW INDIVIDUAL SEQUESTERED VOIR DIRE

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The extent and scope of voir dire examination of prospective jurors lies within the sound judicial discretion of the trial judge. Finch v. State, 262 Ark. 313, 556 S.W. 2d 434 (1977); Parker v. State, 265 Ark. 315, 578 S.W.2d 206 (1979); A.R.Cr.P. Rule 32.2.

2.

The issue of sequestration of the jury for voir dire purposes is also within the trial court's discretion. Heffernan v State, 278 Ark. 325, 645 S.W. 2d 666 (1983).

3.

There are roughly 70 prospective jurors who will make up this panel. Individual sequestered voir dire of the panel would unnecessarily prolong the jury selection for this case. The mere fact that the Defendant is charged with capital murder does not mandate that the Court utilize a sequestered

FILED

3-8 1993

CHERYL COCHRAN, CLERK

Conner D.C

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION
## IN LIMINE

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Defendant cannot admit the facts portrayed in the photographs and thereby prevent the State from putting on its proof. Allen v. State, 296 Ark. 33, 751 S.W.2d 347 (1988); Parker v. State, 292 Ark. 421, 731 S.W.2d 756 (1987). Thus the fact that the Defendant has stipulated to the cause and manner of death and to the location of the bodies at the crime scene, does not prohibit the admission of relevant photographs into evidence.

2.

The fact that photographs are inflammatory or gruesome is not alone sufficient to exclude them. Parker, supra; Barker v. State, 21 Ark. App. 56, 728 S.W.2d 204 (1987). Therefore, even if the photographs are extremely grotesque as the Defendant alleges, this fact alone does not prevent the admission of the photographs into evidence.

FILED

3-8 19 93

CHERYL COCHRAN, CLERK

BY _L. Patters D.C_

162

3.

In addition, the fact that "death caused by circumstances manifesting extreme indifference to the value of human life" is not an element of the Defendant's charge has no relevance to the admissibility of the photographs. A photograph is admissible to corroborate the testimony of a witness, show the nature and extent of the wounds or the savagery of an attack, or when useful in enabling a witness to better describe objects portrayed or the jury to better understand the testimony. Barker, supra.

4.

The State, as always, is prepared to abide by the Court rules regarding the introduction of evidence.

RESPECTFULLY SUBMITTED,
Tom Wynne,


BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney


CERTIFICATE OF SERVICE
    I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

163

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION FOR DISCOVERY, INSPECTION, EXAMINATION, AND TESTING OF PHYSICAL EVIDENCE

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State of Arkansas has and will comply with Arkansas Rules of Criminal Procedure including rules 17 and 19. Further, the State will comply with discovery requirements set forth in relevant case law. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2.

Insofar as it does not delay the trial of this matter nor jeopardize the chain of custody as it pertains to any item of evidence, or cost the citizens of Union County any additional funds, the State does not object to the motion.

3.

If the Defendant advises the State as to the specific pieces of evidence he wishes to inspect, examine, or test, the State will make the necessary arrangements.

FILED
3-8-1993
CHERYL COCHRAN, CLERK
BY P Conner D.C.

164

4.

Additionally, the State will arrange to allow Defendant's counsel to view everything collected from the crime scene at her earliest possible convenience for purposes of expediting the formulation of any specific request.

WHEREFORE, the Motion should be granted, but the State respectfully request that the Court order certain conditions to attach.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

165

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO QUASH INFORMATION ON THE GROUND THAT THE STATUTORY AGGRAVATING CIRCUMSTANCES ARE VAGUE AND OVERBROAD AND HAVE NOT BEEN NARROWLY CONSTRUED BY THE APPELLATE COURT

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Defendant's Motion is meritless. The Arkansas Supreme Court, on numerous occasions, has rejected the argument that our capital murder statutes are unconstitutionally vague. Simpson v. State, 278 Ark. 334, 645 S.W.2d 688 (1983); Ford v. State, 276 Ark. 98. 633 S.W.2d 3 (1982): Earl v. State, 272 Ark. 5, 612 S.W.2d 98 (1981).

2.

In Henderson v. State, 279 Ark. 414, 652 S.W.2d 26 (1983), cert. denied, 464 U.S. 1012, 104 S.Ct. 536, 78 L.Ed 2d 716 (1983), petition denied, 281 Ark. 406, 664 S.W. 2d 451 (1984), the Arkansas Supreme Court rejected the Defendant's argument that the capital murder sentencing statute is unconstitutionally vague in that the aggravating circumstances of A.C.A. § 5-4-604 are too closely related to the elements of

FILED

3-8 1993

CHERYL COCHRAN, GLERK

16b

capital felony murder. Therefore, the Court analyzed the aggravating circumstances and did not hold them as vague and overbroad.

### 3.

The Supreme Court reviewed A.C.A. § 5-4-608 (1987) in great detail in Wilson v. State, 295 Ark. 682, 751 S.W.2d 734 (1988), and held that the eighth aggravating circumstance, A.C.A. § 5-4-604(8), which was added in 1985, and which permitted the jury to consider whether the capital murder was committed in an especially heinous, atrocious, or cruel manner, was unconstitutionally vague. The Court did not hold that the other aggravating circumstances contained the same error. The Wilson, supra, opinion at p. 688. stated that "the words 'especially heinous, atrocious, or cruel' can mean nearly anything." It is the State's contention that the words used in the other seven aggravating circumstances are not subject to any meaning, nor did the Court in Wilson state that they were.

### 4.

The Arkansas death penalty statutes do not invite an arbitrary and capricious imposition of the death penalty; therefore, the Eighth and Fourteenth amendments are not violated. Even in Miller v. State, 269 Ark. 341, 605 S.W.2d 430 (1980), which is relied on by the Defendant, the Court held that the jury's answers were not arbitrary and capricious.

WHEREFORE, the State of Arkansas respectfully asks that the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,


BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney


### CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION TO HOLD THE SENTENCING PROVISIONS OF THE DEATH PENALTY STATUTE A.C.A. § 5-4-603 (1987) UNCONSTITUTIONAL

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The Defendant's Motion is meritless, as the sentencing scheme has been upheld by the United States Supreme Court and the Arkansas Supreme Court. McClesky v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1974); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

2.

The Arkansas Supreme Court held in Hill v. State, 289 Ark. 387, 713 S.W.2d 233 (1986), that because the sentencing statute does not require a mandatory death sentence but rather establishes criteria which must be strictly met before a death sentence shall be imposed, it is not unconstitutional. Furthermore, even if the jury determines that aggravating circumstances outweigh mitigating circumstances, they are not

FILED

3-8 19 93

CHERYL COCHRAN, CLERK

BY P Conner D.C

169

bound under the Arkansas statutory scheme, A.C.A. § 5-4-603, to return a verdict of death. _Clines v. State,_ 280 Ark. 77, 656 S.W.2d 684 (1983). _See also_ _Williams v. State,_ 274 Ark. 9, 621 S.W.2d 681 (1981). Accordingly the State submits that the sentencing procedure utilized in Arkansas does not suffer from the constitutional infirmities complained of by the Defendant.

3.

The State respectfully submits that no additional jury instruction is necessary or required under current Arkansas law to preserve the constitutionality of A.C.A. § 5-4-603.

WHEREFORE, the State of Arkansas respectfully requests that the Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE
I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                           PLAINTIFF

VS                                    CR-92-360

RAY DANSBY                                                  DEFENDANT

## RESPONSE TO MOTION TO HOLD PROVISIONS OF THE DEATH PENALTY STATUTE, A.C.A. § 5-4-604, ET. SEQ., UNCONSTITUTIONAL

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

It is true that the Arkansas Supreme Court has stated that there is no mandatory appellate review in Arkansas. <u>Franz v. State,</u> 296 Ark. 181, 754 S.W.2d 839 (1988); <u>Collins v. State,</u> 261 Ark. 195, 548 S.W.2d 106 (1977).

2.

The <u>Franz</u> opinion specifically addressed Defendant's argument in regard to the mandatory appellate review discussed in <u>Proffitt v. Florida,</u> 428 U.S. 242 (1976); <u>Gregg v. Georgia,</u> 428 U.S. 153 (1976), and <u>Jurek v. Texas,</u> 428 U.S. 262 (1976), wherein, at page 187, the Arkansas Supreme Court stated; "The idea that in <u>Gregg</u>, <u>Profitt</u>, and <u>Jurek</u>, the United States Supreme Court has held that there must be a mandatory or automatic appeal from the imposition of the death penalty by a State trial court seems to have crumbled with the recent

**FILED**

3 - 8 1993

CHERYL COCHRAN, CLERK

BY ℒ. ℛ_____ D.C.

191

actions of the Court in <u>Gilmore v. State of Utah</u>, **429 U.S.**
1012, 97 S.Ct. 436, 50 L.Ed2d 632 (1976) ...".

3.

The <u>Franz</u> opinion at pages 186-187, also held that the
lack of mandatory appeal does <u>not</u> (emphasis added) render our
law unconstitutional. At page 187, the Arkansas Supreme Court
states:     "We find nothing in any opinion, and certainly no
majority, which supports a holding that there must be either a
mandatory or automatic appeal of a judgment imposing the death
penalty or that there must be appellate review which compares
cases in which the death penalty has been imposed..."

WHEREFORE, the State of Arkansas respectfully asks that
the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE
I, Pat Jackson Compton, do hereby certify that the above
Response has been served on the Defendant by mailing a copy of
the same to Jan Thornton, Attorney for Defendant, at 217 South
Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the
Honorable Judge Bob Shepherd, at the Union County Courthouse,
El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                              PLAINTIFF

VS                          CR-92-360

RAY DANSBY                                     DEFENDANT

### RESPONSE TO MOTION TO HOLD THE PROVISIONS OF THE DEATH PENALTY STATUTE, A.C.A § 5-10-101 (SUPP. 1989) UNCONSTITUTIONAL

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The United States Supreme Court held in <u>Lowenfield v. Phelps</u>, 484 U.S. 231, 108 S.Ct 546, 98, L.Ed. 2d 568 (1988), that while a capital sentencing scheme must genuinely narrow the class of persons eligible for the death penalty and must reasonably justify the imposition of a more severe sentence on the Defendant compared to others found guilty of murder, the narrowing function may be performed by jury findings at either the sentencing phase or guilty phase of a trial.

2.

It is true that the Arkansas Legislature rewrote the capital murder statutory provision of § 5-10-101 (a)(4)(Supp. 1989).

FILED

3-11 19 93

CHERYL COCHRAN, CLERK

BY _____ D.C.

173

3.

The Defendant's argument, regarding the absence of a narrowing or limiting function under Arkansas death penalty statutes is entirely without merit.

4.

In Johnson v. State, 308 Ark. 7, 823 S.W.2d 800 (1992), the Arkansas Supreme Court specifically stated that A.C.A. § 5-4-603 provides for the narrowing function in the penalty phase of the trial.  In addition, the Constitution requires no more than a narrowing of the death eligible class in the penalty phase of a bifurcated trial.  See Lowenfield v. Phelps, supra.

5.

The constitutionality of Arkansas capital sentencing law was upheld in Ward v. State, 208 Ark. 415, 827 S.W.2d 110 (1992) wherein the Arkansas Supreme Court, at page 418, stated that "under Arkansas' revised capital sentencing scheme, the constitutionally required narrowing function is provided by the 'aggravating circumstance' requirement at the penalty phase. Since appellant would not have been eligible for the death penalty in the absence of any aggravating circumstance, we find that the sentencing scheme passes constitutional muster."

WHEREFORE, for the reason stated above, the State respectfully requests that the Defendant's Motion be denied.

individual voir dire approach to jury selection.  In fact, the Court maintains broad discretion in conducting voir dire in capital murder cases.  U.S. vs Bourgeois, 746 F. 2d 401 (Ark. 1984);  Pickens vs. Lockhart, 542 F. Supp. 585, case remanded 714 F. 2d 1455 (1982);  Logan vs State, 300 Ark. 35, 776 S.W. 2d 341 (1989);  Duncan vs. State, 291 Ark. 521, 726 S.W. 2d 653 (1987);  Bernett vs. State, 287 Ark. 158, 697 S.W. 2d 95 (1985).

WHEREFORE, the State of Arkansas respectfully requests that the Defendant's Motion be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,


BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney


CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this _8th_ day of March, 1993.

_Pat Jackson Compton_
Pat Jackson Compton

RESPECTFULLY SUBMITTED,
Tom Wynne,


BY: *Pat Jackson Compton*
Pat Jackson Compton
Chief Deputy Prosecuting Attorney


## CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above Response has been served on the Defendant by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730 and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, Arkansas 71730 on this __11th__ day of March, 1993.

*Pat Jackson Compton*
Pat Jackson Compton

176

A M E N D E D
I N F O R M A T I O N

IN THE UNION COUNTY CIRCUIT COURT

NO. CR-92-360

THE STATE OF ARKANSAS                    INFORMATION FOR

VS                                       CAPITAL MURDER
                                         (2 COUNTS)

RAY DANSBY
DOB - 02/02/60 (B/M)
DOA - 08/24/92

I, Tom Wynne, Prosecuting Attorney within and for the Thirteenth
Judicial Circuit of the State of Arkansas, of which Union County
is a part, in the name and by the authority of the State of
Arkansas, on oath, accuse the defendant, RAY DANSBY of the crime
of CAPITAL MURDER (2 COUNTS) committed as follows, to wit:  The
said defendant on the 24TH DAY OF AUGUST, 1992 in Union County,
Arkansas, did unlawfully, feloniously,

COUNT ONE
Commit the offense of CAPITAL MURDER by having the premeditated
and deliberated purpose of causing the death of another person, he
causes the death of any person;
TO WIT:  On Monday August 24, 1992 at approximately 8:28 A.M. the
defendant went to Brenda Dansby's residence located at 1402 North
Roselawn armed with a .32 caliber handgun, overpowered Ms. Dansby
knocking her to the ground in her front yard, and shot her several
times at close range, resulting in her death.
5-10-101 Class Y Felony

COUNT TWO
Commit the offense of CAPITAL MURDER by having the premeditated
and deliberated purpose of causing the death of another person, he
causes the death of any person;
TO WIT:  On Monday August 24, 1992 at approximately 8:28 A.M. the
defendant went to the residence of his ex-wife located at 1402
North Roselawn and shot Ronny Kimble as he stood at or near the
front of the residence and then followed him through the house
into a back bedroom where he shot Kimble several more times,
resulting in Kimble's death.
5-10-101 Class Y Felony

YL. COCHRAN CLERK
'93 MAR 16  PM 3 05
FILED FOR RECORD
BY

against the peace and dignity of the State of Arkansas.

TOM WYNNE,
Prosecuting Attorney


By: _Pat Jackson Compton_
Deputy Prosecuting Attorney
Union County Courthouse
El Dorado, AR 71730

Subscribed  and  sworn  to  before  me  this  ___16___  day  of
___March___, 1993.


_Cheryl Cochran_
Circuit Clerk


Admit to bond in the sum of $_____


_Pat Conner_
By:   Deputy Circuit Clerk

/

178

MAY TRIAL TERM
March Plea Day 3-30-93

JUDGE SHEPHERD

April 14 - April 16, 1993

Dansby, Ray                    Capital Murder              J. Thornton
92-360

179

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          NO. CR-92-360

RAY DANSBY                                          DEFENDANT

ORDER

On this 30th day of March, 1993, the Court finds that the Defendant's Motion to Allow Defendant to View the Scene of the Crime with his Attorney shall be granted.  Defendant shall be allowed to view the crime scene with his attorney in a manner whereby the law enforcement official cannot hear the discussion. She shall be allowed to take pictures, take measurements and otherwise properly investigate the scene of the alleged crime with the defendant's assistance.

IT IS SO ORDERED.

_____
Bob E. Shepherd, Circuit Judge

FILED

3-30 19 93

CHERYL COCHRAN, CLERK

BY V. Snowden   D C

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                      NO. CR-92-360

RAY DANSBY                                           DEFENDANT

## MOTION IN LIMINE AND MOTION TO SUPPRESS
## ALLEGED CONFESSION OF THE DEFENDANT

The Defendant, Ray Dansby, moves for an order of this court forbidding any reference at trial to an alleged confession which the state contends was made to another inmate at the Union County Jail, and to suppress such alleged confession, and in support thereof states:

1.    It is believed that the state intends to call as a witness in a trial of this case Larry McDuffie, who was an inmate at the Union County Jail at the same time as Ray Dansby.

2.    The Defendant believes that such other inmate was an informant for the state, acting in that capacity at all times, and that he has been, in various ways, rewarded for information that he has been able to illicit from other inmates.

3.    The defendant believes that such other inmate has made statements to the state and to law enforcement agents concerning an alleged confession made by the defendant.  While the defendant denies having made such statements, notwithstanding such denial, the defendant asserts that any use of such statements by the state at a trial of this cause is a violation of the Fifth Amendment to the United States Constitution, as applied to the states through the 14th Amendment thereto.

4.    At the time that such statements were allegedly made to

FILED
3-31 19 93
CHERYL COCHRAN, CLERK
BY _P. Conner_ D.C

181

the informant, the defendant was represented by counsel, and had specifically invoked his privelege against self incrimination. The state cannot utilize informants to elicit confessions from the defendant while he is incarcerated and represented by counsel without a knowing waiver of his rights, no such knowing waiver existing when the state uses surreptitious means such as in this case.

5.   Larry McDuffie should not be allowed to testify concerning statements made to him by the defendant.

6.   The court should suppress any statements made by the defendant to Larry McDuffie.

Therefore, the defendant, Ray Dansby, asks for an order of this court forbidding any reference at trial to any statements obtained from him by fraud and deceit through the use of an informant/inmate at all times acting as an agent of the state.

RESPECTFULLY SUBMITTED,
Ray Dansby

BY: *Jan Thornton*

Jan Thornton
Attorney at Law
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

### CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas  71730  and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the 31st day of March, 1993.

*Jan Thornton*

Jan Thornton

182

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          CR-92-360

RAY DANSBY                                          DEFENDANT

### BRIEF IN SUPPORT OF MOTION

The Defendant, Ray Dansby, has been incarcerated since his arrest for the murder of his ex-wife and her boyfriend. As a result of the discovery process, it has been discovered that the state may attempt to use at trial a statement allegedly made by the defendant to another inmate at the Union County Jail, which statement was obtained without the defendant knowing that such other inmate was a frequent informant for the state, and thereby considered to be an agent of the state.

It has long been settled constitutional law that a person for the police cannot elicit a statement from a defendant after indictment and retaining counsel. Massiah v. United States, 377 U.S. 201, 84 S. Ct. 1199, 12 L. Ed. 2d 246 (1964). An officer cannot pose as a cellmate to obtain information concerning the crime. Milton v. Wainwright, 407 U.S. 371, 92 S. Ct. 2174, 33 L. Ed. 2d 1 (1972). It is a violation of defendant's right to counsel for the police to ask a cellmate to listen for statements of the defendant, to report back to the police, and to then testify at trial as to what the defendant tells him. United States v. Henry, 447 U.S. 264, 100 S. Ct. 2183, 65 L. Ed. 2d 115 (1980).

The state has the burden of showing that any statements made to Larry McDuffie by the defendant were spontaneous statements, and that no action was taken by the state designed to deliberately

FILED

3-31 1993

CHERYL COCHRAN, CLERK

BY P Conner D.C

183

elicit incriminating statements. <u>Kuhlman v. Wilson</u>, 477 U.S. _____, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986).

The defendant believes that Larry McDuffie was a frequent informer for the police as to what was being said by the other inmates. The defendant also believes that he was given special treatment by the police in exchange for his information, thereby clearly making him an agent of the police and the state. By deliberately eliciting incriminating evidence from the defendant, the state was able to attempt to circumvent the defendant's right to counsel to be free from self-incrimination. Any statements obtained from the defendant are, therefore, tainted, having been obtained by fraud and coercion of the worst kind, namely, through deceit and false pretenses.

The state should not be allowed to use the testimony of Larry McDuffie concerning statements made to him by the defendant. In addition, and statements made to him by the defendant should be wholly suppressed, and not admissible for any purpose at a trial of this case.

                    RESPECTFULLY SUBMITTED,
                    Ray Dansby

                    BY: _Jan Thornton_
                    Jan Thornton
                    Attorney at Law
                    217 South Jefferson, Suite 220
                    El Dorado, Arkansas   71730
                    (501) 863-7592

184

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the 31st day of March, 1993.

Jan Thornton



**BOB SHEPHERD**
CIRCUIT AND CHANCERY JUDGE
*Thirteenth Judicial District*
Union County Courthouse
El Dorado, Arkansas 71730

MELINDA B. ATHA
CASE COORDINATOR

REBECCA A. KALDEM
COURT REPORTER

TELEPHONE:
(501) 864-1968

COUNTIES:
CALHOUN    DALLAS
CLEVELAND  OUACHITA
COLUMBIA   UNION

March 31, 1993

Ms. Pat Compton
Deputy Prosecuting Attorney
Union County Courthouse
El Dorado, AR  71730

Ms. Jan Thornton
Attorney at LAW
217 S. Jefferson
El Dorado, AR  71730

  RE:  State of Arkansas vs. Ray Dansby
    Union County Circuit Court No. CR-92-360

Dear Counsel:

Please be advised that the Defendant's Motion to Suppress Alleged
Confession of Defendant will be heard along with the other pending
motions, as previously scheduled, on Tuesday, April 6, 1993, in the
Circuit Courtroom, Union County Criminal Justice Facility.

Sincerely,

Bob Shepherd
Circuit Judge

BES/ma

cc:  Ms. Cheryl Cochran, Circuit Clerk

FILED
4-1-19 93
CHERYL COCHRAN, CLERK
BY _____ D.C.

186

RECEIVED

'93 MAR 30  PM 3 01

BY _____ D.S.

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

STATE OF ARKANSAS                                    PLAINTIFF

VS.                              NO. CR-92-360

RAY DANSBY                                           DEFENDANT

ORDER

ON THIS 30th day of March, 1993, the Court finds that the
Defendant's Motion to Allow Defendant to View the Scene of the
Crime with his Attorney shall be granted. Defendant shall be
allowed to view the crime scene with his attorney in a manner
whereby the law enforcement official cannot hear the discussion.
She shall be allowed to take pictures, take measurements and
otherwise properly investigate the scene of the alleged crime with
the defendant's assistance.

IT IS SO ORDERED.

1402 Roseblown

Bob E. Shepherd, Circuit Judge

FILED
3-30 19 93
CHERYL COCHRAN, CLERK
BY V Snowder  D.C

Rec'd FILED
4-6 19 93
CHERYL COCHRAN, CLERK
BY V Snowd

181

**STATE OF ARKANSAS**
County of Union

on the 6 day of April 19 92
I have duly served the within writ by
delivering a true copy, and stating the
substance thereof, to the within named.

A I Am Hereby Commanded
HUEY HAVARD, SHERIFF

By _____ Deputy

Service _____ $_____
Mileage _____ $_____
Return _____ $_____
Total _____ $_____

188

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS
FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS.                          NO. 92-360

RAY DANSBY                                           DEFENDANT

### MOTION FOR IN-CAMERA
### DETERMINATION OF COMPETENCE OF WITNESS

Comes now the Defendant, Ray Dansby, by and through his attorney, Jan Thornton, and for his motion states:

1.   The defendant is charged in this court with the offense of Capital Murder; a jury trial is set for April 14, 1993.

2.   An alleged eyewitness to this offense is Justin Dansby, the defendant's eight year old son, whose competency to testify will be an issue in this case.

3.   The issue of competency of a witness is a question addressed to the discretion of the trial court, Fields v. State, 255 Ark. 540, 502 S.W.2d 480 (1973), Payne v. State, 177 Ark. 413, 6 S.W.2d 832 (1982).

4.   The competency of a witness can be determined through a voir dire of the witness to decide, among other things, the witness' understanding of his duty to tell the truth, his knowledge of the circumstances and his ability to communicate them adequately.  Defense counsel has been apprised that Justin Dansby may have learning, mental or attentional difficulties.

5.   To avoid the possibility of undue prejudice to the defendant, it is his contention that such preliminary voir dire should be conducted outside the hearing of the jury; since it is the court who must determine initially whether Justin Dansby is a



FILED
4-5 19 93
CHERYL COCHRAN, CLERK
BY

189

competent witness, it would be the better practice to make that determination before Justin Dansby is permitted to take the witness stand.

WHEREFORE, the defendant prays that prior to the time that Justin Dansby be called to the stand to give testimony, that the court conduct its preliminary determination of the witness' competency in camera.  Further, Defendant request that this Court order the release of Justin Dansby's school and medical records to the Defendant so that he may adequately prepare for and challenge this witness' competency.

RESPECTFULLY SUBMITTED,
Ray Dansby

BY: _Jan Thornton_____
Jan Thornton
Attorney at Law
217 South Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for Defendant, do hereby certify that a copy of the foregoing was forwarded to Pat Jackson Compton, Chief Deputy Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas  71730 and the Hon. Bob E. Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas  71730 on this the 9th day of April, 1993.

_Jan Thornton_____
Jan Thornton

190

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                    PLAINTIFF

VS                              CR-92-360

RAY DANSBY                                           DEFENDANT

## RESPONSE TO MOTION IN LIMINE AND MOTION TO SUPPRESS ALLEGED CONFESSION OF THE DEFENDANT

Comes now the State of Arkansas, by and through the Prosecuting Attorney, Tom Wynne, and for its Response states;

1.

The State of Arkansas does intend to call Larry McDuffie as a witness in the trial of Ray Dansby.  Mr. McDuffie's transcribed statement has been a part of the State's file for months and has been provided to the Defendant.

2.

The Defendant Ray Dansby moved into Larry McDuffie's jail cell of his own volition and initiated the conversation with Larry McDuffie.

3.

There is no truth to the Defendant's allegation that Larry McDuffie has been rewarded for information he has received from other inmates, nor are there any facts to support the allegation that Larry McDuffie has ever received information from any inmate other than Ray Dansby.

FILED

4 - 5  19 93

CHERYL COCHRAN, CLERK

BY _____ D.C

191

4.

The Defendant's confession to Larry McDuffie was totally voluntary. The Defendant's contention that the State used Mr. McDuffie to illicit a confession from the Defendant is totally without merit. The State recognizes that such solicitation would have been improper.

5.

The State does not disagree with defense counsel's recitation of the law in this area. However, it is the State's position that no argument as to the applicable law will be necessary since there are absoutely no facts to support the allegation.

WHEREFORE, the State respectfully submits that the Motion in Limine and Motion to Suppress Alleged Confession of the Defendant be denied.

RESPECTFULLY SUBMITTED,
Tom Wynne,

BY: _Pat Jackson Compton_
Pat Jackson Compton
Chief Deputy Prosecuting Attorney

CERTIFICATE OF SERVICE

I, Pat Jackson Compton, do hereby certify that the above response has been served on the Defendant, by mailing a copy of the same to Jan Thornton, Attorney for Defendant, at 217 South Jefferson, Suite 220, El Dorado, Arkansas 71730, and to the Honorable Judge Bob Shepherd, at the Union County Courthouse, El Dorado, AR 71730, on this _5th_ day of April, 1993.

_Pat Jackson Compton_

IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS

FIRST DIVISION

STATE OF ARKANSAS                                      PLAINTIFF

VS.                          NO. CR-92-360

RAY DANSBY                                            DEFENDANT

<u>AMENDED MOTION FOR CONTINUANCE</u>

COMES NOW THE DEFENDANT, Ray Dansby, and for his Amended Motion for Continuance states:

1.   On September 4, 1992, defendant was charged by felony information with Capital Murder (2 counts).

2.   On or about August 25, 1993, the Court appointed the public defender, Jan Thornton, to represent Mr. Dansby on his felony charges.

3.   In <u>Mincy v. State</u>, 19 Ark. App. 80, 717 S.W.2d 213 (1986), the Arkansas Court of Appeals set out several factors to be considered in determining whether a continuance should be granted. These include:

   a.   Whether other continuances have been requested and granted;

   b.   The length of the requested delay;

   c.   Whether the requested delay is for legitimate reasons;

   d.   Whether the motion for continuance was timely filed;

   e.   Whether the defendant contributed to the circumstances giving rise to the request for the continuance;

   f.   Whether the request is consistent with the fair, efficient and effective administration of justice; and



FILED 4-6 19 93
CHERYL COCHRAN, CLERK
BY [signature] D.C.

193

g.   Whether denying the continuance resulted in identifiable prejudice to the defendant's case of a material and substantial nature.

4.   In the case at bar

a.   A motion for continuance was originally and timely filed March 1, 1993; no order has been entered either granting or denying said request;

b.   The defense requests a 30-day continuance;

c.   Said request is reasonable considering the complexity of the case and tardiness with which the State is complying with discovery even though the defense motion for discovery was filed October 22, 1992 and the Court's order was filed the same day;

d.   The defendant has not contributed to the circumstances giving rise to the request for continuance;

e.   The request is consistent with the fair, efficient and effective administration of justice in that the State has been tardy in providing the defense with all legally required discovery, to wit:

1).   The Arkansas State Crime Lab gun shot residue report which contains exculpatory evidence was not provided to the defense until a specific request was made for same after investigation at the Arkansas Crime Lab revealed that such a report existed;

2).   Additionally, despite a request by defense counsel, the Arkansas Crime Lab refused to release the report

2

194

indicating that the report would have to be obtained through the prosecuting attorney's office;

3). Further, as of April 5, 1993, the prosecuting attorney was denying that her confidential informant, Larry McDuffie, had any criminal record, defense counsel has since learned that this is a blatant untruth;

4). Because this witness' testimony could be extremely prejudicial to the defendant, defense counsel has an absolute right to any and all evidence which could be used to impeach;

5). Moreover, the defense has requested that the State provide the content of any deals made with Larry McDuffie before or after his conversation with Ray Dansby;

6). Also, through conversations with an El Dorado Police Officer, the defense has learned that Larry McDuffie has had prior dealings as an informant;

7). Through conversations with defense counsel, the prosecuting attorney has indicated that Larry McDuffie was scheduled to testify at a certain drug trial but was not called to court when the case was settled; despite repeated requests, the prosecuting attorney refuses to disclose any of the facts of this case or even the name of the case;

8). In addition, the State has had in its possession for at least a week four El Dorado Police files on prior legal altercations between Ray Dansby and Brenda Dansby, said files were not revealed to the defense until last week and were not made

3

195

available to the defense until April 5, 1993;

9). State Crime Lab ballistic report was only completed by the Crime Lab on March 19, 1993, and provided to the defense sometime last week;

10). A second State Crime Lab ballistic report was only completed by the Crime Lab on March 25, 1993, and provided to the defense sometime last week;

g. Denying the continuance will result in identifiable prejudice to the defendant's case of a material and substantial nature in that the defense has not had adequate time to evaluate and further investigate the evidence provided by the State with the last 10 days.

WHEREFORE, the defendant Ray Dansby prays that he be granted a 30-day continuance to permit defense counsel to represent him adequately and prevent gross prejudice.

RESPECTFULLY SUBMITTED,
RAY DANSBY

By:  *Jan Thornton*

Jan Thornton
Attorney for Defendant
217 S. Jefferson, Suite 220
El Dorado, Arkansas  71730
(501) 863-7592

## CERTIFICATE OF SERVICE

I, Jan Thornton, attorney for the defendant, do hereby certify that a copy of the foregoing motion was forwarded to Pat Jackson Compton, Chief Prosecuting Attorney, Union County Courthouse, El Dorado, Arkansas 71730 and the Hon. Bob Shepherd, Circuit/Chancery Judge, Union County Courthouse, El Dorado, Arkansas, on the 6th day of April, 1993.

*Jan Thornton*

Jan Thornton

4

196