```
                IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                         EL DORADO DIVISION
```

RAY DANSBY                                                PETITIONER


        V.              Civil No. 03-CV-1146


LARRY NORRIS, Director,

Arkansas Department of corrections                        RESPONDENT


### **O R D E R**

An evidentiary hearing is schedule for September 20, 2005. The Court has currently received a Proposed Witness List, from Respondent, Larry Norris. Prior to this filing, the Court addressed two letters to both parties, directing the need for the witness list to be provided in a timely manner. As of this date, six days prior to the scheduled hearing, there has been no filing by Petitioner addressing potential witnesses. Petitioner shall immediately provide the Court and Respondent a proposed witness list. At the September 20, 2005, hearing, the Court shall be advised why the proposed witness list was not provided as directed.

The Court also in its previous order, of November 22, 2004, which granted an evidentiary hearing, indicated that it would receive evidence on the Claim I[1] (Confrontation Clause Claim). The Petitioner, in it Motion for Judgement on the

---

[1] Claim I is the number of the claim at issue in the first amended petition; the claim is renumbered Claim II in the second amended petition.

Pleadings, regarding Claim II[2] (Confrontation Clause Claim), concedes that the necessary facts were present in the pleadings/record for the Court to conduct an adequate inquiry. In view of this concession, the Court amends its previous order granting an evidentiary hearing on Claim I. The Court finds the motion for an evidentiary hearing on Claim I (Confrontation Clause Claim) of the amended petition is denied.

Furthermore, the Court recognizes that Claim III (*Batson* Claim) involves only an issue of procedural default and the evidentiary hearing regarding Claim III will be limited to the procedural default issue.

Three motions are now before the Court, a request for discovery and request for a postponement of the hearing on Claim IX (Ineffective Assistance of Counsel Claim) filed by Petitioner and a continuance filed by Respondent.

On September 1, 2005, Petitioner filed a Motion for Leave to Conduct Discovery. In their Response dated September 12, 2005, Respondent opposes the majority of the requests as over burdensome and irrelevant. Petitioner requests leave to conduct discovery on two claims, both set to be heard on September 20, 2005. The United States Supreme Court has clearly stated that a "habeas petitioner . . . is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Yet, district courts retain the ability to order discovery "when it would help the court

---

[2]*Id.*

2

make a reliable determination with respect to the prisoner's claims." *Herrera v. Collins*, 506 U.S. 390, 444 (1993) Blackman, J. dissenting on other grounds) (quoting *Harris v. Nelson*, 394 U.S. 286, 299-300 (1969). However, he fails to meet the requirement of "good cause" to order discovery. *See 28 U.S.C. § 2254 Rule 6(a)* (stating that a party is entitled to discovery "for good cause shown. . . but not otherwise.")

Petitioner has conceded, in both the current motion and a previously filed Motion for Judgement on the Pleadings as to Claim II (Confrontation Clause Claim)of the Petitioner's Amended Petition[3] that the facts he is seeking to "discover" are not necessary to his claim. Therefore, he is not entitled by law to discovery of Claim I (in this instance, Claim I and Claim II are identical claims, there are differently numbered in the several supplemental and amended petitions).

Petitioner also seeks to conduct discovery on Claim III (*Batson* Challenge Claim). This discovery request appears to be no more than a "fishing expedition." Petitioner's requests for documents are so broad as to render the request unreasonable and not reasonably related to the issues involved. Nonetheless, in light of the Court's above order limiting the hearing on Claim III to the procedural default issue, Petitioner's discovery request is mooted. Petitioner's Motion for Leave to Conduct Discovery is Denied.

Additionally, Petitioner has filed a motion to postpone the hearing on Claim IX (Ineffective Assistance of Counsel

---

[3]*Id.*

3

Claim), citing a previous misunderstanding as to which issues could be presented at the hearing. Judicial economy will not be met by having two separate hearings. All granted issues will be heard at the same time and Petitioner's motion to postpone one of five granted issues is Denied.

Also before the Court is Respondent's unopposed Motion for Continuance. However, if Petitioner is not permitted to call any witnesses other than Judge Van Hook, Mr. Barker and Mr. Taylor, and withdraws from the severance motion, Respondent will not request a continuance.

The evidentiary hearing has been continued on two previous occasions. The Court has reservations about any further, unnecessary delay. Respondent will be provided the necessary information to prepare for witnesses called at the hearing or this issue will be addressed further at the scheduled hearing. Respondent's Motion for Continuance is Denied for the present.

IT IS SO ORDERED THIS 12th day of September 2005.

    /s/ Robert T. Dawson
Robert T. Dawson
United States District Judge