IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


RAY DANSBY                                          PETITIONER

     V.                    Civil No. 03-CV-1146

RAY HOBBS, Interim Director,
Arkansas Department of
Correction[1]                                       RESPONDENT


## O R D E R

Currently before the Court is Petitioner's Motion for Certificate of Appealability. (Doc. 92). For the reasons stated in this Order, Petitioner's motion is **GRANTED** in part and **DENIED** in part.

On July 22, 2010, this Court denied Petitioner's Petition for Writ of Habeas Corpus. (Doc. 65). After due consideration, the Court then denied Petitioner's motion to alter/amend the Judgment. (Doc. 71). Petitioner now is seeking a Certificate of Appealability on all twenty-six claims made in his Petition. Essentially, the Court previously found Plaintiff's claims fell into one of two groups, those procedurally defaulted, and those viewed on the merits.

**Procedurally Defaulted Claims**

When a claim is denied on procedural grounds, the petitioner

---

[1] The Court has been advised that the previously named Respondent, Larry Norris, retired from his position as director of the Arkansas Department of Correction on January 4, 2010, and that Ray Hobbs is now serving as interim director. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court is hereby directed to substitute Ray Hobbs in the stead of Larry Norris as respondent in the above-styled case.

AO72A

must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Eighth Circuit Court of Appeals applies three rules to determine whether a certificate of appealability was properly issued:

> 1) if the claim is procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

*Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (construing and citing *Slack*,529 U.S. at 484-85).

In the case at bar, the majority of Petitioner's claims were found to be procedurally defaulted.  Specifically Claims 2, 3, 4, 7, 9, 10, 11, 12, 13, 17, 19, 21, 23, 24, 25, 26, and part of Claims 5, 14 and 15 were dismissed as having a procedural default which was not cured or excused.  Claim 5 was held to be procedurally defaulted except for the claim that counsel was ineffective in failing to seek suppression of Petitioner's statement to the police.  Claim 14 was held to be procedurally defaulted except for Petitioner's claim there was not sufficient evidence presented to establish that Petitioner caused the deaths of Brenda Dansby and Ronnie Kimble in a premeditated and deliberate manner.  Claim 15 was an ineffective assistance of counsel claim, which was found to be procedurally

AO72A

defaulted except for the issues of trial counsel talking to witnesses and presenting that testimony.

In each of these claims stated above, the procedural default was clear, and under *Khaimov*, the certificate should not issue.

**Remaining Claims**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 894 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484; *Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003).

The remaining claims for the Court to consider in the Motion for Certificate of Appealability are Claims 1, 6, 8, 14, 15, 16, 18, 20, and 22, as well as part of Claims 5, 14, and 15. Under the standard set-out above, the Court finds a certificate of appealability should issue for Claim 1, as reasonable jurists could debate Petitioner's

3

AO72A

claim of innocence.

Claim 5, as noted above, was denied in part on procedural grounds. However, Petitioner presented his claim that counsel was ineffective in failing to seek suppression of Petitioner's statement to the police to the state court. We held that portion of Claim 5 was not procedurally defaulted, but that on the merits, the Arkansas Supreme Court's opinion was not contrary to or an unreasonable application of federal law. Specifically, this Court concluded Petitioner failed to show deficient representation or prejudice from such representation. Reasonable jurists could not debate the issue.

Claim 6 is Petitioner's claim that his Fifth, Eighth, and Fourteenth Amendment rights were violated by improper testimony and comment on Petitioner's post-arrest silence. The comments at issue were found by the Arkansas Supreme Court to be explanations as to why a tape-recording of Petitioner's statement to police did not exist, rather than impermissible comment upon Petitioner's post-arrest silence. Moreover, the Petitioner refused the trial judge's offer to admonish the jury regarding the permissible considerations for the testimony by the police on this subject. This Court found the Arkansas Supreme Court's rationale was neither contrary to nor an unreasonable application of clearly established federal law. However, this Court also finds that reasonable jurists could debate this issue, and the certificate should issue for Claim 6.

Claim 8 is Petitioner's claim his rights were violated by the process utilized to select and impanel the jury by which he was

4

tried.  This argument was presented to the Arkansas Supreme Court, which found Petitioner's claim should be denied because it was not preserved for appeal and Petitioner failed to raise and/or sufficiently develop the allegation at trial.  This Court found Claim 8 of the Petition was decided on an adequate and independent state ground; specifically the state court determination the claim was lost by default.  Thus, no certificate of appealability should issue.

Claim 14 was procedurally defaulted in part, except Petitioner's claim there was not sufficient evidence presented to establish that Petitioner caused the deaths of Brenda Dansby and Ronnie Kimble in a premeditated and deliberate manner.  This Court finds a certificate of appealability should issue as to this portion of Claim 14.

Claim 15 is Petitioner's claim that his trial counsel was ineffective because trial counsel did not talk to witnesses and present any resulting testimony.  The Arkansas Supreme Court held that Petitioner failed to demonstrate what other witnesses should have been called and what their testimonies would have been.  This Court gave the Arkansas Supreme Court's decision the required presumption of correctness, and found Petitioner failed to rebut this presumption.  Moreover, this Court held Petitioner failed to show how the decision of the Arkansas Supreme Court was contrary to, or involved an unreasonable application of clearly established law.  This Court further finds no certificate of appealability should issue on Claim 15.

Claim 16 is Petitioner's claim that the admission into evidence

5

of the transcript of Brenda Dansby's (one of Petitioner's victims) prior testimony violated Petitioner's Sixth, Eighth, and Fourteenth Amendment rights.  The trial court allowed into evidence a transcript of testimony by Brenda Dansby in a 1985 revocation hearing regarding probation for Petitioner after a previous false imprisonment conviction.   This testimony was used to support one of the aggravating factors for a capital murder conviction.   Petitioner argued the transcript was too remote in time to the murder charges. The Arkansas Supreme Court found the evidence was proper under Arkansas Rule of Evidence 804(a)(4) and Arkansas Code § 5-4-604 (3). This Court found the Arkansas Supreme Court's ruling was neither contrary to, nor an unreasonable application of federal law. Additionally, this Court relied upon binding Eighth Circuit precedent that recounted robbery convictions from twenty-three years prior as proper support for aggravating circumstance to warrant capital punishment.  The Court does not find a certificate of appealability should issue on this claim.

Claim 18 is Petitioner's claim that his death sentences were imposed by a jury that arbitrarily refused to consider the mitigating evidence that was presented.  The Arkansas Supreme Court followed the United States Supreme Court precedent in *Penry v. Lynaugh*, 493 U.S. 302 (1989), which this Court held was neither contrary to clearly established federal law, nor an unreasonable application of law to the facts.  As *Penry* is also binding precedent on this Court, the Court finds no certificate of appealability should issue regarding

6

AO72A

Claim 18.

Claim 20 is Petitioner's claim the Arkansas Supreme Court's method of proportionality review violates the constitution. Under Eighth Circuit precedent, there is no requirement to look behind a state supreme court's conclusion that a death sentence was not disproportionate to consider the manner in which the court conducted its review or whether the court misrepresented the state statute. *See Bannister v. Delo*, 100 F.3d 610, 627 (8th Cir. 1996). Accordingly, no certificate for appealability should issue regarding Claim 20.

Finally, Claim 22 is Petitioner's claim that the sentencing provisions of the Arkansas capital murder statute violated the constitution. Similar claims have survived constitutional challenges, and under this binding precedent of the Eighth Circuit Court of Appeals, Petitioner's claims were dismissed. See *Singleton v. Lockhart*, 962 F.2d 1315, 1323 (8th Cir. 1992). Accordingly, no certificate of appealability should issue regarding Claim 22.

**Conclusion**

For the forgoing reasons, Petitioner's Motion for Certificate of Appealability (Doc. 92) is GRANTED in part and DENIED in part. The certificate of appealability is granted for Claim 1, Claim 6, and for Claim 14, to the extent that it alleges there was not sufficient evidence presented to establish that Petitioner caused the deaths of Brenda Dansby and Ronnie Kimble in a premeditated and deliberate

7

manner.  The certificate is denied for all other claims.

IT IS SO ORDERED this 30th day of April 2010.

/S/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A