IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAY DANSBY                                                          PETITIONER

v.                                    Case No. 1:03-cv-1146

DEXTER PAYNE, Director,
Arkansas Department of Correction                                  RESPONDENT

## ORDER

Before the Court is Petitioner's Motion to Appoint Counsel. ECF No. 181. Petitioner seeks appointment of the Missouri Capital Habeas United to assist the undermanned Arkansas Capital Habeas Unit in representing Petitioner "in his federal habeas corpus, clemency, and ancillary legal proceedings."

Upon review, the Court finds that Defendant has failed to show why appointment of counsel is necessary. The Eighth Circuit previously issued its mandate in this matter and instructed this Court to "dismiss the second amended petition for writ of habeas corpus." ECF No. 177, p. 21. The Court subsequently entered its Order (ECF No. 178) dismissing Petitioner's Second Amended Petition for Habeas Corpus (ECF No. 25). In that Order, the Court noted that dismissal of Petitioner's Second Amended Petition functioned as a dismissal of the entire matter, as Petitioner's two Third Amended Petitions (ECF Nos. 114 & 142) only addressed claims already within the Second Amended Petition. ECF No. 178, n.1. Petitioner's renewed Third Amended Petitioner explicitly stated:

> Mr. Dansby now files this Third Amended Petition, which is substantively identical
> to the Third Amended Petition filed in 2012. The Third Amended Petition neither
> adds new claims nor attempts to reassert claims rejected by the Eighth Circuit.

Rather, Mr. Dansby only seeks to clarify, narrow, and supplement the two claims

that the court of appeals remanded to this Court for further consideration.

ECF No. 142, p. 11.

Petitioner's Third Amended Complaint also explicitly requested that "the Court consider

his Second Amended Petition as the operative pleading for the remainder of his claims." Id. at p.

11 n.2. Again, the Eight Circuit directed this Court to dismiss that Second Amended Petition.

ECF No. 177, p. 21. Petitioner later submitted a petition for a writ of certiorari (ECF No. 179),

which the Supreme Court denied (ECF No. 180). Therefore, the Court views this matter as being

substantively completed and closed. Petitioner's instant motion does not articulate what specific

matters remain for further development that would necessitate the requested appointment of

counsel.

Accordingly, the Court finds that Petitioner's Motion to Appoint Counsel (ECF No. 181)

should be and is hereby **DENIED**. Petitioner may renew his request in a motion that specifies

what issues have not been foreclosed by the Eighth Circuit's ruling in this matter.

**IT IS SO ORDERED**, this 13th day of March, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge