THIS IS A CAPITAL CASE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**RAY DANSBY,**                                                                   **PETITIONER**

V.                **CASE NO. 1:03-cv-01146-SOH**

**DEXTER PAYNE, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION,**                                           **RESPONDENT**

**RENEWED MOTION FOR APPOINTMENT AS COUNSEL**

Now comes Petitioner Ray Dansby, by and through the undersigned counsel, and renews the request for this Court to appoint counsel on his behalf pursuant to 18 U.S.C. § 3599. This statute requires that persons sentenced to death but financially unable to obtain representation have adequate legal representation not only in proceedings brought under 28 U.S.C. § 2254, but also in "every subsequent state of available judicial proceedings," including state clemency and any potential ancillary state proceedings. 18 U.S.C. § 3599(e); *Harbison v. Bell*, 556 U.S. 180, 188 (2009).

The Court has denied without prejudice the request of the MO-CHU to enter into this case. Doc. No. 182. The declaration supporting Mr. Dansby's initial request documented the significant turnover in the ARK-CHU, resulting in a complete loss of institutional memory specific to Mr. Dansby's case, and that the

1

ARK-CHU is short-staffed such that outside counsel is necessary to adequately represent Mr. Dansby. Doc. No. 181-1. Accordingly, the ARK-CHU received from Defender Services authorization to seek the assistance of the MO-CHU, and Chief Judge Smith indicated that he had no questions or concerns about the potential representation of Mr. Dansby by the MO-CHU. Because of concern that the MO-CHU failed to adequately connect for the Court the critical representation situation in Mr. Dansby's case to the requirements of § 3599(e) and *Harbison*, this renewed motion is respectfully submitted.

Although the ARK-CHU was appointed under § 3599(e) and therefore would have continued to represent Mr. Dansby throughout every subsequent judicial proceeding, the ARK-CHU can no longer provide adequate legal representation of Mr. Dansby in the form of an attorney. Thus, the requested appointment of counsel is necessary to ensure that Mr. Dansby has adequate legal representation throughout clemency and any other judicial proceeding available to him.

18 U.S.C. § 3599(e) provides:

> **[E]ach attorney so appointed shall represent the defendant throughout every subsequent state of available judicial proceedings, including** pretrial proceedings, trial, sentencing, motions, new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, **and shall also represent the**

**defendant in** such competency proceedings and **proceedings for executive or other clemency as may be available to the defendant**.

(emphasis added).

Under § 3599, "[h]abeas petitioners facing execution now receive counsel as a matter of right, not an exercise of the court's discretion." *Martel v. Clair*, 565 U.S. 648, 659 (2012). The statute's use of "shall" regarding clemency or other available judicial proceedings necessarily extends counsel's representation to matters after the initial proceedings before this Court. *Harbison*, 556 U.S. at 188. Thus, under this statute, this Court must ensure that persons sentenced to death but financially unable to obtain representation have adequate legal representation not only in proceedings brought under 28 U.S.C. § 2254, but also state clemency and any potential ancillary state proceedings.

Nothing in the plain language of the statute differentiates between the entitlement to the assistance of § 3599 counsel in "habeas corpus proceedings" and in clemency or ancillary proceedings. Clemency is not simply a matter of mercy, but is "the 'fail safe' in our criminal justice system." *Harbison*, 556 U.S. at 192 (quoting *Herrera v. Collins*, 506 U.S. 390, 415 (1993)). "It is entirely plausible that Congress did not want condemned men and women to be abandoned by their counsel at the last moment and left to navigate the sometimes labyrinthine clemency process from their jail cells." *Harbison*, 556 U.S. at 194 (quoting *Hain v.*

3

*Mullin*, 436 F.3d 1168, 1175 (10th Cir. 2006) (en banc) (internal quotations omitted)).

As the Eighth Circuit has held, in an opinion by Judge Loken addressing the predecessor to § 3599, 21 U.S.C. § 848, "[t]he plain language of § 848(q) evidences a congressional intent to insure that indigent state petitioners receive 'reasonably necessary' competency and clemency services from appointed, compensated counsel." *Hill v. Lockhart*, 992 F.2d 801, 803 (8th Cir. 1993). The same logic applies to each of the statutorily enumerated steps in the process leading from trial through clemency. *Battaglia v. Stephens*, 824 F.3d 470, 474 (5th Cir. 2016) (per curiam).

Through § 3599(e), Congress has addressed this Court's expressed concern that appointment of counsel is unnecessary now that the initial habeas matter has concluded in federal court by showing that the appointment motion is not about what is or is not still available in federal court; instead, it is about the continuing need for counsel throughout every subsequent stage of representation, including potential ancillary state procedures or clemency. Section 3599(e) ensures that the right to counsel remains unrestricted, unobstructed, and available until the execution of sentence. *Harbison*, 556 U.S. at 186-87; *Battaglia*, 824 F.3d at 474 (finding that in *Harbison*, "the Supreme Court held that attorneys appointed under § 3599 are obligated to represent their clients in state clemency proceedings, and

4

expressly rejected the government's argument that § 3599 'is intended to furnish representation only in federal proceedings and that all proceedings listed in subsection (e), including clemency proceedings, should be understood to be federal.'" (quoting *Harbison*, 556 U.S. at186-87)).

This Court correctly found Mr. Dansby to be indigent. Doc. No. 5. This Court correctly did not contest that the MO-CHU is otherwise qualified under 18 U.S.C. §§ 3599(c) or (d). Further, this Court did not challenge the ARK-CHU's determination that they cannot provide any attorney to represent Mr. Dansby.

A denial of counsel's appointment would create a circumstance leaving Mr. Dansby without counsel. This would lead to a contravention of § 3599(e), where counsel must represent the defendant throughout "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures," and "*proceedings for executive or other clemency*." 18 U.S.C. § 3599(e) (emphasis added).

WHEREFORE, Petitioner Ray Dansby respectfully renews his request to this Court to appoint the MO-CHU as counsel with the ARK-CHU pursuant to 18 U.S.C. § 3599(e) and *Harbison*, 556 U.S. at 185.

Date:   March 20, 2024

                                                   Respectfully Submitted,

                                                   /s/ Laurence E. Komp
                                                 LAURENCE E. KOMP (Mo. 40446) - PHV

Federal Public Defender
Western District of Missouri
1000 Walnut Street, Suite 600
Kansas City, MO 64106
816-471-8282
laurence_komp@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2024, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing and its viewing and downloading are hereby provided to all counsel of record by cooperation of the CM/ECF system.

<u>/s/ Laurence E. Komp</u>
LAURENCE E. KOMP (Mo. 40446)